UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TESTING TECHNOLOGIES, INC.

    Plaintiff,

v.

MO MEDIA LLC.

    Defendant.

---

BRIEANT

COMPLAINT

CIVIL ACTION NO.

**07 CIV. 7360**

    Plaintiff TESTING TECHNOLOGIES, Inc. ("TESTING TECHNOLOGIES"), by its attorneys Zeccola & Selinger, LLC as and for its Complaint against defendants MO MEDIA LLC ("MO-MEDIA"), alleges as follows:

### NATURE OF ACTION

    1.    This is an action for damages predicated upon false advertising and deceptive business practices in violation of federal and state law. In advertisements specifically targeted to students who are seeking entrance into schools and courses of higher learning, including those within this district, MO MEDIA falsely represented that their products and services have qualities that can not be substantiated.

    2.    MO MEDIA's false advertisements are causing TESTING TECHNOLOGIES immediate and irreparable harm. Once customers purchase products from MO MEDIA they will not tend to purchase products from TESTING TECHNOLOGIES as they are competing products.

### PARTIES

    3.    Plaintiff TESTING TECHNOLOGIES is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Wilton, Connecticut. TESTING TECHNOLOGIES is in the business of preparing and

distributing, among other items, test preparation materials for the Graduate Management Admission Test (GMAT), the Graduate Record Examination (GRE) and the Law School Admission Test (LSAT) to customers around the world.

4. Upon information and belief, defendant MO MEDIA is a limited liability company organized under the laws of the State of Texas with its principal place of business in Beaumont, Texas. Upon information and belief, MO MEDIA develops, produces and retails test preparation products to test-takers all over the world. Upon information and belief, MO MEDIA markets its services throughout the United States, including in the State of New York and has specific products exclusive to New York residents.

5. MO MEDIA transacts substantial business within this district and is a direct competitor of TESTING TECHNOLOGIES and other companies that sell these types of products and services.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States); 15 U.S.C. § 1121(a) (action arising under the Lanham Act); 28 U.S.C. § 1367 (supplemental jurisdiction); and 28 U.S.C. § 1338(a). In addition, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), in that this action is between citizens of different states, and the amount in controversy exceeds $75,000.

7 Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claims occurred within this district.

## FACTS

### TESTING TECHNOLOGIES' Products and Services

8. TESTING TECHNOLOGIES offers test preparation materials for the Graduate Management Admission Test (GMAT), the Graduate Record Examination

(GRE) and the Law School Admission Test (LSAT) to customers across the country. Its products are sold almost exclusively through the internet.

9. MO MEDIA offers many of its GMAT, GRE and LSAT test preparation products. Among its other activities, MO MEDIA targets students and residents of the State of New York through two web sites. One is at http://www.mo-media.com/nystce which is for New York State Teacher Certification Examinations (NYSTCE) and the other is at http://www.mo-media.com/cuny/ which targets students trying to become admitted to the City University of New York (CUNY).

### MO MEDIA's False Advertising Campaign

10. MO MEDIA has made false claims regarding the qualities of its products.

11. During the past year MO MEDIA had on one of its web pages, "Are you interested in the only GMAT test study guide written by ACTUAL Graduate Management Admissions Test experts." That is false and, therefore, MO MEDIA can not substantiate that theirs is the only GMAT test study guide written by ACTUAL Graduate Management Admissions Test experts.

12. During the past year MO MEDIA had on one its web pages, "Our original research into the GMAT reveals specific weaknesses never before discovered." That statement is false and, therefore, MO MEDIA can not substantiate that they have discovered GMAT weaknesses.

13. During the past year MO MEDIA had on one its web pages, "and it's all available for less than the retail price of the rest of the filler-packed GMAT test prep study guides on the market." That statement is false and, therefore, MO MEDIA can not substantiate it.

14. During the past year MO MEDIA had on one its web pages, "We maintain a full time research staff, all of whom are nationally recognized experts on

standardized testing AND (more importantly) have years of experience in cracking the code of the toughest exams." That statement is false and, therefore, MO MEDIA can not substantiate it.

15. During the past year MO MEDIA had on one its web pages, "As the research team went to work, we were initially discouraged, since academic studies have revealed that students do not really benefit from traditional study guides and test-prep courses." That statement is false and, therefore, MO MEDIA can not substantiate it.

16. During the past year MO MEDIA had on one its web pages, "any student, at any skill level or GMAT score, to improve his or her score dramatically with a minimum of effort." That statement is false and, therefore, MO MEDIA can not substantiate it.

17. During the past year MO MEDIA had on one its web pages, "Most of the guides on the market are nothing but 30 pages of instructions and 200 pages of useless unofficial practice tests." That statement is false and, therefore, MO MEDIA can not substantiate it.

18. During the past year MO MEDIA had on one its web pages, "Our guide is the only product on the market that addresses the difference between merely knowing where to find scholarships and how to get them." That statement is false and, therefore, MO MEDIA can not substantiate it.

19. During the past year MO MEDIA had on one its web pages, "Our guide is the only product on the market that addresses the difference between merely knowing the material and knowing how to use the material to perform on test day." That statement is false and, therefore, MO MEDIA can not substantiate it.

20. During the past year MO MEDIA had on one its web pages, "Secrets to questions that "give away" wrong (or right) answers- You get credit for some questions without really even knowing anything about them " That statement is false as such questions do not exist on the modern GMAT. Therefore, MO MEDIA can not substantiate

it.

21. During the past year MO MEDIA had on one its web pages a description of its GMAT product, "Details the EXACT STUDY PLAN for the GMAT that is proven to give the most results in the least time". That statement is false and, therefore, MO MEDIA can not substantiate that it has been proven.

22. During the past year MO MEDIA had on one its web pages a description of its GMAT product, "The secret keys to the sentence corrections that gives away the right answer a lot of the time- You know the special flags and triggers to look for in this section ". That statement is false as such questions do not exist on the modern GMAT and, therefore, MO MEDIA can not substantiate it.

23. During the past year MO MEDIA had on one its web pages, "The most efficient and accurate method for picking the right answer". That statement is false and, therefore, MO MEDIA can not substantiate it.

24. During the past year MO MEDIA had on one its web pages, "Before our product, this kind of information was reserved for students who could afford to hire these experts as their personal tutors to help them study for exams. " That statement is false and, therefore, MO MEDIA can not substantiate it.

25. During the past year MO MEDIA had on one its web pages, "This report tells you the latest research into test anxiety, including our exclusive tips on how to make your test-taking experience as stress-free as possible while maximizing your score." That statement is false and, therefore, MO MEDIA can not substantiate it.

26. During the past year MO MEDIA had on one its web pages about GMAT "Secrets", "Discover how this one technique can allow you to get into the graduate school you want Immediately.". That statement is false and, therefore, MO MEDIA can not substantiate it.

27. During the past year MO MEDIA had on one its web pages a reference to its "proven flashcard system." That statement is not proven and, therefore,

MO MEDIA can not substantiate it.

### Harm to TESTING TECHNOLOGIES and the Public

28.  TESTING TECHNOLOGIES is being severely and irreparably injured by MO MEDIA's current false advertising and deceptive trade practices, as have the public been harmed. TESTING TECHNOLOGIES has also been damaged by MO MEDIA's past violations in an amount to be determined at trial.

29.  MO MEDIA's advertising falsely tells customers that TESTING TECHNOLOGIES does not offer its customers the opportunity to receive similar quality products. TESTING TECHNOLOGIES has no adequate remedy at law.

30.  MO MEDIA's advertising about its products falsely tells customers that MO MEDIA's test preparation products offer quality superior to that offered by TESTING TECHNOLOGIES. TESTING TECHNOLOGIES has no adequate remedy at law.

31.  Customers are being harmed by MO MEDIA's deceptive ads, which may trick customers into making purchasing decisions and incurring costs they would otherwise not have incurred.

32.  MO MEDIA's deceptive ads are deliberately designed to convince TESTING TECHNOLOGIES customers to select MO MEDIA's service.

33.  If MO MEDIA's false advertising continues, TESTING TECHNOLOGIES will lose sales, market share and good will that cannot readily be quantified or recaptured, as TESTING TECHNOLOGIES is one of the only competitors of MO MEDIA products at the price point specifically mentioned in MO MEDIA's ads. Further, when MO MEDIA runs its false advertisements the ads are, *ipso facto*, making a direct comparison between MO MEDIA and TESTING TECHNOLOGIES. TESTING TECHNOLOGIES thus has a strong commercial interest in preventing the further dissemination of MO MEDIA's deceptive claims.

## FIRST CLAIM FOR RELIEF

34.   TESTING TECHNOLOGIES repeats and realleges paragraphs 1 through 32 above with the same force and effect as if fully set forth herein.

35.   By reason of the foregoing, MO MEDIA has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## SECOND CLAIM FOR RELIEF

36.   TESTING TECHNOLOGIES repeats and realleges paragraphs 1 through 32 above with the same force and effect as if fully set forth herein.

37.   By reason of the foregoing, MO MEDIA has engaged in deceptive Trade practices and false advertising in violation of § 349 and 350-a of the New York General Business Law.

## THIRD CLAIM FOR RELIEF

38.   TESTING TECHNOLOGIES repeats and realleges paragraphs 1 through 32 above with the same force and effect as if fully set forth herein.

39.   By reason of the foregoing, MO MEDIA has engaged in unfair competition in violation of the common law.

WHEREFORE, TESTING TECHNOLOGIES respectfully demands judgment against MO MEDIA as follows:

A.   An order that preliminarily and permanently enjoins MO MEDIA, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them, from:

1.   Disseminating anywhere in the United States the advertisements described in this complaint, and any other advertisement substantially similar thereto;

2.   Claiming, whether directly or by implication, in any advertisement or promotional communication, that its products:

   a.   Have been proven to have certain benefits.

   b.   Are superior to its competitor's products.

      c.      Contain secrets that are not found in competitor's products.

      d.      Have qualities that are not found in competitor's products.

3. An order directing MO MEDIA to disseminate, in a form to be approved by the Court, advertising designed to correct the false and misleading claims made by MO MEDIA in its advertising to date for MO MEDIA;

4. An order pursuant to 15 U.S.C. § 1116(a) directing MO MEDIA to file with the Court and serve on TESTING TECHNOLOGIES, within 30 days after entry of the injunction, a report, in writing and under oath, setting forth in detail the manner and form in which MO MEDIA has complied with the terms of the Court's injunction;

5. An award of TESTING TECHNOLOGIES' damages attributable to MO MEDIA's false and deceptive advertising for disgorgement of profits, in an amount to be determined at trial;

6. A declaration that this is an "exceptional case" due to the willful nature of MO MEDIA's false advertising, and awarding attorneys' fees and costs to TESTING TECHNOLOGIES pursuant to 15 U.S.C. § 1117;

7. An award of attorneys' fees and costs to TESTING TECHNOLOGIES pursuant to Sections 349 and 350 of the New York General Business Law;

8. An award of the costs and disbursements of this action; and

9. Such other and further relief as the Court may deem just and proper.

Dated: August 14, 2007
Respectfully submitted,

_____
Zeccola & Selinger, LLC
John Selinger, Esq. (JS 9509)
Attorneys for Plaintiff, TESTING TECHNOLOGIES, INC.
45 Webster Avenue
Goshen, New York 10924
(845) 294-2544