UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TESTING TECHNOLOGIES, INC., | § § § | |
| Plaintiff, | § § | Civil Action No. 07 Civ 7360 |
| VS. | § § § | |
| MO MEDIA, LLC, | § § | |
| Defendant. | § § | |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)

Defendant, Mo Media, LLC., files this MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) AND MOTION TO TRANSFER VENUE, and in support thereof, would show this Court as follows:

## I. INTRODUCTION

Plaintiff has filed this action against Defendant alleging violations of the Lanham Act 15 U.S.C. § 1125(a), New York General Business Law §349 and 350-a, as well as, common law unfair competition. Plaintiff bases these claims solely on the content of one web-site that is owned and operated by Defendant. Plaintiff alleges that it has been harmed by allegedly false and fraudulent advertising on Defendant's web-site related to Defendant's GMAT test preparation product. Defendant denies Plaintiff's allegations and will prove that its statements are not false or fraudulent and that Plaintiff does not have a viable claim against Defendant. Additionally, by this motion, Defendant will show that venue is not proper in the State of New York, or alternatively, Defendant will show that if the Court finds that New York is a proper venue, this case should be transferred to the Eastern District of Texas for the convenience of the parties and in the interest of justice.

## II. BACKGROUND FACTS

Defendant is in the business of authoring and selling test preparation materials. (Declaration of Paul Owens at p.1, attached as Exhibit "A"). Defendant's office is located in Hardin County, Texas, and it receives mail in Jefferson County, Texas. (Declaration of Paul Owens at p.1, attached as Exhibit "A"). Defendant has never traveled to New York state on business nor has Defendant directly advertised or promoted its products within the State of New York. (Declaration of Paul Owens at p.1, attached as Exhibit "A"). While it is true that Defendant does produce test preparation materials for two New York specific tests, these test preparation materials are not the subject of this suit, nor do they compete with any of Plaintiff's products. (Declaration of Paul Owens at p.1, attached as Exhibit "A"). Plaintiff is in the business of selling test preparation materials for the GMAT, GRE, and LSAT. At no time has Defendant disparaged Plaintiff's products or made false statements about Plaintiff's products.

## III. RULE 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE.

The Southern District of New York is not a proper venue for this action. This case is brought by a Connecticut company against a Texas company for actions that took place in Texas. None of the alleged acts or omissions which form the basis of Plaintiff's Complaint occurred in the Southern District of New York. Accordingly, this case should be dismissed for improper venue.

### A.    Applicable Law

The requirement of proper venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial that is either remote from

2

the defendant's residence or from the place where the acts underlying the controversy occurred." *Leon C. Baker, P.C. v. Bennett*, 942 F. Supp. 171, 175 (S.D.N.Y. 1996). "When venue is challenged, Plaintiff "bears the burden of demonstrating that a substantial part of the events or omissions giving rise to the claim occurred in this district." *City of New York v. Cyco.net, Inc.*, 383 F. Supp. 2d 526, 543 (S.D.N.Y. 2005).

As the Lanham Act does not have its own venue provision, the general venue statute is applicable. *See Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). The pertinent venue statute, 28 U.S.C. § 1391(b), provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

As pled, Plaintiff relies entirely on § 1391(b)(2), which allows an action to be litigated in a district in which a substantial part of the acts or omissions giving rise to the claim occurred. However, as the Court will see, a significant part of the alleged acts or omissions did not occur in the Southern District of New York, and the case should be dismissed for improper venue.

## B.    Argument and Analysis

Venue in this case does not lie in the Southern District of New York. First, neither party resides in Southern District of New York. (Plaintiff's Complaint at ¶ 3 and 4) Plaintiff is a resident of Connecticut with its principal place of business in Connecticut. (Plaintiff's Complaint at ¶ 3). Defendant is a resident of Texas with its principal place of business in

3

Texas. (Plaintiff's Complaint at ¶ 4, and Declaration of Paul Owens at p.1, attached as Exhibit "A"). Since Defendant is not a resident of the Southern District of New York, the only issue for venue is whether a substantial part of the alleged acts or omissions giving rise to the claim occurred in the Southern District of New York. As Defendant will show, none of the alleged acts or omissions giving rise to Plaintiff's claims occurred in Southern District of New York.

As discussed, Defendant is in the business of selling test preparation materials. (Declaration of Paul Owens at p.1, attached as Exhibit "A"). To further its business, Defendant researches, develops, and sells its test preparation material through its web-site. (Declaration of Paul Owens at p.1, attached as Exhibit "A"). This website, www.mo-media.com, was designed, created, developed, and hosted in the Eastern District of Texas. (Declaration of Paul Owens at p.2, attached as Exhibit "A"). Defendant's products and/or advertising has not attacked or challenged any company or competitor in the Southern District of New York. (Declaration of Paul Owens at p.1, attached as Exhibit "A"). In fact, Defendant's advertising and marketing does not even mention Plaintiff's products. This case has no real connection to the Southern District of New York.

With regard to Defendant's contacts and actions with the district as they relate to Plaintiff's allegations, the Southern District of New York is no different than any other district in the United States, except for the Eastern District of Texas. This case involves allegations of non-comparative advertising (i.e. advertising that does not compare Plaintiff's and Defendant's products). The statements complained of by Plaintiff are within Defendant's web-site and do not mention Plaintiff.

Venue might be proper in the Southern District of New York if Defendant's product

4

had caused an injury, or was the basis of a specific tort that occurred in the Southern District of New York. Further, if this was a trademark infringement case, or if Defendant had directed its marketing against a Plaintiff in the Southern District of New York, than venue might lie in the Southern District of New York. However, none of those issues are present in this case. The only connection this case has to the Southern District of New York, is that Plaintiff's attorney (who is also his brother) is located in the Southern District of New York. If venue is proper in the Southern District of New York under these facts, then venue would be proper in any district in any state where a consumer purchased Defendant's products. To allow venue to lie in the Southern District of New York would essentially allow a Plaintiff to bring an action for non-comparative false advertising under the Lanham Act wherever it chooses, if a Defendant markets a product over the internet. Since a substantial part of the events or omissions giving rise to the claim did not occur in the Southern District of New York, Defendant requests that this case be dismissed for improper venue.

## IV. MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)

If the Court finds that the Southern District of New York is a proper forum, the Court should transfer this case to the Eastern District of Texas for convenience and in the interest of justice. It is apparent that the only reason that this case has been filed in the Southern District of New York is that Plaintiff's attorney resides and practices in this district. Any other connection to the Southern District of New York is only nominal at best.

Defendant does not deny that it does produce two study guides for New York specific tests, and sells a small percentage of its products in New York. However, New York study guides are not at issue in this case, do not compete against Plaintiff's products,

nor do they contain any of the allegedly false statements claimed by Plaintiff. (Declaration of Paul Owens at p. 1-2, attached as Exhibit "A"). Further, Defendant has never produced any advertising naming Plaintiff. More importantly, the web-site content complained of by Plaintiff does not mention Plaintiff or its products. Defendant has never targeted Plaintiff with any of its web-based advertising or content, and therefore, has not directly harmed Plaintiff in New York or anywhere else. When applying the applicable balancing test to the facts of this case, the balance clearly weighs in favor of transfer to the Eastern District of Texas. Accordingly, this case should be transferred to the Eastern District of Texas, the only district of proper venue.

## A.    Applicable Law

District courts may transfer a civil case to another district if transfer would be in the interest of justice and benefit "the convenience of the parties and witnesses." 28 U.S.C. § 1404(a). Under the statute, a two-step inquiry is required. First, the Court must establish whether the case could have been filed in the transferee district and if so, then determine whether the convenience and the interests of justice favor transfer. *See, e.g., Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006). Once it is determined that the transferee court is a district of proper venue, the Court then applies the following test to determine if transfer is proper. In the Second Circuit these factors include: "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the

6

weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.,* 457 F. Supp. 2d 474, 477 (S.D.N.Y. 2006). When applying this test, the balance of the factors clearly favor transfer.

**B.     Argument and Analysis**

**1.     The Eastern District of Texas is a Proper Forum**

There should be no dispute that the Eastern District of Texas is a proper forum. Defendant is a Texas Limited Liability Company that has its principal place of business in the Eastern District of Texas. All of Defendant's alleged acts or omissions related to Plaintiff's claims would have occurred in the Eastern District of Texas. Certainly, the Eastern District is a proper forum.

**2.     The Balance of the Transfer Factors Favor Transfer to Texas.**

When applying the facts of this case to the following factors, it is clear that transfer to Texas is required.

**a.     Convenience to Witnesses**

It has been held that this factor is arguably most important in deciding transfer motions. See *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.,* 326 F. Supp. 2d 525, 529 (S.D.N.Y. 2004). Plaintiff has alleged in this case that Defendant has made false or fraudulent statements on its web-site about its own products. Plaintiff will bear the burden in this case of showing that the complained of statements are false. Potential witnesses in this case are Defendant's employees, contributors, and writers, all of whom are located in Texas. (Declaration of Paul Owens at p. 2). Defendant does not know of any potential

witnesses in New York, and any "key" witnesses in this case reside in Texas. See also

*Dwyer v. General Motors Corp.,* 853 F. Supp. 690, 693 (S.D.N.Y. 1994) ("It is not the

number of prospective witnesses that determines the appropriateness of a transfer but,

rather, the materiality of their anticipated testimony."). Since any witness with any

knowledge of Defendant's web-site or marketing would be located in Texas, this factor

favors transfer.

### b.    Location of Documents and Ease of Access to Sources of Proof

Any documentation related to Defendants web-site or marketing would be located

in Texas. All of Defendants business and financial records are located in Texas. This

factor favors transfer to Texas.

### c.    Convenience of Parties

Neither party is present in the Southern District of New York. Defendant would have

to concede that New York is more convenient for Plaintiff --but improper. Conversely,

Texas is more convenient for Defendant than New York. Obviously, transfer of this case

will be more convenient for Defendant. However, under the facts of this case, Defendant

should not be required to litigate a case of alleged false advertising in a forum 1500 miles

away, simply because it is more convenient for the Plaintiff. This is especially true in this

case, when Defendant did not directly address Plaintiff's business or products, nor directly

compare its products to Plaintiff's. It would be a different case if Defendant directed its

advertising against Plaintiff and compared its products against Plaintiffs in its advertising.

Under the facts of this case, the convenience of parties favors transfer.

### d.     Locus of Operative Facts

None of the operative facts of this case will be located in or discovered in New York.

The locus of operative facts is a "primary factor" in determining whether to transfer venue.

*Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474,

(S.D.N.Y. 2007). In this case, the allegedly false and fraudulent information was developed

and created solely by individuals who reside in Texas. (Declaration of Paul Owens at p. 2,

attached as Exhibit "A"). In addition, decisions with regard to the design and marketing of

Defendant's products were made in Texas.   In fact, none of Defendant's product

development or marketing decisions have been made outside the State of Texas.

(Declaration of Paul Owens at p. 1-2, attached as Exhibit "A"). These facts favor transfer

to the Eastern District of Texas.

### e.     The availability of process to compel attendance of unwilling witnesses.

Defendant's former employees, contributors and authors related to Plaintiff's

allegations are all located outside of the Southern District of New York. Accordingly, these

people would not be subject to subpoena for trial.  Therefore, this factor favors transfer to

the Eastern District of Texas.

### f.     Relative Means of the Parties

Defendant is a closely held company that sells test preparation materials. Upon

information and belief, Plaintiff is also a closely held company.  This litigation will be

financially taxing on both parties. Defendant is being sued in a forum with which it lacks

sufficient contacts for venue and within which none of the alleged events giving rise to this

claim occurred. Therefore, even if Defendant has greater means than Plaintiff, this factor

9

should weight in favor of Defendant.    Accordingly, this factor also favors transfer.

### g.    Forum's Familiarity with the Governing Law

Plaintiff's primary cause of action in this case is under the Lanham Act, a federal

statute.  Certainly, the United States District Court of the Eastern District of Texas has the

capacity to interpret and apply federal law as this court would.  Further, even though

Plaintiff makes New York state law claims in addition to federal law claims, federal courts

commonly apply state substantive law, which may not be the law of the state in which the

federal court sits. See, e.g., 28 USC § 1367(a) (allowing a federal court to hear and decide

a state law claim that arises between citizens of the same state).   For this reason, courts

have given this factor little weight.   *See, e.g. Prudential Sec. Inc. v. Norcom Dev., Inc.,*

1998 U.S. Dist. LEXIS 10569, at *17 (S.D.N.Y. July 15, 1998).

### h.    Plaintiff's Choice of Forum

Courts have held that a plaintiff's choice of forum should not be altered "unless the

balance of factors weighs strongly in favor of transfer." *Caville v. Malibu Toys, Inc.,* 2004

U.S. Dist. LEXIS 12514 (S.D.N.Y. July 7, 2004).  However, in some circumstances, as in

this case, the plaintiff's selection of forum is entitled to less deference.  First, as Courts of

this district have held, when the chosen forum is not plaintiff's home state the choice is

given less deference. See *Kiss My Face Corp. v. Bunting,* 2003 U.S. Dist. LEXIS 17096,

2003 WL 22244587, at *4 (S.D.N.Y. Sept. 30, 2003).  Second, Courts have accorded less

deference to a plaintiff's choice of forum if the case lacks material or significant contacts

with the forum state. See *Orb Factory, Ltd. v. Design Science Toys, Ltd.,* 6 F. Supp. 2d

203, 210 (S.D.N.Y. 1998).   In this case, both issues are present.   Neither Plaintiff,

10

Defendant, or the owners of either company are located in the Southern District of New York. Further, it is Defendant's belief that, no one involved in this litigation is located in the Southern District of New York.

Further, the contacts that Defendant, its products, or its advertising have with the Southern District of New York are limited and not material. Further, simply because Defendant sells its products in the Southern District of New York, does not establish a material connection with the forum for venue. See also *Matra Et Manurhin v. Int'l Armament Co.,* 628 F. Supp. 1532, 1536 (S.D.N.Y. 1986) (finding that the sale of goods in a forum does not establish a material connection to the forum if the goods are sold in many states). Defendant sells its products throughout the United States. The total sales of Defendants products in the Southern District of New York were less than 1.5% of its total business. (Declaration of Paul Owens at p. 2, attached as Exhibit "A"). Further, the total sales of Defendant's GMAT test materials were less than 0.07 % in the Southern District of New York. (Declaration of Paul Owens at p. 2, attached as Exhibit "A"). Additionally, Plaintiff's company, like Defendant's company, is an internet based business with no significant physical contracts with any state except its home state of Connecticut.

Since neither party reside in New York, and the complaints made by Plaintiff have no significant connection with New York, Plaintiff's choice of forum should be given little or no deference in this case. Accordingly, this factor favors transfer.

### i.      Trial Efficiency and the Interests of Justice

As discussed throughout this motion, Defendant is being sued in a foreign jurisdiction were it has never committed any actionable conduct. This factor looks to the

11

ability of the two forums to efficiently adjudicate this dispute. *See Kwik Goal, Ltd. v. Youth Sports Publishing, inc.,* 2006 U.S. Dist. LEXIS 34460 (S.D.N.Y. MAY 31, 2006). Although this factor is normally given little weight, when combined with the balance of the remaining factors, this factor further shows that transfer is necessary.

Defendant seeks transfer from the Southern District of New York to the Eastern District of Texas. According to www.uscourts.gov, the case load of the Texas court is much lower, and the time in which a case gets to trial is much faster. In 2006, the Eastern District of Texas had an average of 385 pending cases per judgeship and the time from filing to trial was 17.7 months. (Judicial Caseload Profile of the Eastern District of Texas, attached as Exhibit "B") In the Southern District of New York, each judgeship had an average of 716 cases and the time from filing to trial was 25.7 months. (Judicial Caseload Profile of the Southern District of New York, attached as Exhibit "C"). Based upon these statistics, the Eastern District of Texas would be more efficient to adjudicate this dispute against this Texas resident Defendant. Accordingly, this factor favors transfer.

Further, in *Mattel, Inc. v. Procount Bus. Servs.,* 2004 U.S. Dist. LEXIS 3895 (S.D.N.Y. Mar. 10, 2004), court listed this factor as the "Totality of the Circumstances: Trial Efficiency and the Interests of Justice". *Id.* at *14-15. When looking at the "totality of the circumstances" the overwhelming weight of the factors, and the interest of justice favor transfer. The law places the Defendant's residence and the location of the events giving rise to a claim as the proper forum for a case to be litigated. In this case, the only district that qualifies is the Eastern District of Texas.

## V. Conclusion

This case should be dismissed or transferred to the Eastern District of Texas. The only connection this case has to New York is that Defendant has shipped products to New York and that Plaintiff's counsel is in New York. Even though Defendant has shipped products to New York, Plaintiff's allegations are not based upon any problem caused by Defendant's products in the State of New York, but rather, the claim is based upon some perceived harm caused to Plaintiff by generic statements on Defendant's web-site. A web-site that was designed, maintained, hosted, and developed in Texas. The reason that this case was filed in New York is not because some harm was caused to the people of New York, but rather, it was filed in New York is because the Plaintiff's lawyer is in New York. None of the alleged events or omissions complained of by Plaintiff occurred in New York. Accordingly, New York is an improper venue and this case should be dismissed. Alternatively, if New York is a proper venue the great weight of the factors for a transfer under § 1404(a) favor transfer to the Eastern District of Texas.

## VI. Prayer

Defendant now prays that this case be dismissed for improper venue, or alternatively, that this case be transferred to the Eastern District of Texas, and for any other relief, in law or in equity, for which Defendant has shown itself to be entitled.

Respectfully submitted,

ROEBUCK & THOMAS, PLLC


By: _/s/ Jeffrey T. Roebuck_____
       Jeffrey T. Roebuck
       TBA # 24027812
       2470 N. 11th Street
       Beaumont, Texas 77703
       409/892-8227
       409/892-8318 (Fax)


By: _/s/ Kenneth G. Walsh_____
       Kenneth G. Walsh
       Straus & Boies, LLP
       2 Depot Plaza, 2nd Floor
       Bedford Hills, New York 10507
       Office: (914) 244-3200
       Fax:   (914) 244-3260
       SDNY Bar No.: KW 1654

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Motion to Dismiss and Motion to Transfer was served by facsimile and certified mail/return receipt requested to Mr. John S. Selinger, Zeccola & Selinger, LLC, 45 Webster Avenue, Goshen, New York 10924 on this the 11th day of September, 2007.


By: _/s/ Kenneth G. Walsh_____
       KENNETH G. WALSH

14