UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TESTING TECHNOLOGIES, INC.<br><br>and<br><br>MG PREP, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MO MEDIA LLC, PAUL OWENS and<br>JOHN DOES 1-10,<br><br>　　　　Defendants. | Case Number 07 CIV 7360 (WHP)<br><br>FIRST AMENDED COMPLAINT |

Plaintiffs TESTING TECHNOLOGIES, Inc. ("TESTING TECHNOLOGIES") and MG PREP, Inc. ("MG PREP"), by their attorneys, as and for their First Amended Complaint against defendants MO MEDIA LLC ("MO MEDIA) and PAUL OWENS ("OWENS") allege as follows:

### NATURE OF ACTION

1.   This is an action for false advertising, false designation of origin, and deceptive business practices in violation of federal and state law. In advertisements specifically targeted to students who are seeking entrance into schools and courses of higher learning, including those within this district, MO MEDIA, and OWENS falsely state that their products and services have qualities that can not be substantiated.

2. MO MEDIA's false advertising is causing TESTING TECHNOLOGIES and MG PREP immediate and irreparable harm. Once customers purchase products from MO MEDIA they will not tend to purchase products from TESTING TECHNOLOGIES or MG PREP as they are competing products.

## PARTIES

3.  Plaintiff TESTING TECHNOLOGIES is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Wilton, Connecticut. TESTING TECHNOLOGIES is in the business of preparing and distributing, among other items, test preparation materials for the Graduate Management Admission Test (GMAT), the Graduate Record Examination (GRE) and the Law School Admission Test (LSAT) to customers around the world. Its primary web site is www.800score.com.

4.  Plaintiff MG PREP is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York. MG PREP is in the business of preparing and distributing, among other items, test preparation materials for the Graduate Management Admission Test (GMAT). Its primary web site is www.manhattangmat.com

5.  Upon information and belief, defendant MO MEDIA is a limited liability company organized under the laws of the State of Texas with its principal place of business in Beaumont, Texas. Upon information and belief, both of the members of MO MEDIA LLC, Peter Morrison and defendant OWENS, are residents of the State of Texas. Upon information and belief, MO MEDIA develops, produces and retails test preparation products to test-takers all over the world. Upon information and belief, MO MEDIA and OWENS market MO MEDIA'S products and services throughout the United States, including in the State of New York. Upon information and belief, MO MEDIA regularly transacts business within this district and is a direct competitor of plaintiffs and other companies that sell these types of products and services. Upon information and belief, OWENS directs and controls the activities of MO MEDIA and uses MO MEDIA as his agent for the transaction of business. MO MEDIA's primary web site is www.mo-media.com.

6. John Does 1-10 are persons who, upon information and belief, have, in concert with the named defendants, created and/or operated websites with the purpose of deceiving and misleading members of the public and in so doing, diverting business from plaintiffs. As the actual identities of these persons are determined, plaintiffs will petition the Court to include them as named defendants.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States); 15 U.S.C. § 1121(a) (action arising under the Lanham Act); 28 U.S.C. § 1367 (supplemental jurisdiction); and 28 U.S.C. § 1338(a). In addition, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), in that this action is between citizens of different states, and the amount in controversy exceeds $75,000.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claims occurred in this district. As further set forth below, Defendants directed their internet activities and made substantial sales to potential customers in New York, made false and misleading statements to educational institutions in New York, and sold material for use in preparing for New York examinations. Defendants' products may be ordered via the internet, and upon information and belief, such orders have been placed by, and products shipped to, customers in New York.

## FACTS

### Products and Services

9. TESTING TECHNOLOGIES offers test preparation materials for the Graduate Management Admission Test (GMAT), the Graduate Record Examination (GRE) and the Law School Admission Test (LSAT) to customers across the country. Its products are sold almost exclusively through the internet. Noteworthy, in comparison to many "test review" courses that are offered for the customers to learn in a classroom and that are very expensive, often costing over $1000, TESTING TECHNOLOGIES' products cost around $40.

10. MG PREP offers test preparation materials for the Graduate Management Admission Test (GMAT). Its products are sold almost exclusively through the internet.

11. MO MEDIA offers many of its GMAT products on various websites. One is at http://www.mo-media.com/nystce which is for New York State Teacher Certification Examinations (NYSTCE) and the other is at http://www.mo-media.com/cuny/ which targets students trying to become admitted to the City University of New York (CUNY). On information and belief, defendants solicit customers in New York and have made substantial sales of their products in New York based upon use of the improper methods complained of herein.

### MO MEDIA's False Advertising Campaign

12. MO MEDIA has made false claims regarding the qualities of its products.

4

13. During the past year MO MEDIA had on one of its web pages, "Are you interested in the only GMAT test study guide written by ACTUAL Graduate Management Admissions Test experts." That is false and, therefore, MO MEDIA can not substantiate that theirs is the only GMAT test study guide written by ACTUAL Graduate Management Admissions Test experts.

14. During the past year MO MEDIA had on one of its web pages, "Our original research into the GMAT reveals specific weaknesses never before discovered." That statement is false and, therefore, MO MEDIA can not substantiate that they have discovered GMAT weaknesses.

15 During the past year MO MEDIA had on one of its web pages, "and it's all available for less than the retail price of the rest of the filler-packed GMAT test prep study guides on the market." That statement is false and, therefore, MO MEDIA can not substantiate it.

16 During the past year MO MEDIA had on one of its web pages, "We maintain a full time research staff, all of whom are nationally recognized experts on standardized testing AND (more importantly) have years of experience in cracking the code of the toughest exams." That statement is false and, therefore, MO MEDIA can not substantiate it.

17 During the past year MO MEDIA had on one of its web pages, "As the research team went to work, we were initially discouraged, since academic studies have revealed that students do not really benefit from traditional study guides and test-prep courses." That statement is false and, therefore, MO MEDIA can not substantiate it.

18. During the past year MO MEDIA had on one of its web pages, "any student, at any skill level or GMAT score, to improve his or her score dramatically with a minimum of effort." That statement is false and, therefore, MO MEDIA can not substantiate it.

.

19. During the past year MO MEDIA had on one of its web pages, "Most of the guides on the market are nothing but 30 pages of instructions and 200 pages of useless unofficial practice tests." That statement is false and, therefore, MO MEDIA can not substantiate it.

20. During the past year MO MEDIA had on one of its web pages, "Our guide is the only product on the market that addresses the difference between merely knowing where to find scholarships and how to get them." That statement is false and, therefore, MO MEDIA can not substantiate it.

21. During the past year MO MEDIA had on one of its web pages, "Our guide is the only product on the market that addresses the difference between merely knowing the material and knowing how to use the material to perform on test day." That statement is false and, therefore, MO MEDIA can not substantiate it.

22. During the past year MO MEDIA had on one of its web pages, "Secrets to questions that "give away" wrong (or right) answers- You get credit for some questions without really even knowing anything about them " That statement is false as such questions do not exist on the modern GMAT. Therefore, MO MEDIA can not substantiate it.

23. During the past year MO MEDIA had on one of its web pages a description of its GMAT product, "Details the EXACT STUDY PLAN for the GMAT that is proven to give the most results in the least time". That statement is false and, therefore, MO MEDIA can not substantiate that it has been proven.

24. During the past year MO MEDIA had on one of its web pages a description of its GMAT product, "The secret keys to the sentence corrections that gives away the right answer a lot of the time- You know the special flags and triggers to look for in this section ". That statement is false as such questions do not exist on the modern GMAT and, therefore, MO MEDIA can not substantiate it.

25. During the past year MO MEDIA had on one of its web pages, "The most efficient and accurate method for picking the right answer". That statement is false and, therefore, MO MEDIA can not substantiate it.

26. During the past year MO MEDIA had on one of its web pages, "Before our product, this kind of information was reserved for students who could afford to hire these experts as their personal tutors to help them study for exams. " That statement is false and, therefore, MO MEDIA can not substantiate it.

27. During the past year MO MEDIA had on one of its web pages, "This report tells you the latest research into test anxiety, including our exclusive tips on how to make your test-taking experience as stress-free as possible while maximizing your score." That statement is false and, therefore, MO MEDIA can not substantiate it.

28 During the past year MO MEDIA had on one of its web pages about GMAT "Secrets", "Discover how this one technique can allow you to get into the graduate school you want Immediately.". That statement is false and, therefore, MO MEDIA can not substantiate it.

29 During the past year MO MEDIA had on one of its web pages a reference to its "proven flashcard system." That statement is not proven and, therefore, MO MEDIA can not substantiate it.

30. MO MEDIA's false claims, listed above, that it has on web pages for its GMAT products are repeated, almost verbatim, in its web pages relating to its LSAT and GRE products.

31. Defendants have utilized false and misleading statements concerning their websites to encourage legitimate educational institutions to incorporate links to the defendant's sites. Among such false and misleading claims has been the claim that defendants' sites are operated by non-profit entities. Such a claim causes educational institutions to believe that they are providing a valuable service to students by

incorporating the link, unaware that the link is to a web site designed to "steer' students to a commercial, profit-making enterprise. Among the educational institutions to which Defendants directed such false and misleading statements are Fordham University and the State University of New York, both of which are located in this district.

32. Defendants' false and misleading statements constitute false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact which are likely to cause confusion as to the origin, sponsorship, or approval of defendants' goods and services by other persons; and which, in commercial advertising, or promotion, misrepresent the nature, characteristics, and qualities of defendants' goods and services.

## FIRST CLAIM FOR RELIEF

33. TESTING TECHNOLOGIES .and MG PREP repeat and reallege paragraphs 1 through 32 above with the same force and effect as if fully set forth herein.

34. By reason of the foregoing, MO MEDIA and OWENS have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. As a result of defendants' actions, each of the plaintiffs has suffered damages in an amount yet to be determined.

36. Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

37. TESTING TECHNOLOGIES and MG PREP repeat and reallege paragraphs 1 through 32 above with the same force and effect as if fully set forth herein.

38. By reason of the foregoing, MO MEDIA and OWENS have engaged in deceptive Trade practices and false advertising in violation of §§ 349 and 350-a of the New York General Business Law.

39. As a result of defendants' actions, each of the plaintiffs has suffered damages in an amount yet to be determined.

40. Plaintiffs have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

41. TESTING TECHNOLOGIES and MG PREP repeat and reallege paragraphs 1 through 32 above with the same force and effect as if fully set forth herein.

42. By reason of the foregoing, MO MEDIA and OWENS have engaged in unfair competition in violation of the common law.

43. As a result of defendants' actions, each of the plaintiffs has suffered damages in an amount yet to be determined.

44. Plaintiffs have no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

45. TESTING TECHNOLOGIES and MG PREP repeat and reallege paragraphs 1 through 32 above with the same force and effect as if fully set forth herein.

46. By reason of the foregoing, MO MEDIA and OWENS have engaged in misrepresentation in violation of the common law.

47. As a result of defendants' actions, each of the plaintiffs has suffered damages in an amount yet to be determined.

48. Plaintiffs have no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

49. TESTING TECHNOLOGIES and MG PREP repeat and reallege paragraphs 1 through 32 above with the same force and effect as if fully set forth herein.

50. By reason of the foregoing, MO MEDIA and OWENS have engaged

in fraud in violation of the common law.

51. As a result of defendants' actions, each of the plaintiffs has suffered damages in an amount yet to be determined.

52. Plaintiffs have no adequate remedy at law.

WHEREFORE, TESTING TECHNOLOGIES and MG PREP respectfully request that this court grant them judgment against MO MEDIA and OWENS as follows:

A. An order that preliminarily and permanently enjoins MO MEDIA, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them and OWENS, from:

1. Disseminating anywhere in the United States the advertisements described in this complaint, and any other advertisement substantially similar thereto;

2. Claiming, whether directly or by implication, in any advertisement or promotional communication, that its products:

    a. Have been proven to have certain benefits.

    b. Are superior to its competitor's products.

    c. Contain secrets that are not found in competitor's products.

    d. Have qualities that are not found in competitor's products.

3. Claiming, whether directly or by implication, in any advertisement or promotional communication, that it is a nonprofit organization or is affiliated with a nonprofit organization;

4. An order directing MO MEDIA and OWENS to disseminate, in a form to be approved by the Court, advertising designed to correct the false and misleading claims made by MO MEDIA and OWENS in its advertising to date for MO MEDIA and OWENS;

5. An order directing OWENS to install on his servers, in a form to be

approved by the Court, means to exclude search engine robots from visiting his sites.

6. An order directing OWENS and MO MEDIA to notify schools and libraries as to the misrepresentations that they made to them earlier.

7. An order pursuant to 15 U.S.C. § 1116(a) directing OWENS and MO MEDIA to file with the Court and serve on TESTING TECHNOLOGIES and MG PREP, within 30 days after entry of the injunction, a report, in writing and under oath, setting forth in detail the manner and form in which OWENS and MO MEDIA have complied with the terms of the Court's injunction;

8. An award of TESTING TECHNOLOGIES' and MG PREP's damages attributable to MO MEDIA's and OWENS' false and deceptive advertising, in an amount to be determined at trial;

9. A declaration that this is an "exceptional case" due to the willful nature of MO MEDIA's and OWENS' false advertising, and awarding attorneys' fees and costs to TESTING TECHNOLOGIES and MG PREP pursuant to 15 U.S.C. § 1117;

10. An award of attorneys' fees and costs to TESTING TECHNOLOGIES and MG PREP pursuant to Sections 349 and 350 of the New York General Business Law;

11. An award of the costs and disbursements of this action; and

12. Such other and further relief as the Court may deem just and proper.

Dated:   December 12, 2007

Respectfully submitted,

_____
John Selinger (JS 9509)
Zeccola & Selinger, LLC
Attorney for Plaintiff
TESTING TECHNOLOGIES, INC.
45 Webster Avenue
Goshen, New York 10924
(845) 294-2544

_____
Thomas M. Furth (TF 0785)
Kudman Trachten Aloe LLP
Attorney for Plaintiff
MG Prep, Inc.
350 Fifth Avenue, Suite 4400
New York, NY 10118
(212) 868-1010