UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TESTING TECHNOLOGIES, INC.<br><br>and<br><br>MG PREP, INC.,<br>            Plaintiffs,<br><br>v.<br><br>MO MEDIA, LLC, PAUL OWENS, and<br>JOHN DOES 1-10,<br>            Defendants. | Civil Action No. 07 Civ 7360 |

### DECLARATION OF PAUL OWENS

THE STATE OF TEXAS    )
                             )
COUNTY OF JEFFERSON  )

PAUL OWENS deposes and says as follows:

1. I am the co-owner and member of Mo Media L.L.C. ("Mo Media") I am over the age of 18 and have personal knowledge of every statement contained in this affidavit and same is true and correct.

2. I submit this declaration in support of Mo Media's Motion to Dismiss for Improper Venue and Alternatively to Transfer Venue Pursuant to 28 U.S.C. §1404(a). The factual statements in the accompanying Memorandum of Law in support of said motion are true and correct.

3. MoMedia is in the business of authoring and selling test preparation materials. The office of Mo Media is located in Hardin County, Texas, and its principal place of business is Hardin County, Texas. Mo Media receives mail orders in Jefferson County, Texas.

{A061176.DOC\1}

Mo Media conducts 96 % of its business and sales over the internet. It has no offices or employees in any other location. It has no business associates in the Southern District of New York, or in the northeast generally (except counsel herein).

4. Mo Media has never traveled to the Southern District of New York for business nor purchased any periodical or other advertising within the Southern District of New York.

5. Defendant does not have any inventory or distributors in the Southern District of New York. All products are manufactured and shipped entirely within the state of Texas.

6. Approximately 1.5% of Mo Media's total sales are in the Southern District of New York, and only 0.07% of Mo Media's total sales are both in Southern District of New York and in the GMAT market.

7. Mo Media has never had a consumer complaint out of New York State regarding the issues raised by the plaintiff. Mo Media never qualified to do business in New York.

8. Defendant has never targeted any communications to the Southern District of New York which contain any of the language complained of by Plaintiff. Indeed, Mo Media has never mentioned Plaintiff in any of its advertising or on its websites. Mo Media has never directly compared its products to Plaintiffs', nor done any comparative advertising with Plaintiff's products, nor attacked or challenged any company or competitor in the Southern District of New York.

9. New York study guides are not at issue in this case, do not compete against either Plaintiffs' products, nor do they contain any of the allegedly false statements

{A061176.DOC\1}

claimed by Plaintiffs. Rather, Plaintiffs' complaints concern statements made about Mo Media's test preparation materials for the Graduate Management Admission Test (GMAT) and an unrelated book called *Scholarship Secrets*. The GMAT is not specific to the State of New York, but rather, is a standardized test given across the country. *Scholarship Secrets* is a generic guide instructing students in how to apply for scholarships, and is not specific to New York in any way.

10. Prior to being sued by MG Prep, Inc., Mo-Media has had no dealings with plaintiff MG Prep, Inc. In February of 2005, however, Sean Selinger, owner of plaintiff Testing Technologies, Inc., contacted Mo Media for the first time, demanding that Mo Media provide him with advertising on the website TestPrepReview.com. The communication from Mr. Sellinger was very aggressive and due to the tone of the email, MoMedia decided an advertising relationship with the Testing Technologies was not in the company' interest.

11. In May of 2007, Testing Technologies, through its owner Sean Selinger, posted defamatory information about me and about Mo Media on Google Groups. In subsequent conversations, Selinger also admitted to me that he had slandered Mo Media to senior Google executives.

12. In June of 2007, Testing Technologies again contacted Mo Media and Paul Owens, demanded advertising on certain websites at below-market rates, and threatened further slander and libel if the advertising was not provided.

13. As Testing Technologies, Inc. had started making libelous accusations about Mo Media, I took legal action against Testing Technologies, Inc. in Texas. Exhibit A is a copy of the complaint in its action against Testing Technologies, Inc. currently pending in Texas.

14. Plaintiff Testing Technologies, Inc. hired counsel and appeared to defend my action against it in Texas. Testing Technologies did not challenge jurisdiction or the venue

of the action in Texas, but rather is actively litigating it. Exhibit B contains details of plaintiff's Texas counsel in that action, and the various motions that have already been briefed therein.

15. All of Mo Media's current and former employees, authors, or contributors related to this matter are located in Texas or Louisiana. In addition, the following non-party witnesses are located in Texas: Holly Claghorn: Austin, Texas; Jan Judice: Beaumont, Texas; Christie Morrison: Kountze, Texas; Enoch Morrison: Lumberton, Texas; Fay Morrison: Lumberton, Texas; and Nadine Skinner: Richmond, Texas. Additionally, two of Mo-Media's former third-party contributors now reside in Louisiana: Kelley O'Connor: Ponchatoula, Louisiana; and Rita Hoover: Ponchatoula, Louisiana. If this case were heard in Texas they could testify as to how Mo Media's website was generated.

16. The website which Plaintiffs claim have somehow damaged them, www.mo-media.com, was designed, created, developed, and hosted in the Eastern District of Texas, like all Defendants' other websites.

17. Mo Media is a small family business with no presence in New York State other than counsel herein. Mo Media has suffered extensive inconvenience and expense by being hauled into court across the country by a company it never did business with, never spoke about and did not have any dealings with until the events described herein.

I swear under penalty of perjury that the foregoing statements are true.

_____
PAUL OWENS

SUBSCRIBED and SWORN TO BEFORE ME on this 10th day of January 2008, to certify which witness my hand and official seal of office.



_Christina Puente_
NOTARY PUBLIC, State of Texas

{A061176.DOC\1}