UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

TESTING TECHNOLOGIES, INC.,

and

MG PREP, INC.

Plaintiffs,

v.

MO MEDIA, LLC, PAUL OWENS, and
JOHN DOES 1-10,

Defendants.

Civil Action No. 07-Civ-7360

---

**MOTION TO DISMISS FOR IMPROPER VENUE, OR ALTERNATIVELY
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)**

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, NY 10010
*Counsel for Defendant Mo Media LLC*

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................1

II.    BACKGROUND FACTS ......................................................................2

III.   RULE 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE ...............................4

     A.  Applicable Law........................................................................4

     B.  Argument and Analysis...............................................................5

IV.   MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A) ...................7

     A.  Applicable Law. ......................................................................8

     B.  Argument and Analysis...............................................................9

          1.  The Eastern District of Texas is a Proper Forum.........................9

          2.  The Balance of the Transfer Factors Favor Transfer to Texas ...............9

              a.  Convenience to Witnesses .......................................9

              b.  Location of Documents and Ease of Access to Sources of Proof...................10

              c.  Convenience of Parties ..........................................11

              d.  Locus of Operative Facts ........................................11

              e.  The Availability of Process to Compel Attendance of Unwilling Witnesses..12

              f.  Relative Means of the Parties ....................................12

              g.  Forum's Familiarity with the Governing Law ..................12

              h.  Plaintiffs' Choice of Forum ......................................13

              i.  Trial Efficiency and the Interests of Justice.....................14

V.    CONCLUSION....................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

CASES

AEC One Stop Group, Inc. v. CD Listening Bar, Inc.,
    326 F. Supp. 2d 525 (S.D.N.Y. 2004)........................................................................9

Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.,
    457 F. Supp. 2d 474 (S.D.N.Y. 2006).......................................................................8

Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.,
    474 F. Supp. 2d 474 (S.D.N.Y. 2007)......................................................................11

Azari v. B&H Photo Video,
    2007 WL 13101 (s.d.n.y. Jan. 3, 2007)......................................................................7

Caville v. Malibu Toys, Inc.,
    2004 U.S. Dist. LEXIS 12514 (S.D.N.Y. July 7, 2004) ..........................................13

City of New York v. Cyco.net, Inc.,
    383 F. Supp. 2d 526 (S.D.N.Y. 2005)........................................................................5

Dwyer v. General Motors Corp.,
    853 F. Supp. 690 (S.D.N.Y. 1994) ..........................................................................10

Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.,
    415 F. Supp. 2d 370 (S.D.N.Y. 2006)........................................................................8

Kiss My Face Corp. v. Bunting,
    2003 U.S. Dist. LEXIS 17096, 2003 WL 22244587 (S.D.N.Y. Sept. 30, 2003)....................13

Kwik Goal, Ltd. v. Youth Sports Publishing, Inc.,
    2006 U.S. Dist. LEXIS 34460 (S.D.N.Y. May 31, 2006).........................................14

Leon C. Baker, P.C. v. Bennett,
    942 F. Supp. 171 (S.D.N.Y. 1996) ............................................................................3

Leroy v. Great Western United Corp.,
    443 U.S. 173, 184 (1979).............................................................................................6

Matra Et Manurhin v. Int'l Armament Co.,
    628 F. Supp. 1532 (S.D.N.Y. 1986).........................................................................13

-ii-

Mattel, Inc. v. Procount Bus. Servs.,
   2004 U.S. Dist. LEXIS 3895 (S.D.N.Y. Mar. 10, 2004) .......................................................15

Orb Factory, Ltd. v. Design Science Toys, Ltd.,
   6 F. Supp. 2d 203 (S.D.N.Y. 1998) ......................................................................................13

Prudential Sec. Inc. v. Norcom Dev., Inc.,
   1998 U.S. Dist. LEXIS 10569 (S.D.N.Y. July 15, 1998) .......................................................13

Woodke v. Dahm,
   70 F.3d 983 (8th Cir. 1995) ...................................................................................................5


STATUTES

28 U.S.C. § 1391(b) ....................................................................................................................10

28 U.S.C. § 1404(A) ..........................................................................................................13, 14, 22

28 USC § 1367(a) .......................................................................................................................18

Lanham Act 15 U.S.C. § 1125(a) ..................................................................................................6

New York General Business Law §349 and 350-a ....................................................................6, 7


OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(3)................................................................................................................9

{A061172.DOC\4}

Defendant, Mo Media, LLC., files this MOTION TO DISMISS FOR IMPROPER VENUE AND MOTION TO TRANSFER VENUE, and in support thereof, would show this Court as follows:

## I.    INTRODUCTION

Plaintiffs TESTING TECHNOLOGIES, INC. ("Testing Technologies) and MG PREP, Inc. ("MG Prep") and collectively "Plaintiffs") filed this action against MO MEDIA, LLC, PAUL OWENS, and JOHN DOES 1-10, alleging violations of the Lanham Act 15 U.S.C. § 1125(a), New York General Business Law §349 and 350-a, common law unfair competition, common law fraud, and misrepresentation.  Only defendant Mo Media is before the Court, as defendant Paul Owens has not been served.  Plaintiffs claim that Defendant's web-site, www.Mo-Media.com, contains false and fraudulent advertising, allegedly damaging Plaintiffs in an unspecified amount.  In fact, Plaintiffs are nowhere mentioned in the web-site, which concerns Defendant's GMAT and other test preparation products.  Mo Media denies Plaintiffs' allegations and will prove that the statements in its web-site are not false, fraudulent, or actionable, and that Plaintiffs therefore have no claim against Mo Media.

By this motion, Mo Media will show that venue is not proper in the State of New York, or alternatively, Mo Media will show that if the Court finds that New York is a proper venue, this case should be transferred to the Eastern District of Texas.  Substantially all non-party witnesses are in Texas or Louisiana; this case has not commenced discovery, and Testing Technologies, Inc., a non-New York domiciliary, is not entitled to deference in its choice of forum.  Another case between Defendant's principal Paul Owens and defendant Testing Technologies, Inc. on exactly the subject matter added to the Amended Complaint is already

pending in Texas, so this case should be transferred there for the convenience of the parties and in the interest of justice.

## II.    BACKGROUND FACTS

Mo Media is in the business of authoring and selling test preparation materials. See accompanying Declaration of Paul Owens (the "Owens Dec."), ¶ 2. Mo Media's office is located in Hardin County, Texas, and it receives mail in Jefferson County, Texas. Id., ¶ 2. Mo Media has never traveled to New York State on business, has no office there and maintains no inventory or distributors there. Id., ¶5. Nor has Mo Media qualified to do business in New York or directly advertised or promoted its products within the State of New York. Id., ¶¶ 3, 7. While Mo Media does produce test preparation materials for two New York specific tests, these test preparation materials are not the subject of this suit, nor do they compete with any of Plaintiff's products. Id., ¶ 4, 5.

MG Prep and Testing Technologies are in the business of selling test preparation materials for the GMAT, and Testing Technologies also sells test preparation materials for the GRE and LSAT. Plaintiffs distribute test preparation materials "to customers around the world" Amended Complaint, ¶ 3, and "to customers across the country." Id., ¶ 9. Plaintiffs have sued Mo Media even though at no time has Mo Media disparaged or even mentioned Plaintiffs' companies or products in the web-site complained of, nor has Mo Media made false statements about Plaintiffs. Owens Dec., ¶ 5. Further, Mo Media has never done any comparative advertising regarding Plaintiffs' product or even mentioned Plaintiffs' products on any of its advertising. Id.

Initially, this case was filed by Testing Technologies, but after Defendant filed its initial motion to transfer venue, Testing Technologies recruited MG Prep, Inc. to strengthen its

opposition to this venue motion. Prior to being sued by MG Prep, Inc., Mo Media has had no

dealings with MG Prep, Inc. Id., ¶ 10. However, Mo Media has had dealings with Testing

Technologies. In February of 2005, Sean Selinger, owner of Testing Technologies, contacted

Mo Media demanding advertising on the website TestPrepReview.com. Id. The communication

from Mr. Selinger was very aggressive and due to the tone of the email, Mo Media decided an

advertising relationship with the Testing Technologies was not in the company's interest. Id.

In May of 2007, Testing Technologies, through its owner Sean Sellinger, then

posted defamatory information about Mo Media and its owner Peter Morrison on Google

Groups, and in subsequent conversations, admitted to slander of the company to Google

executives. Id., ¶ 11. In June of 2007, Testing Technologies again contacted Mo Media and

Paul Owens, demanded advertising on certain websites at below-market rates, and threatened

further slander and libel if the advertising was not provided. Id., ¶ 12.

Testing Technologies continued its threats until August 2007, when Mo Media

informed Testing Technologies of its intent to file a lawsuit for slander and libel in Texas. That

lawsuit is currently pending in Texas. Id., Ex. A. However, before the suit could be filed,

Testing Technologies filed this lawsuit, alleging problems with unrelated matters on Mo Media's

sales websites. Prior to the filing of this lawsuit, Mo Media had not been made aware of the

complaints and allegations in the Original Complaint

In October of 2007, Paul Owens filed a slander and libel lawsuit in Hardin

County, Texas to protect his rights in regards to information spread by Testing Technologies,

Inc. to Google and Mo Media's competitors, related to the testprepreview.com website. Id., ¶ 13.

Finally, in December of 2007, for the first time, Plaintiffs allude herein to the

- 3 -

testprepreview.com website, which is the subject of Mo Media's slander/libel lawsuit against Testing Technologies, Inc. in Texas. Id., Ex. A.

Mo Media has never mentioned Plaintiffs or Plaintiffs' products in any advertising or on any website. Id., ¶ 8; Amended Complaint, *passim*. Apparently, Plaintiffs' revenues have diminished and looking for something to blame, Plaintiffs have chosen Mo Media. If Mo Media is required to defend itself against these accusations, Mo Media should be allowed to proceed in the proper forum in Eastern District of Texas, instead of being hauled into litigation across the country.

## III.    RULE 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE

The Southern District of New York is not a proper venue for this action. This case was initially brought by a Connecticut company against a Texas company for actions that took place in Texas. Since the original filing, Testing Technologies has recruited a New York based plaintiff, MG Prep, Inc. to help bolster its claim to venue in the Southern District of New York. However, even with the addition of the additional Plaintiff, none of the alleged acts or omissions which form the basis of Plaintiff's Complaint occurred in the Southern District of New York. Accordingly, this case should be dismissed for improper venue.

### A.    Applicable Law

The requirement of proper venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." Leon C. Baker, P.C. v. Bennett, 942 F. Supp. 171, 175 (S.D.N.Y. 1996). "When venue is challenged, Plaintiff "bears the burden of demonstrating that a substantial part of the events or

- 4 -

omissions giving rise to the claim occurred in this district." <u>City of New York v. Cyco.net, Inc.,</u> 383 F. Supp. 2d 526, 543 (S.D.N.Y. 2005).

As the Lanham Act does not have its own venue provision, the general venue statute is applicable. <u>See</u> <u>Woodke v. Dahm</u>, 70 F.3d 983, 985 (8th Cir. 1995). The pertinent venue statute, 28 U.S.C. § 1391(b), provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

As pled, Plaintiff relies entirely on § 1391(b)(2), which allows an action to be litigated in a district in which a substantial part of the acts or omissions giving rise to the claim occurred. However, as the Court will see, a significant part of the alleged acts or omissions did not occur in the Southern District of New York, and the case should be dismissed for improper venue.

### B.    Argument and Analysis

Venue in this case does not lie in the Southern District of New York. Only one party to this suit resides in the Southern District of New York. Amended Complaint, ¶ 3 through ¶ 6. Testing Technologies[?] is a resident of Connecticut with its principal place of business in Connecticut. Id._¶ 3. Mo Media is a resident of Texas with its principal place of business in Texas. <u>Id.</u>, ¶ 5; Owens Dec., ¶ 3. Paul Owens is a resident of Texas. Amended Complaint, ¶ 5. MG Prep, Inc., the venue Plaintiff, is alleged to be resident of New York. <u>Id.</u>, ¶ 4. However, even if one of the Plaintiffs is a resident of New York, the Plaintiffs' residence is not

- 5 -

determinative of venue.  For venue purposes, the residency of the Defendants is what is

important.  Leroy v. Great Western United Corp., 443 U.S. 173, 184 (1979).  Since Mo Media

and Paul Owens are not residents of the Southern District of New York, the only issue for venue

is whether a substantial part of the alleged acts or omissions giving rise to the claim occurred in

the Southern District of New York.  As Mo Media will show, none of the alleged acts or

omissions giving rise to Plaintiff's claims occurred in Southern District of New York.

As discussed, Mo Media is in the business of selling test preparation materials.

Owens Dec.; Amended Complaint, ¶ 5.  To further its business, Mo Media researches, develops,

and sells its test preparation material through its web-site.  Id.  This website, www.Mo-

Media.com, like all Defendants' other websites, was designed, created, developed, and hosted in

the Eastern District of Texas.  Owens Dec., ¶16.  Mo Media's products and/or advertising has not

attacked or challenged any company or competitor in the Southern District of New York.  Id., ¶

8.  In fact, Mo Media's advertising and marketing does not even mention Plaintiffs' products.  Id.

This case has no real connection to the Southern District of New York.

With regard to Mo Media's contacts and actions with the district, as they relate to

Plaintiffs' allegations, the Southern District of New York is no different than any other district in

the United States, except for the Eastern District of Texas.  This case involves allegations that

Mo Media's non-comparative advertising (i.e. advertising that does not compare Plaintiff's and

Mo Media's products) is false or fraudulent.  Venue might be proper in the Southern District of

New York if Mo Media's product had caused an injury, or was the basis of a specific tort that

occurred in the Southern District of New York.  Further, if this was a trademark infringement

case, or if Mo Media had directed its marketing against a Plaintiff in the Southern District of

New York, venue might lie in the Southern District of New York.  However, none of those issues

- 6 -

{A061172.DOC\4}

are present in this case. The only connection, other than the newly added plaintiff, that this case

has to the Southern District of New York, is that Testing Technologies' attorney (who is also his

brother) is located in the Southern District of New York. If venue is proper in the Southern

District of New York under these facts, then venue would be proper in any district in any state

where a consumer purchased Mo Media's products. To allow venue to lie in the Southern

District of New York would essentially allow a Plaintiff to bring an action for non-comparative

false advertising under the Lanham Act wherever it chooses. In fact, for venue to be proper, a

substantial part of the acts or omissions giving rise to this claim must have occurred in this

district. However, none of the events or omissions alleged by Plaintiffs occurred in the Southern

District of New York. Accordingly, Mo Media requests that this case be dismissed for improper

venue.

## IV.    MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)

If the Court finds that the Southern District of New York is a proper forum, the

Court should transfer this case to the Eastern District of Texas for convenience and in the interest

of justice. The addition of MG Prep, Inc. notwithstanding, it is apparent that the only reason that

this case has been filed in the Southern District of New York is that Plaintiff's attorney resides

and practices in this district. That is irrelevant as a matter of law. Azari v. B&H Photo Video,

2007 WL 13101 at*3 (S.D.N.Y., Jan. 3, 2007). Any other connection to the Southern District of

New York is only nominal at best.

Mo Media does not deny that it does produce two study guides for New York

specific tests, and sells a small percentage of its products in New York. However, New York

study guides are not at issue in this case, do not compete against either Plaintiffs' products, nor

do they contain any of the allegedly false statements claimed by Plaintiffs. Owens Dec., ¶ 9. Mo

- 7 -

Media has never produced any advertising naming Plaintiffs, and the web-site content complained of does not mention Plaintiffs or their products. Id., ¶ 8. Mo Media has never targeted Plaintiffs with any of its web-based advertising or content, and therefore, has not directly harmed Plaintiffs in New York or anywhere else. When applying the applicable balancing test to the facts of this case, the balance clearly weighs in favor of transfer to the Eastern District of Texas. Accordingly, this case should be transferred to the Eastern District of Texas, the only district of proper venue.

> ### A.    Applicable Law

District courts may transfer a civil case to another district if transfer would be in the interest of justice and benefit "the convenience of the parties and witnesses." 28 U.S.C. § 1404(a). Under the statute, a two-step inquiry is required. First, the Court must establish whether the case could have been filed in the transferee district and if so, then determine whether the convenience and the interests of justice favor transfer. See, e.g., Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006). Once it is determined that the transferee court is a district of proper venue, the Court then applies the following test to determine if transfer is proper. In the Second Circuit these factors include: "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Am. Eagle Outfitters, Inc. v. Tala Bros. Corp., 457 F. Supp. 2d 474, 477 (S.D.N.Y. 2006). The balance of these factors clearly favor transfer.

- 8 -

B.    **Argument and Analysis**

1.    **The Eastern District of Texas is a Proper Forum**

There should be no dispute that the Eastern District of Texas is a proper forum.
Mo Media is a Texas Limited Liability Company that has its principal place of business in the
Eastern District of Texas.  All of Mo Media's alleged acts or omissions related to Plaintiffs'
claims would have occurred in the Eastern District of Texas.  Additionally, Paul Owens is a
resident of the Eastern District of Texas.  Certainly, the Eastern District is a proper forum.

2.    **The Balance of the Transfer Factors Favor Transfer to Texas.**

When applying the facts of this case to the following factors, it is clear that
transfer to Texas is required.

a.    **Convenience to Witnesses**

It has been held that this factor is arguably most important in deciding transfer
motions. See <u>AEC One Stop Group, Inc. v. CD Listening Bar, Inc.</u>, 326 F. Supp. 2d 525, 529
(S.D.N.Y. 2004).  Plaintiffs have alleged in this case that Mo Media has made false or fraudulent
statements on its web-site about its own products.  Plaintiffs will bear the burden in this case of
showing that the complained of statements are false.

The significant non-party witnesses in this case are Mo Media's current and
former employees, third-party contributors, and current and former contract writers, all of whom
are located in Texas.  Owens Dec., ¶ 15.  Specifically, the following non-party witnesses are
located in Texas:  Holly Claghorn: Austin, Texas; Jan Judice: Beaumont, Texas; Christie
Morrison: Kountze, Texas; Enoch Morrison: Lumberton, Texas; Fay Morrison: Lumberton,
Texas; and Nadine Skinner: Richmond, Texas.  Additionally, two of Mo Media's former third-

party contributors, Kelley O'Connor and Rita Hoover, now reside in Ponchatoula, Louisiana. Owens Dec., ¶15

All these non-party witnesses have key information related to Plaintiffs' allegations and Mo Media's defenses, as they have knowledge of the content of the complained of websites, many of them had editorial authority over the content of the websites, and have written content for the websites. None of these witnesses are current employees, owners, or contributors of Mo Media. These witnesses would not be available for trial in New York. Id. If trial were held in New York, Mo Media would have no legal means to compel their testimony.

In contrast, there are no potential non-party witnesses in New York. Rather, as far as Defendant is aware, all non-party witnesses and all key party witnesses in this case reside in Texas or Louisiana. Since any witness with any knowledge of MoMedia's website or marketing would be located in Texas or Louisiana, this factor favors transfer. Even if Plaintiffs identify some witness present in New York, the analysis remains the same. See Dwyer v. General Motors Corp., 853 F. Supp. 690, 693 (S.D.N.Y. 1994) ("It is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony.").

**b.    Location of Documents and Ease of Access to Sources of Proof**

All documentation related to Mo Media's websites are marketing are located in Texas. All of Mo Media's business and financial records are located in Texas. Owens Dec. ¶¶ 3, 5. To the best of Defendants' knowledge, all non-parties' records are located in Texas or Louisiana This factor strongly favors transfer to Texas.

- 10 -

### c.     Convenience of Parties

Only one party is present in the Southern District of New York.  New York is more convenient for Plaintiffs – but improper.  Conversely, Texas is more convenient for Mo Media than New York.  Obviously, transfer of this case will be more convenient for Mo Media. However, a family business like Mo Media should not be required to litigate a case of alleged false advertising in a forum 1500 miles away, simply because it is more convenient for the Plaintiffs.  This is especially true in this case, when Mo Media did not directly address Plaintiffs' business or products, nor directly compare its products to Plaintiffs'.  It would be a different case if Mo Media directed its advertising against Plaintiffs and compared its products against Plaintiffs' in its advertising.  Under the facts of this case, the convenience of parties favors transfer.

### d.     Locus of Operative Facts

None of the operative facts of this case will be located in or discovered in New York. The locus of operative facts is a "primary factor" in determining whether to transfer venue. Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, (S.D.N.Y. 2007).  In this case, Mo Media's website and its content, which Plaintiff alleges is false and fraudulent, was developed and created solely by individuals who reside in Texas and/or Louisiana. Owens Dec., ¶ 15.  In addition, decisions with regard to the design and marketing of Mo Media's products were made in Texas.  In fact, none of Mo Media's product development or marketing decisions have been made outside the State of Texas.  Owens Dec., ¶¶ 3, 5.  These facts favor transfer to the Eastern District of Texas.

- 11 -

e.     **The Availability of Process to Compel Attendance of Unwilling Witnesses.**

Mo Media's former employees, third-party contributors and writers related to Plaintiff's allegations are all located outside of the Southern District of New York. Accordingly, these people would not be subject to subpoena for trial. Therefore, this factor favors transfer to the Eastern District of Texas.

f.     **Relative Means of the Parties**

Mo Media is a closely held company that sells test preparation materials. Upon information and belief, Plaintiffs are also a closely held company. This litigation will be financially taxing on both parties. Mo Media is being sued in a forum with which it lacks sufficient contacts for venue and within which none of the alleged events giving rise to this claim occurred. Therefore, even if Mo Media has greater means than the Plaintiffs, this factor weighs in favor of transfer.

There is already litigation pending between the parties in Texas regarding the content and accuracy of Defendant's website www.testprepreview.com. Owens Dec., Ex. 1. Testing Technologies, Inc. has appeared, answered and is not challenging venue or jurisdiction therein. It is clearly fully capable of handling active litigation in Texas and is already doing so. Owens Dec., Ex. 2.

g.     **Forum's Familiarity with the Governing Law**

Plaintiffs' primary cause of action in this case is under the Lanham Act, a federal statute. Certainly, the United States District Court of the Eastern District of Texas has the capacity to interpret and apply federal law as this court would. Further, even though Plaintiffs make New York state law claims in addition to federal law claims, federal courts commonly

- 12 -

apply state substantive law, which may not be the law of the state in which the federal court sits.
See, e.g., 28 USC § 1367(a) (allowing a federal court to hear and decide a state law claim that
arises between citizens of the same state).   For this reason, courts have given this factor little
weight.  See, e.g. Prudential Sec. Inc. v. Norcom Dev., Inc., 1998 U.S. Dist. LEXIS 10569, at
*17 (S.D.N.Y. July 15, 1998).

### h.    Plaintiffs' Choice of Forum

Courts have held that a plaintiff's choice of forum should not be altered "unless
the balance of factors weighs strongly in favor of transfer." Caville v. Malibu Toys, Inc., 2004
U.S. Dist. LEXIS 12514 (S.D.N.Y. July 7, 2004).   However, in some circumstances, as in this
case, the plaintiffs' selection of forum is entitled to less deference.   First, as Courts of this district
have held, when the chosen forum is not plaintiff's home state the choice is given less deference.
See Kiss My Face Corp. v. Bunting, 2003 U.S. Dist. LEXIS 17096, 2003 WL 22244587, at *4
(S.D.N.Y. Sept. 30, 2003).   Second, Courts have accorded less deference to a plaintiff's choice of
forum if the case lacks material or significant contacts with the forum state. See Orb Factory,
Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998).   In this case, both
issues are present.   Neither the primary Plaintiff, Defendant Mo Media, nor the owners of either
company are located in the Southern District of New York.   It was only after venue was
challenged that Testing Technologies recruited an additional plaintiff to challenge venue.

The contacts that Mo Media, its products, and its advertising have with the
Southern District of New York are limited and not material.   Simply because Mo Media sells its
products in the Southern District of New York, does not establish a material connection with the
forum for venue.  See also Matra Et Manurhin v. Int'l Armament Co., 628 F. Supp. 1532, 1536
(S.D.N.Y. 1986) (finding that the sale of goods in a forum does not establish a material

- 13 -

connection to the forum if the goods are sold in many states). Mo Media sells its products

throughout the United States. The total sales of Mo Media's products in the Southern District of

New York were approximately 1.5% of its total business. Owens Dec., ¶ 6. Further, the total

sales of Mo Media's GMAT test materials were less than 0.07% in the Southern District of New

York. Id., ¶ 6.

   Since only MG Prep, Inc., the venue plaintiff, resides in New York, and the

complaints made by Plaintiffs have no significant connection with New York, Plaintiffs' choice

of forum should be given little or no deference in this case. Accordingly, this factor favors

transfer.

i.  **Trial Efficiency and the Interests of Justice**

   As discussed throughout this motion, Mo Media is being sued in a foreign

jurisdiction where it has never committed any actionable conduct. This factor looks to the ability

of the two forums to efficiently adjudicate this dispute. See Kwik Goal, Ltd. v. Youth Sports

Publishing, Inc., 2006 U.S. Dist. LEXIS 34460 (S.D.N.Y. May 31, 2006). Although this factor

is normally given little weight, when combined with the balance of the remaining factors, this

factor further shows that transfer is necessary.

   Mo Media seeks transfer from the Southern District of New York to the Eastern

District of Texas. According to www.uscourts.gov, the case load of the Texas court is much

lower, and the time in which a case gets to trial is much faster. In 2006, the Eastern District of

Texas had an average of 385 pending cases per judgeship and the time from filing to trial was

17.7 months. (Judicial Caseload Profile of the Eastern District of Texas, attached as Exhibit

"A") In the Southern District of New York, each judgeship had an average of 716 cases and the

time from filing to trial was 25.7 months. Judicial Caseload Profile of the Southern District of

- 14 -

New York, attached hereto as Exhibit B. Based upon these statistics, the Eastern District of

Texas would be more efficient to adjudicate this dispute against this Texas resident Mo Media.

Accordingly, this factor favors transfer.

Further, in Mattel, Inc. v. Procount Bus. Servs., 2004 U.S. Dist. LEXIS 3895

(S.D.N.Y. Mar. 10, 2004), court listed this factor as the "Totality of the Circumstances: Trial

Efficiency and the Interests of Justice." Id. at *14-15. When looking at the "totality of the

circumstances" the overwhelming weight of the factors, and the interest of justice favor transfer.

The law places Mo Media's residence and the location of the events giving rise to a claim as the

proper forum for a case to be litigated. In this case, the only district that qualifies is the Eastern

District of Texas.

## V.    CONCLUSION

This case should be dismissed or transferred to the Eastern District of Texas. The

only real connection this case has to New York is that Mo Media shipped a tiny fraction of its

products to New York and Plaintiffs' counsel is in New York. Even though Mo Media has

shipped some products to New York, Plaintiffs' allegations are not based upon any problem

caused by Mo Media's products there. Rather, the claim is based upon some perceived harm to

Plaintiffs caused by generic statements on Mo Media's web-site. That website was designed,

maintained, hosted, and developed in Texas. The only persons who have the vital knowledge of

how they created that site for Mo Media are non-party witnesses residing in Texas and

Louisiana. Owens Dec., ¶ 15. If this case is litigated in the Southern District of New York, Mo

Media will be denied the ability to obtain their testimony at any trial herein.

Plaintiff did not file this case in New York because some harm was caused to the

people of New York, but rather, it filed in New York because its lawyer is in New York. None

- 15 -

of the alleged events or omissions complained of by Plaintiffs occurred in New York.

Accordingly, New York is an improper venue and this case should be dismissed. Alternatively,

if New York is a proper venue the great weight of the factors for a transfer under § 1404(a) favor

transfer to the Eastern District of Texas.

Mo Media requests that this case be dismissed for improper venue, or

alternatively, that this case be transferred to the Eastern District of Texas, and for any other

relief, in law or in equity, for which Mo Media has shown itself to be entitled.

Respectfully submitted,

ROEBUCK & THOMAS, PLLC

By:      /s/    Jeffrey T. Roebuck
Jeffrey T. Roebuck
TBA # 24027812
2470 N. 11th Street
Beaumont, Texas 77703
409/892-8227
409/892-8318 (Fax)

COWAN, DeBAETS, ABRAHAMS &
SHEPPARD LLP

By: _____
Toby Butterfield
41 Madison Avenue
New York, NY 10010
212/874-7474
212/874-8474 (Fax)

*Attorneys for Defendant*

-- 16 --