UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TESTING TECHNOLOGIES INC. and          :   ECF CASE
MG PREP, INC.,                         :
                                       :
                    Plaintiffs,        :   07 Civ. 7360 (WHP)
                                       :
      -against-                        :
                                       :
MO MEDIA, LLC, PAUL OWENS, and         :
JOHN DOES 1-10,                        :
                                       :
                    Defendants.        :
                                       :
----------------------------------------------------------------x


## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS OR TRANSFER


COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, NY 10010
(212) 974-7474
*Attorneys for Defendant Mo Media, LLC*

{A061393.DOC/1}

## **TABLE OF CONTENTS**

STATEMENT ..................................................................................................................2

ARGUMENT ...................................................................................................................4

I. THE ACTION SHOULD BE DISMISSED FOR LACK OF VENUE UNDER 28 U.S.C. § 1391(B)(2) BECAUSE NO SUBSTANTIAL PART OF THE EVENTS OR ALLEGED OMISSIONS UPON WHICH PLAINTIFFS' CLAIMS ARE BASED OCCURRED IN THIS DISTRICT ............................................................................................................4

II. THE COURT SHOULD TRANSFER THE CASE TO THE EASTERN DISTRICT OF TEXAS, EVEN THE COURT CONCLUDED THERE IS A BASIS FOR VENUE HERE, IN THE INTEREST OF JUSTICE AND FOR THE CONVENIENCE OF PARTIES AND WITNESSES .............................6

    1. Convenience of Witnesses ..............................................................................7

    2. Locus of Operative Facts, Documents, and Sources of Proof .......................8

    3. Convenience of the Parties ............................................................................8

    4. Relative Means of the Parties ........................................................................8

    5. Familiarity with Governing Laws .................................................................9

    6. Plaintiffs' Choice of Form .............................................................................9

    7. Trial Efficiency and Interest of Justice ........................................................10

CONCLUSION ..............................................................................................................11

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS OR TRANSFER

Defendant Mo Media, LLC respectfully submits this reply memorandum of law and the accompanying declaration of Mason A. Weisz in support of Mo Media's motion to dismiss for improper venue or to transfer the action to the United States District Court for the Eastern District of Texas, where Mo Media has its sole place of business, and Paul Owens, co-owner of Mo Media, resides.[1]  F.R.Civ.P. 12(b)(3); 28 U.S.C. § 1391(b)(2); 28 U.S.C. §1404(a).

None of the events giving rise to the Lanham Act and parallel state claims occurred in this District. The alleged false statements on Mo Media's website, and other alleged activities, were created, disseminated, or done—if at all—in the Eastern District of Texas, the domicile of defendants and almost all of the persons involved in creation of Mo Media's website and its materials. The venue requirement protects defendants from an unfair or inconvenient forum far from the locus of relevant events and witnesses. Leroy v. Great Western United Corp., 443 U.S. 173, 183-184 (1979); Daniel v. Am. Bd. of Emergency Medicine, 428 F.3d 408, 431-434 (2d Cir. 2005); Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995). Even if venue were present here, the Court should transfer the case to the Eastern District of Texas, the locus of the relevant events and most important witnesses. 28 U.S.C. §1404(a). Daniel, supra; Gurtu, supra. The most important witnesses are in or near the Eastern District of Texas, including Mo Media's principals and independent contractors who created the websites and materials at issue. These witnesses are highly relevant to plaintiffs' case; Testing Technologies has already noticed the depositions of five such witnesses in Texas, four of whom are non-parties and non-employees.

---

[1]     Mr. Owens was not served with the summons and amended complaint until January 25, 2008. He will timely assert that this Court lacks personal jurisdiction and that venue is improper as to him individually, and will join in Mo Media's alternative motion to transfer the case to Texas.

## STATEMENT

Defendant Mo Media is a Texas limited liability company which authors and sells standardized test preparation materials for a wide range of different tests from its sole place of business in the Eastern District of Texas, where all of its employees are located and where its website and course materials were created and distributed by Mo Media personnel or by third party individuals located in Texas or Louisiana under agreements with Mo Media. Mo Media maintains a website, www.mo-media.com, in Texas from which 96% of its sales of materials are derived. See Declaration of Paul Owens dated January 10, 2008, ¶ 3 ("Owens Dec."). Mo Media has no employees or business associates in this District, does not purchase advertising in this District, and maintains no inventory in New York. Id., ¶¶ 3 and 6. Declaration of Mason Weisz dated Jan. 16, 2008 ("Weisz Dec."), ¶ 15, Exs. N, O.

Plaintiffs assert venue in this District under 28 U.S.C. § 1391(b)(2), claiming "that a substantial part of the events giving rise to the claims occurred in this district" (Amend. Compl. ¶ 8).[2] The only allegations supporting this assertion are that "[u]pon information and belief, MO MEDIA regularly transacts business within this district and is a direct competitor of plaintiffs and other companies that sell these types of products and services" (Id., ¶ 5). The only purported basis for venue as to Owens is the unsupported allegation that "[u]pon information and belief, OWENS directs and controls the activities of MO MEDIA and uses MO MEDIA as his agent for the transaction of business" (Id.). Plaintiffs' opposition is supported by a "declaration"

---

[2] The amended complaint asserts five claims: (1) false and misleading statements under the Lanham Act, 15 U.S.C. § 1125(a); (2) deceptive trade practices and false advertising under New York General Business Law §§ 349 and 350-a; (3) unfair competition; (4) misrepresentation; and (5) fraud (Amend. Compl., pp. 8-10). They are based on seventeen allegedly false statements, which plaintiffs claim were on Mo Media's web pages "[d]uring the past year," and upon the allegation that Mo Media used false and misleading statements to "encourage" educational institutions to include links to Mo Media's websites" (Amend. Compl. ¶¶ 13-29, 31-32). There is no allegation that any misleading or fraudulent representations were made to or relied upon by plaintiffs. Testing Technologies was formed on March 25, 2005; plaintiffs concede "most" of the allegedly false statements were removed in 2007. Ps. Opp. Mem. 5.

of Sean Selinger, who states that he is owner of plaintiff Testing Technologies, Inc., a Connecticut corporation with its place of business there ("TT"). "Declaration" of Sean Selinger ¶ 1 (undated) (Dkt #26) ("Selinger Dec.").[3] Plaintiff MG Prep, Inc.'s opposing papers largely adopt those of TT (Dkt ##27, 28).

Testing Technologies alleges its "primary website is www.800score.com" and that it prepares and distributes test preparation materials for GMAT, GRE, and LSAT exams (Amend. Compl. ¶ 3). That website contains no reference to Testing Technologies, Inc. and only refers to materials for the GMAT and GRE exams, not the LSAT. Plaintiff MG Prep, Inc. is a New York corporation, which alleges that "its primary website is www.manhattangmat.com" (Amend. Compl. ¶ 4). MG Prep offers classes to prepare for the GMAT tests and sells related materials, which cost substantially more than those of either Testing Technologies or Mo Media. Id. Thus, the parties offer quite different products -- Testing Technologies' claimed website only offers online courses; MG Prep primarily offers classroom classes; and Mo Media primarily offers printed books and flashcards for sale from its website.

Neither the complaint nor Sean Selinger's "declaration" establish that "a substantial part of the events and omissions giving rise to ..." plaintiffs' claims "occurred" in the Southern District of New York, which is essential for venue in this District. 28 U.S.C. § 1391(b)(2). Selinger's "declaration" does not establish that he is a competent witness to testify as to the wide-ranging factual assertions he makes about the test preparation industry in general or about various specific test prep companies, other than TT, or as to the results as to various

---

[3]   The Selinger "declaration" as filed and served is undated, is missing portions of ¶¶ 8 and 9, and does not contain the statement required by 28 U.S.C. § 1746 to qualify as a substitute for an affidavit.

supposed Google searches and Google's PageRank™ algorithm.[4] Many of his wide-ranging assertions are unsupported by documentary evidence and much is hearsay; his asserted "beliefs" about Mo Media and other subjects are not evidence. Many of his assertions concern matters well outside the scope of the complaint and this motion, such as allegations of "Google bombing," manipulation of Google page ranking, *inter alia*. Selinger Dec. ¶¶ 8-10.[5]

## ARGUMENT

### I. THE ACTION SHOULD BE DISMISSED FOR LACK OF VENUE UNDER 28 U.S.C. § 1391(b)(2) BECAUSE NO SUBSTANTIAL PART OF THE EVENTS OR ALLEGED OMISSIONS UPON WHICH PLAINTIFFS' CLAIMS ARE BASED OCCURRED IN THIS DISTRICT.

"[T]he purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy, 443 U.S. at 183-184 (venue improper in Texas where plaintiffs challenge validity of enactment of Idaho statute); Daniel, 428 F.3d at 431-434; Woodke, 70 F.3d at 985. The Supreme Court in Leroy recognized that it is "unusual" for a claim to arise in more than "one specific district …," and

---

[4] Google's method of ranking websites is a closely guarded trade secret based on "thousands of factors." www.google.com/explanation.html (explaining anomalous search results).

[5] Selinger's "declaration" significantly misdescribes the claims asserted in the complaint, which makes no claim of "deceptive proxy sites and tortious interference," "fraudulently elevated status with Google," and does not allege "intimidation." Selinger Dec. ¶¶ 6 and 11. All of the parties' websites tout the quality and superiority of their products and services by emphasizing the qualities and experience of the authors of their materials and/or their teachers. See Weisz Dec., Exs. C, H, K. Mo Media's alleged statements are expressions of opinion and/or well within the range of acceptable "puffery" common to most commercial advertising. Time Warner Cable, Inc. v. DIRECTTV, Inc., 497 F.3d 144, 159-1161 (2d Cir. 2007); Lipton v. The Nature Co., 71 F.3d 464, 474 (2d Cir. 1995). In addition, www.800score.com and www.manhattangmat.com, plaintiffs' claimed websites, both employ what appear to be "proxy" sites which purport to provide "disinterested" information about GMAT and LSAT tests, but direct test prep inquiries only to plaintiffs' claimed sites and that of Veritas Prep. See Weisz Dec., Exs. D, E, F, G.

Selinger's assertions regarding Mo Media's supposed manipulation of Google's page ranking system is outside the scope of the claims. However, Google itself explains that its PageRank™ software is complex and "goes far beyond the number of times a term appears on a page and examines dozens of aspects of the page's content …," all of which "make human tampering with our search results extremely difficult." www.google.com/technology and www.google.com/corporate/tech.html. Google's Terms of Service expressly exclude warranties as to its searches and provides its searches on an "as is" basis. www.google.com/accounts/TOS. Google's page rankings are legally no more than an expression of Google's opinion and are not actionable. Search King Inc. v. Google Technology, Inc., 2003 WL 21464568 (E.D. Okla., No. Civ-02-1457-M, May 27, 2003); see Kinderstart.com, LLC v. Google, Inc., 2007 WL 831806, 20007-1 Trade Cases ¶ 75,643 (N.D. Cal., No. C 06-2057 JF (RS), Mar. 16, 2007).

"that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts." Id. at 185. The requirement of proper venue serves the dual purpose of protecting defendants from having to defend claims in a remote, inconvenient forum, and of protecting courts and juries from having to resolve disputes which have no substantial connection with their venue. Id.

Plaintiffs' sole basis for venue in this District is their allegation that "a substantial part of the events giving rise to the claims occurred in this district," relying upon 28 U.S.C. § 1391(b)(2) (Amend. Compl. ¶ 8). Mo Media's motion to dismiss for lack of venue and the accompanying declaration of Paul Owens, one of Mo Media's two owners, demonstrate that there is no basis for venue in this District because no substantial, indeed, none of the events underlying the claims arose in this District. See Daniel v. Am. Bd., supra.

Mo Media is a Texas legal entity, with its sole place of business in the Eastern District of Texas. Its employees, business records, and computers are there, as are all of the persons, including non-party independent contractors, who prepared website and test preparation materials for Mo Media, and of whom live in or near the Eastern District of Texas. Owens Dec. ¶¶ 15. All of the allegedly false statements of Mo Media upon which plaintiffs' claims are based were contained on Mo Media's internet website, the contents of which were created in Texas by Texans and disseminated from Texas.[6] In short, all of defendants' alleged acts, upon which the claims are based, occurred in Texas, not in this District. "Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." Woodke, 70 F.3d at 985.

---

[6] None of the allegedly false statements contained on Mo Media's website refer to plaintiffs or any other test prep company and are, at worst, sales puffery similar to that on other test prep websites. Time Warner Cable, supra; Lipton, supra. Mo Media's touting of the quality of its products is similar to statements on plaintiffs' websites, which assert the superior quality of their materials and the personnel who create them or, the case of MG Prep, those who teach their classes. See Weisz Dec., Exs. G, H, K. As anyone who uses the internet or watches television knows, puffery in commercial advertising is pervasive.

Plaintiffs' speculative claim that defendants' acts in Texas caused them to lose customers in New York does not establish venue here. Id.

The venue statute is only concerned with activities of a defendant that are sufficient to require it to defend in the particular district. 28 U.S.C. § 1291(b)(2). The residence and business activities of plaintiffs are completely irrelevant to the issue of proper venue. Leroy, supra; Woodke, supra. Thus, plaintiffs' focus upon their supposed activities and customers and other test companies in this District are irrelevant. Plaintiff Testing Technologies, Inc. is a Connecticut corporation with its principal place of business in Wilton, Connecticut (Amend. Compl. ¶ 3). Testing Technologies does not allege that it is engaged in business activities in this District nor it explain why this Court should burden its judges with a dispute between a Connecticut corporation and a Texas corporation where none of the alleged events or omissions took place in this District.[7] Testing Technologies persuaded MG Prep, Inc. to join as plaintiff, but that does not change the law -- only the defendant's activities can provide a basis for venue, not a plaintiff's. Leroy, 443 U.S. at 183-185.

## II. THE COURT SHOULD TRANSFER THE CASE TO THE EASTERN DISTRICT OF TEXAS, EVEN THE COURT CONCLUDES THERE IS A BASIS FOR VENUE HERE, IN THE INTEREST OF JUSTICE AND FOR THE CONVENIENCE OF PARTIES AND WITNESSES.

Mo Media's motion alternatively seeks to transfer this case to the Eastern District of Texas "[f]or the convenience of parties and witnesses, in the interest of justice ...." 28 U.S.C. § 1404(a). In deciding whether to transfer to another district where it could have been brought,

---

[7] The mere fact that a defendant operates an internet website which is open for viewing to anyone in the world does not even subject that defendant to personal jurisdiction under the New York long-arm statute, CPLR § 302(a)(3), on that basis alone, much less establish proper venue in a jurisdiction simply because the content of a remote website can be viewed in that jurisdiction. Bensusan Restaurant Corp. v. King, 126 F.3d 25 (2d Cir. 1996), aff'g Bensusan Restaurant Corp. v. King, 937 F.Supp. 295 (S.D.N.Y. 1996) (defendant not subject to personal jurisdiction in New York based upon use of plaintiff's registered trademark on website for local jazz club in Missouri); see Warner Bros. Entertainment Inc. v. Ideal World Direct, 516 F.Supp.2d 261 (S.D.N.Y. 2007).

the Court may consider and balance at least eight factors. Daniel v. Am. Bd. Of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005); Gurtu v. Northgate Tenants Corp., 2006 WL 3634839 (S.D.N.Y., 06 Civ. 14255 (WHP), Dec. 13, 2006). See Mo Media Motion 8.

Plaintiffs admit that they could have brought this action in Texas, where defendants reside, Plaintiffs' Memo. of Law in Opp. To Defendant's Motion to Dismiss or Transfer 15 ("Ps. Opp. Mem."), satisfying the threshold requirement for transfer. 28 U.S.C. § 1404(a). The remaining factors strongly support transfer. See Mo Media Motion 8-15.

1. **Convenience of Witnesses**. The convenience of witnesses, particularly non-party witnesses, is perhaps the most important factor. Plaintiffs bear the burden of proving their claims, all of which are based upon allegedly false statements created and disseminated by Mo Media in Texas. All of Mo Media's non-party witnesses are in Texas and two of its former contributors to its materials are in Ponchatoula, Louisiana, Mo Media Memo. Law 9-10. None of these non-party witnesses could be compelled to testify in this District.[8] Mo Media does not expect to have any non-party witnesses from this District. It is, of course, highly preferable for the trier of fact to be able to hear live testimony of the relevant witnesses.

Plaintiff Testing Technologies is a Connecticut corporation with its principal place of business in Connecticut, where its owner, Sean Selinger, has his business address and residence (Weisz Dec., Ex. A). Testing Technologies' opposition claims that several of its non-party witnesses are in this District, but two others it identifies are in Upstate New York, so their live testimony could not be compelled. See Ps. Opp. Mem. 16-18.

---

[8] Plaintiffs erroneously suggest that any non-party witnesses related to Mo Media's principals could not provide "objective and relevant information." Ps. Opp. Mem. 16. Related witnesses testify all the time in divorce, custody, probate, and criminal proceedings; it is for the trier of fact to weigh probativeness and credibility. It seems likely that plaintiffs have business relationship that might affect their evidence as well. Testing Technologies is in no position to be critical of family relationships in this case.

2.  **Locus of Operative Facts, Documents, and Sources of Proof**. The locus of the operative facts, including Mo Media's office, employees, and non-party independent contractors involved in preparation of website and test materials are in Texas or nearby in Louisiana. See Owens Dec. ¶¶ 3-9, 15. Texas is the locus of the most important proof for the claims asserted (Amend. Compl. ¶¶ 13-29). None of the alleged statements refer to either plaintiff directly or indirectly (Id.). Neither plaintiff is a customer or purchaser of Mo Media's test preparation products. Whatever Mo Media allegedly did, it did in the Eastern District of Texas. Though Mo Media has sold a very small quantity of materials to New York customers, plaintiffs' claims are not based upon or related to those sales. Thus, New York is not the situs of any of the alleged false statements and plaintiffs do not claim that they were deceived by any such statements. See Bensusan, supra.

3.  **Convenience of the Parties**. It is obviously more convenient for defendants to litigate this case in Texas. In many ways, Texas is more convenient for plaintiffs as well, because they could compel the live testimony of non-party witnesses in Texas with whom Mo Media has dealt in conducting its business, which they cannot do in this District. Testing Technologies will have to transport whatever relevant business records it has from Connecticut, regardless of forum. Though MG Prep is apparently headquartered in New York City, it offers test preparation classes in major cities across the United States, so that its business is as much national as local to New York City. www.manhattanprep.com. Weisz Dec., Exs. F-I.

4.  **Relative Means of the Parties**. Testing Technologies speculates that it has more limited resources than Mo Media, but there is no documentary evidence supporting this speculation. Ps. Opp. Mem. 12. Testing Technologies claims it has "high R & D expenditures" but does not explain why or what this means, or what they are. Id. In light of the fact that

Testing Technologies chose a forum where it is not based and has no records or personnel, this factor does not favor venue in this District. In addition, Testing Technologies is already defending the defamation case brought against it by defendant Paul Owens in Texas. Further, Testing Technologies has already scheduled or noticed eleven depositions -- five in Texas, three in Upstate New York, and three in New York City, so it evidently has the resources to aggressively pursue this litigation in either forum.

5. **Familiarity with Governing Law**. Familiarity with the governing law is "generally given little weight in federal courts." AEC One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F.Supp.2d 525, 531 (S.D.N.Y. 2004). The United States District Court for the Eastern District of Texas is equally familiar with federal claims under the Lanham Act, plaintiffs' principal claims in this case. Thus, there is no advantage to retaining the case in this Court on that basis. Plaintiffs' New York statutory claim (which parallels the Lanham Act claims) and common law claims of misrepresentation and fraud are all based upon the same set of operative facts, which arose in Texas. Federal judges routinely deal with state law claims in different states. A federal district judge in the Eastern District of Texas can readily address any such issues.

6. **Plaintiffs' Choice of Forum**. Testing Technologies is not entitled to deference as to its choice of forum because it is not based in this District. Herbert Ltd. Partnership v. Electronic Arts Inc., 325 F.Supp.2d 282, 291 (S.D.N.Y. 2004); NBA Properties, Inc. v. Salvino, Inc., 2000 WL 323257 at *9 (S.D.N.Y., 99 Civ. 11700, Mar. 27, 2000). Testing Technologies' Connecticut-based business is the delivery of test preparation materials for use over the internet. This does not lend any significant weight to its choice of this forum.

New plaintiff MG Prep, Inc., a New York corporation, does not assert new claims or allegations which provide any more nexus with this District. MG Prep has a different business model from both Testing Technologies and Mo Media; it focuses exclusively on the GMAT test and offers face-to-face classes and materials to students in eight major cities across the United States. www.manhattangmat.com (Weisz Dec. Ex. H). Mo Media is not a competitor of MG Prep because it does not offer classes, which are the core of MG Prep's business. See Declaration of Andrew Wang dated Feb. 1, 2008 (Dkt #27), and MG Prep's website. To the extent MG Prep "chose" this District as a forum, that is not entitled to any significant weight, under the circumstances, since the defendants are outside New York "and the critical decisions that underlie the plaintiffs' claims were made outside New York ...." Azari v. B & H Photo Video, 2007 WL 13101 at *2 (S.D.N.Y., 06 Civ. 7825, Jan. 3, 2007).

7.  **Trial Efficiency and Interests of Justice**. The factors of trial efficiency and the interests of justice favor transfer to the Eastern District of Texas. As explained above, all of the operative facts are based in Texas, as well as almost all of the witnesses involved in the challenged activities, and all of Mo Media's books and records and computers are located in Texas. None of the operative facts arise from any activity of Mo Media in this District. Testing Technologies is based in Connecticut, not New York. Trial efficiency and the interests of justice dictate that the trial in this case be held in the District where the allegedly false statements were created and disseminated, *i.e.*, in the Eastern District of Texas.

## CONCLUSION

For the foregoing reasons and those set forth in Mo Media's moving papers, the Court should dismiss the action for lack of venue, or alternatively transfer the action to the

United States District Court for the Eastern District of New York, and grant such other and further relief as the Court deems proper under the circumstances.

                              Respectfully submitted,

Dated: February 11, 2008                COWAN, DEBAETS, ABRAHAMS
       New York, New York                           & SHEPPARD LLP

                              By:      /s/ Al J. Daniel, Jr.
                                    Toby M.J. Butterfield (TB 8859)
                                    Al J. Daniel, Jr. (AD 9333)
                                    Mason A. Weisz (MW 5954)
                                 41 Madison Avenue, 34th Floor
                                 New York, New York 10010
                                 Tel: (212) 974-7474
                                 *Attorneys for Defendant Mo Media, LLC*