## COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
### ATTORNEYS AT LAW

FREDERICK P. BIMBLER
TOBY M. J. BUTTERFIELD
AL J. DANIEL, JR.*
TIMOTHY J. DEBAETS
ROBERT I. FREEDMAN
ELLIS B. LEVINE
MITCHELL E. RADIN
ROBERT L. SEIGEL
J. STEPHEN SHEPPARD
RALPH J. SUTTON
KENNETH N. SWEZEY
DAVID BRUCE WOLF
NANCY E. WOLFF

ZEHRA J. ABDI
LISA K. DIGERNES
MATTHEW A. KAPLAN°
M. KILBURG REEDY
MASON A. WEISZ

PHILIP M. COWAN (1943-2001)
HOWARD ABRAHAMS (1945-1996)

February 4, 2008

tbutterfield@cdas.com

OF COUNSEL:
ANNE C. BAKER
JUDITH A. BRESLER
JERROLD B. GOLD
ALBERT GOTTESMAN
ROGER E. KASS
MICHAEL D. REMER
ROBERT F. VAN LIEROP

CORRESPONDENT FIRM:
DONALDSON & HART
9220 SUNSET BLVD. STE. 224
LOS ANGELES, CA 90069
(310) 273-8394

*ALSO ADMITTED IN CA & DC
°ALSO ADMITTED IN NJ
†ALSO ADMITTED IN AR & DC



Honorable William H. Pauley III
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street, Room 2210
New York, NY 10007-1581

**By Federal Express**

Re:   Testing Technologies, Inc. *et al.* v. Mo Media, LLC *et al.*, 07 Civ. 7360 (WHP)

Dear Judge Pauley:

    We represent defendant Mo Media LLC in the above-captioned action. We write in response to the letter to Your Honor dated February 1, 2008 from John S. Selinger, Esq., counsel for plaintiff Testing Technologies, Inc. ("Testing Technologies"), and to request a brief adjournment of oral argument on defendant's motion to transfer venue.

    We do not believe court intervention on discovery is needed at this point. We have been attempting in good faith to find mutually convenient dates for the eight depositions which Testing Technologies had noticed as of January 30, 2008. On February 1, 2008, we faxed Mr. Selinger the enclosed letter regarding depositions. See Exhibit A. Apparently that crossed in the mail with his February 1 letter to Your Honor. We indicated we would consult with our client today and provide possible deposition dates, which we did. See Exhibit B.

    Remarkably, Mr. Selinger's February 1, 2008 letter to Your Honor enclosed deposition notices he served that very day, seeking depositions of three non-party individuals – Christine Morrison, Enoch Morrison, and Fay Morrison – on February 11, 2008 in Beaumont, Texas. This is the first time Testing Technologies has noticed those depositions of these non-parties.

    The short notice given by Testing Technologies for these three depositions in Beaumont, Texas is inadequate. They are also scheduled for the date when Mo Media's reply papers are due to be served and filed in support of its motion to dismiss or transfer the case. In addition, it is also the due date for Mo Media's responses to Testing Technologies' Request for Production of Documents and Things, which consist of 61 discrete requests, some of which are actually contention

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

Honorable William H. Pauley III
United States District Judge
February 4, 2008
Page 2

interrogatories. Testing Technologies is trying to burden us with depositions, document and interrogatory discovery and a reply brief on the same day at opposite ends of the country.

On January 18th -- the Friday before the Martin Luther King Holiday -- Mr. Selinger faxed me letters indicating it intended to take the depositions of Paul Owens and Peter Morrison on January 30 and 31, 2008, but sent the notices by regular mail, so that they were not received until the following week. On January 22, 2008, after receiving the notices of these depositions, I wrote to Mr. Selinger advising that these deponents were not available on the scheduled dates. Plaintiff also tried to schedule three depositions in Upstate New York, but did not propose other dates when we said those he unilaterally picked were not good for us. Today we learned that on January 30, 2008, the day before he wrote to the Court, plaintiff's counsel served another three non-party deposition notices—for February 14, 15 and 18, 2008—although he only faxed those notices to our client's counsel in Texas, not to us. We received no such notices. Plaintiff has therefore noticed a total of eleven depositions, contrary to Fed. R. Civ. P. 30(a)(2)(A)(i).

This case has been pending for many months. Plaintiff's sudden rush to schedule a large number of depositions was prompted by our motion to transfer, and is an attempt to generate evidence that non-party witnesses are nearby. In fact, it simply emphasizes that the witnesses upstate and in Texas are not close enough to be subpoenaed for trial here anyway. Efficiency dictates that documents should be produced before depositions take place, something plaintiff does not wish to wait for. But there is no hurry: fact discovery does not end until May 30, 2008.

We suggest the parties confer in good faith, as we were attempting to do, and present any unresolved issues at oral argument of the transfer motion, currently scheduled for March 7, 2008. As my client has now asked me to argue that motion, <u>I must unfortunately ask whether the Court can reschedule that oral argument, as I will be in England that day to attend my brother's wedding.</u> As the enclosed letters show, I asked Mr. Selinger to consent to move the oral argument to an <u>earlier</u> date. He did not object to rescheduling, but said he was unavailable before March 7. If we must proceed on that day, I can arrange for a colleague to argue in my stead.

We look forward to hearing from the Court as to how it wishes to deal with these matters.

Respectfully yours,

Toby M.J. Butterfield

Encs.
cc:   John S. Selinger, Esq., Zeccola & Selinger LLC
      Attorneys for Plaintiff Testing Technologies, Inc. (by fax to 845-294-3507)

      Thomas M. Furth, Esq., Kudman Trachten Aloe LLP
      Attorneys for Plaintiff MG Prep, Inc. (by fax to 212-868-0013)

{A061356.DOC/1}

*[Handwritten note:]* Application granted. The oral argument is adjourned to March 14, 2008 at 11:00 a.m. SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
2/13/08