UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TESTING TECHNOLOGIES INC. and        :   ECF CASE
MG PREP, INC.,                       :
                                     :
                    Plaintiffs,      :   07 Civ. 7360 (WHP)
                                     :
    -against-                        :
                                     :
MO MEDIA, LLC, PAUL OWENS, and       :
JOHN DOES 1-10,                      :
                                     :
                    Defendants.      :
                                     :
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PAUL OWENS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(2) AND (3) AND
<u>MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)</u>**

COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, NY 10010
(212) 974-7474
*Attorneys for Defendant Paul Owens*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... ii

STATEMENT ........................................................................................................... 1

ARGUMENT ............................................................................................................ 4

I.    OWENS IS NOT SUBJECT TO PERSONAL JURISDICTION
      IN NEW YORK .............................................................................................. 4

      A.    Plaintiffs Cannot Establish General Jurisdiction
             Under CPLR § 301 ............................................................................ 5

      B.    Plaintiffs Cannot Establish Specific Jurisdiction Over Owens
             Under the New York Long-Arm Statute, CPLR § 302 .................... 6

      C.    Exercise of Jurisdiction Over Owens Would
             Violate Due Process ......................................................................... 9

II.   IF THE COURT DOES NOT DISMISS FOR LACK OF JURISDICTION,
      IT SHOULD DISMISS FOR IMPROPER VENUE OR TRANSFER
      THE CASE TO THE EASTERN DISTRICT OF TEXAS UNDER
      28 U.S.C. § 1404(a) ..................................................................................... 10

CONCLUSION ....................................................................................................... 10


## **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

Ball v. Metallurgie Hoboken-Overpelt, 902 F.2d 194 (2d Cir. 1990) ...................... 5

Bensusan Restaurant Corp. v. King, 126 F.3d 25 (2d Cir. 1997) ...................... 4, 7

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) ........................................ 9

Burns v. Grupo Mexico S.A. De C.V., 2007 WL 4046762 07 Civ. 490
    (JFK), July 6, 2006) ................................................................................. 10

(888) Justice, Inc. v. Just Enterprises, Inc., 2007 WL 2398504 (S.D.N.Y.,
    06 CV 6410 (GBD), Aug. 22, 2007) ........................................................... 8

Hoffritz for Cutlery, Inc v. Amajac, Inc., 763 F.2d 55 (2d Cir. 1985) ...................... 5

Intl Flavors & Fragrances, Inc. v. Van Eeghen Intl, B.V., 2006 WL
    1876671 (S.D.N.Y., 06 CIV. 490 (JFK), JULY 6, 2006) ................................ 8

International Shoe Co. v. Washington, 326 U.S. 310 (1945) ............................... 9

Kernan v. Kurz-Hastings, Inc., 175 F.3d 236 (2d Cir. 1999) ................................ 4

Landoil Resources Corp. v. Alexander & Alexander, Inc., 918 F.2d 1039
    (2d Cir. 1990) ............................................................................................ 5

Mareno v. Rowe, 910 F.2d 1043 (2d Cir. 1990) .................................................. 8

Metropolitan Life Insurance Co. v. Robertson-Ceco Corp., 84 F.3d 560 (2d
    Cir. 1996) .................................................................................................. 6

Overseas Media, Inc. v. Skvortsov, 407 F. Supp. 2d 563 (S.D.N.Y. 2007) ....... 5, 8

Rescuecom Corp. v. Hyams, 477 F. Supp. 2d 522 (N.D.N.Y. 2006) .................... 8

In re Ski Train Fire in Kaprun, Austria, 230 F. Supp. 2d 403 (S.D.N.Y.
    2002) ......................................................................................................... 5

Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC, 450 F.3d
    100 (2nd Cir. 2006) ................................................................................... 6

Warner Brothers Entertainment Inc. v. Ideal World Direct, 516 F. Supp. 2d
    261 (S.D.N.Y. 2007) .................................................................................. 4

Wiwa v. Royal Dutch Petroleum Corp., 226 F.3d 88 (2d Cir 2000) ....................... 5

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) ....................... 9

**STATE CASES**

Frummer v. Hilton Hotels, International Inc., 19 N.Y.2d 533, cert. enied,
    532 U.S. 941, 121 S. Ct. 1402 (2001) ........................................................... 5

**STATUTES**

15 U.S.C. 1125(a) ........................................................................................... 1

28 U.S.C. 1404(a) ..................................................................................... 1, 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TESTING TECHNOLOGIES, INC., and<br>MG PREP, INC.<br>    *Plaintiff*<br><br>v.<br><br>MO MEDIA, LLC., PAUL OWENS, and<br>JOHN DOES 1-10<br>    *Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ECF<br><br><br><br>Civil Action No. 07 Civ 7360 (WHP) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PAUL OWENS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(2) AND (3) AND MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Defendant Paul Owens ("Owens") respectfully submits this memorandum of law and accompanying declaration of Paul Owens dated February 14, 2008 in support of his motion to dismiss for lack of personal jurisdiction and improper venue, F.R.Civ.P. 12(b)(2) and (3), and his alternative motion to transfer the action to the Eastern District of Texas.  28 U.S.C. § 1404(a).

### STATEMENT

Plaintiff Testing Technologies, Inc. filed its original complaint on August 17, 2008 only against defendant Mo Media LLC, a Texas limited liability company (Dkt #1), alleging violations of the Lanham Act 15, U.S.C. § 1125(a), New York General Business Law §349 and 350-a, and common law unfair competition.  These claims were based solely on specific, allegedly false statements on Mo Media's website.  Testing Technologies' original complaint makes no reference at all to Owens.

On September 27, 2007, Owens filed an original petition against Testing Technologies, Inc. Sean Selinger ("Selinger"), owner of Testing Technologies, in the

state District Court of Hardin County Texas, asserting claims of defamation and intentional infliction of emotional distress based upon allegedly defamatory statements made by Selinger, individually and on behalf of his company, Testing Technologies. See Declaration of Paul Owens dated January 10, 2008, Exhibit A, submitted in support of Mo Media's pending motion to dismiss for lack of venue or to transfer.

Testing Technologies filed a first amended complaint in this Court on December 12, 2007, evidently in response to Owens' suit for defamation in Texas. This amended complaint added Owens as a party defendant and MG Prep, Inc., as an additional plaintiff, with additional claims of misrepresentation and fraud, though based largely upon the same allegations of false statements on Mo Media's website.

The only asserted bases in the amended complaint for adding Owens as a defendant is the fact that Owens is a co-owner of Mo Media and the unsupported allegation that "[u]pon information and belief, OWENS directs and controls the activities of MO MEDIA and uses MO MEDIA as his agent for the transaction of business" (Amend. Compl. ¶ 5) (Dkt. #12).

On January 11, 2008, Mo Media filed a motion to dismiss the action for improper venue or to transfer this action to the Eastern District of Texas. At that time, Owens had not yet been served with the summons and amended complaint.

Mo Media owns and operates a website for the sale of study guides and flashcards for numerous different standardized tests, all from its offices in the Eastern District of Texas. All of Mo Media's website material, study guides, and flashcards are created by Mo Media, its employees or independent contractors in or near the Eastern District of Texas. Plaintiffs allege that they have been harmed by allegedly false

statements on Mo Media's website, though Plaintiffs are not referred to by name or direct implication.

Owens is the co-owner and an officer of Mo Media. *See* accompanying Declaration of Paul Owens ¶ 1 ("Owens Decl."). Owens resides in Hardin County, Texas, within the Eastern District of Texas (Owens Decl. ¶ 3). Mo Media's business is based solely in Southeast Texas and all business decisions, website design, product shipments, and product support is done in Southeast Texas (Owens Decl. ¶ 3). The information on the websites complained of by Plaintiffs was developed by the company to promote the company's products (Owens Decl. ¶ 5). Owens is involved in Mo Media's websites only in his capacity as an owner and officer of Mo Media and on behalf of and in furtherance of its business (Owens Decl. ¶ 5).

Owens has never traveled to New York or the Southern District of New York for business, and has only physically been present in New York on one occasion for a family vacation (Owens Decl. ¶ 6). Owens does not personally conduct or solicit business in New York, does not have anyone working on his behalf in New York, has not committed any tort in New York or elsewhere which caused any injury in New York, and had no expectation that he would be subject to suit in New York, merely as an owner and officer of Mo Media in Texas (Owens Decl. ¶¶ 9-18). He does not transact any business in his individual capacity, does not have any inventory, distributors, employees, or offices in the Southern District of New York, nor does he personally have inventory, distributors, employees, products for sale, or offices anywhere (Owens Decl. ¶ 7). Owens has no bank accounts, no telephone number, and no other property in New York (Owens ¶¶ 11-12).

## ARGUMENT

I. <u>**OWENS IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK**</u>.

This action against Owens should be dismissed for lack of personal jurisdiction under F.R.Civ.P. 12(b)(2). Plaintiffs' only asserted basis for personal jurisdiction over Owens, a Texas resident, is the fact that he is a co-owner of defendant Mo Media, a Texas company located in Texas, and the naked, conclusory assertion that, "[u]pon information and belief, OWENS directs and controls the activities of MO MEDIA and uses MO MEDIA as his agent for the transaction of business" (Amend. Compl. ¶ 5). Such a generalized allegation is insufficient to establish personal jurisdiction over Owens in this case. See <u>Warner Bros. Entertainment Inc. v. Ideal World Direct</u>, 516 F.Supp.2d 261, 267 (S.D.N.Y. 2007).

Owens is not doing business in New York and is not present here for purposes of general jurisdiction under CPLR § 301; the amended complaint does not allege that he is. The amended complaint also does not allege any basis for exercise of specific jurisdiction over Owens under the New York long-arm statute. CPLR § 302(a). Additionally, the exercise of personal jurisdiction over Owens would violated due process.

Personal jurisdiction over a non-domiciliary defendant in a diversity or federal question case is determined by reference to the law of the state in which the court sits. <u>Bensusan Restaurant Corp. v. King</u>, 126 F.3d 25, 27 (2d Cir. 1997). On a motion to dismiss for lack of personal jurisdiction, Plaintiffs bear the burden of alleging and showing that the Court has grounds to exercise personal jurisdiction over Owens. <u>Kernan v. Kurz-Hastings, Inc</u>., 175 F.3d 236, 240 (2d Cir. 1999). Plaintiffs cannot carry

4

their burden and this Court should dismiss the action against Owens for lack of personal jurisdiction.

### A. Plaintiffs Cannot Establish General Jurisdiction Under CPLR § 301

Plaintiffs do not allege and cannot show that New York has general jurisdiction over Owens. They cannot meet the heavy burden of proving the Owens is present in New York for all purposes. Under CPLR §301, Plaintiffs must affirmatively establish by a preponderance of the evidence that Owens is "doing business in" New York. To do so, Plaintiffs must demonstrate that Owens engaged in "continuous, permanent, and substantial activity in New York." Landoil Res. Corp. v. Alexander & Alexander, Inc., 918 F.2d 1039, 1043 (2d Cir. 1990); In re Ski Train Fire in Kaprun, Austria, 230 F. Supp. 2d 403, 407 (S.D.N.Y. 2002). "Casual or occasional activity does not constitute doing business," Id. Courts have repeatedly confirmed that "[t]he 'doing business' standard is a stringent one," Ball v. Metallurgie Hoboken-Overpelt, 902 F.2d 194, 198 (2d Cir. 1990), and requires demonstrating that the defendant satisfies the following criteria:

> (1) whether the company has an office in the state; (2) whether it has any bank accounts or other property in the state; (3) whether it has a phone listing in the state; (4) whether it does public relations work there; and (5) whether it has individuals permanently located in the state to promote its interests.

Wiwa v. Royal Dutch Petroleum Corp., 226 F.3d 88, 98 (2d Cir 2000) (Leval, J.) (citing Hoffritz for Cutlery, Inc v. Amajac, Inc., 763 F.2d 55, 58 (2d Cir. 1985); Frummer v. Hilton Hotels, Int'l Inc., 19 N.Y.2d 533, 537), cert. denied, 532 U.S. 941, 121 S. Ct. 1402 (2001); Overseas Media, Inc. v. Skvortsov, 407 F.Supp.2d 563, 567-572 (S.D.N.Y. 2007); In re Ski Train Firein Kaprun, Austraia, 230 F. Supp.2d 403, 407 (S.D.N.Y. 2002. Owens does not satisfy any of these factors. See generally, Declaration of Paul Owens. In fact, the only personal connection Owens has to New York is one family vacation.

Owens does not have any bank accounts, property, phone listings, does not do public relations work, nor does he have individuals working on his behalf permanently located in the State of New York (Owens Decl. ¶¶ 11, 12, 13, 14).

Mo Media does not satisfy any of these criteria for general jurisdiction either, so *a fortiori* there is no basis for general jurisdiction over Owens merely because he is a co-owner and officer of Mo Media.

### B. Plaintiffs Cannot Establish Specific Jurisdiction Over Owens Under the New York Long-Arm Statute, CPLR § 302.

Under the New York long-arm statute, CPLR § 302, a court of this state can exercise personal jurisdiction over a non-resident only with regard to a specific cause of action that arises from one of the specific categories of acts specified in CPLR § 302(a)(1) through (4). See Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100 (2nd Cir. 2006). In addition, the court must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process. Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

CPLR § 302 provides in relevant part as follows:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

6

> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

Plaintiffs cannot meet their burden of showing personal jurisdiction over Owens under any of the grounds specified in CPLR § 302(a)(1) through (4), all of which require that the specific cause of action asserted must arise from the acts specified in this section.

There is no allegation that Owens has transacted business in or contracted to supply goods or services in New York; Owens certainly had transactions or contractual relationships with Plaintiffs. Moreover, Owens has never personally transacted any business within the State of New York, except for personal consumer transactions during my one vacation (Owens Decl. ¶ 9). Owens has never personally contracted to supply goods or services in the State of New York (Owens Decl. ¶ 10). Owens' declaration makes it clear that he has not. Jurisdiction is thus lacking under CPLR § 302(a)(1).

There is no allegation that Owens has committed a tortious act "within the state." CPLR § 302(a)(2). This section has been applied quite literally—the defendant must have been physically within the State of New York when the tortious act was committed in order for this section to provide personal jurisdiction. Bensusan, 126 F.3d at 29;

7

accord, Overseas Media, 407 F.Supp.2d at 572.  There can be no personal jurisdiction over Owen under CPLR § 302(a)(2).

There is no allegation that Owens has committed a tortious act outside of New York that caused injury to Plaintiffs in New York, and Owens denies that he has (Owens Decl. ¶ 16).  Plaintiff Testing Technologies is a Connecticut corporation with its place of business in Connecticut, so it obviously cannot establish any supposed tortious injury in New York.  Even considering the alleged false statements of Mo Media, which might be characterized as tortious, those statements were all created in and disseminated from Texas, which is the situs of any supposed injury.   "[T]he situs of the injury is the location of the original event which cause the injury, not the location where the resultant damages are felt by the plaintiff."  Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990) (place of financial loss is not situs of injury) (internal quotation and citation omitted); accord, Int'l Flavors & Fragrances, Inc. v. Van Eeghen Int'l, B.V., 2006 WL 1876671 *4 (S.D.N.Y., 06 Civ. 490 (JFK), July 6, 2006); (888) Justice, Inc. v. Just Enterprises, Inc., 2007 WL 2398504 * 4 (S.D.N.Y., 06 CV 6410 (GBD), Aug. 22, 2007) ("out of state tort [that] merely had consequences for a plaintiff in New York is insufficient to establish personal jurisdiction"); see Rescuecom Corp. v. Hyams, 477 F.Supp.2d 522 (N.D.N.Y. 2006).  In any event, those allegedly false statements did not name and were not directed at Plaintiffs.  Nor is there any allegation that satisfies the additional specific requirements in CPLR § 302(a)(3)(i) or (ii).  There can be no personal jurisdiction over Owens under CPLR § 302(a)(3).

Finally, there is no allegation that Owens owns real estate in New York, and he denies that he does (Owens Decl. ¶ 11).  Thus, there can be no personal jurisdiction over Owens under CPLR § 302(a)(4).

Owens should not be required to personally defend a lawsuit in New York when he has virtually no contacts with the state. Accordingly, the action should be dismissed as to Owens for lack of personal jurisdiction.

### C.  **Exercise of Jurisdiction Over Owens Would Violate Due Process.**

Even if the state long arm statute were satisfied, Plaintiffs must still show that exercise of personal jurisdiction over Owens comports with due process. Due process allows a state to sustain personal jurisdiction over a nonresident defendant with whom it has "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Courts must also decide whether the defendant purposefully availed itself of the privilege of doing business in the forum state and whether it could foresee being haled into court there. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 1985; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Essentially, due process requires that a defendant have sufficient minimum contacts with the forum so as not to offend the "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. at 316.

As explained above, Owens has almost no contacts with the State of New York, much less sufficient minimum contacts to satisfy due process concerns. Owens has only actually been to the state on one occasion and does not conduct personal business in nor direct personal business toward the state. See generally, Owens Decl. Such minimal contacts with a forum are not sufficient to satisfy a minimum contacts analysis.

Owens's contacts with this forum are so remote that the exercise of personal jurisdiction would violate due process. Owens is a small business owner in Hardin

9

County, Texas, who has never traveled to New York on business (Owens Decl. ¶ 6). Owens is simply an owner and officer of a company that transacts business over the internet (Owens Decl. ¶ 3). That alone is not sufficient to subject him to the jurisdiction of this Court. Owens has not purposefully availed himself of the privilege of doing business in the state and could not foresee being haled into court in New York, and would offend the traditional notions of fair play and substantial justice.

II. **IF THE COURT DOES NOT DISMISS FOR LACK OF JURISDICTION, IT SHOULD DISMISS FOR IMPROPER VENUE OR TRANSFER THE CASE TO THE EASTERN DISTRICT OF TEXAS UNDER 28 U.S.C. § 1404(a).**

If the Court concludes that it has personal jurisdiction over Owens, the Court should nevertheless dismiss for improper venue or transfer the case to the Eastern District of Texas for the reasons set forth by Mo Media in its motion to dismiss for lack of venue or to transfer filed on January 11, 2008. Owens adopts and incorporates by reference, the arguments and evidence presented to the Court in the Mo Media's motion papers. See Burns v. Grupo Mexico S.A. De C.V., 2007 WL 4046762 (S.D.N.Y., 07 Civ. 3496 (WHP), Nov. 16, 2007) (transfer without deciding jurisdiction; "presence of all litigation in one district would … further the convenience of the parties").

## CONCLUSION

For the foregoing reasons, the Court should grant Owens' motion to dismiss for lack of personal jurisdiction and/or his motion to dismiss for improper venue, or transfer venue to the Eastern District of Texas, pursuant to 28 U.S.C. § 1404(a), and grant any and all further relief, in law or in equity, that is appropriate under the circumstances.

                                                                Respectfully submitted,

Dated: February 14, 2008        COWAN, DEBAETS, ABRAHAMS
       New York, New York            &SHEPPARD LLP

                                        By: ___/s/ Al J. Daniel, Jr._____
                                            Toby M.J. Butterfield (TB 8859)
                                            Al J. Daniel, Jr. (AD 9333)
                                            Mason A. Weisz (MW 5954)
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel: (212) 974-7474

ROEBUCK & THOMAS, PLLC
Jeffrey T. Roebuck
TBA # 24027812
2470 N. 11th Street
Beaumont, Texas 77703
409/892-8227
409/892-8318 (Fax)

Attorneys for Defendant Paul Owens

11