UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TESTING TECHNOLOGIES, INC., and
MG PREP, INC.,

                              Plaintiffs,

            -against-

MO MEDIA, LLC., PAUL OWENS and                    07 CIV 7360
JOHN DOES, 1-10,

                              Defendants.
----------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PAUL OWENS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND TRANSFER OF VENUE**


Zeccola & Selinger
45 Webster Avenue
Goshen, New York 10924
(845) 294-2544

Alex Smith, Esq. (AS 5052)
Robert N. Isseks, Esq. (RI 0241)
Of Counsel
6 North Street
Middletown, New York
(845) 344-4322

Attorneys for Plaintiff Testing Technologies, Inc

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................  i

INTRODUCTION ...................................................................................................  1

SUMMARY OF FACTS ..........................................................................................  1

ARGUMENT ..........................................................................................................  1

    Point 1
    Owens' Motion to Dismiss for Lack of Personal Jurisdiction
    Should be Denied ..............................................................................................  1

        1.  The Standard on the Motion .................................................................  1

        2.  New York Does Not Have a Corporate Shield Doctrine .....................  3

        3.  The Factual Allegations in Support of this Court's Jurisdiction ...........  3

        4.  Jurisdiction under C.P.L.R. § 301 .........................................................  5

        5.  Jurisdiction under C.P.L.R. § 302(a)(1) ...............................................  7

        6.  Jurisdiction under C.P.L.R. § 302(a)(2) ...............................................  10

        7.  Jurisdiction under C.P.L.R. § 302(a)(3) ...............................................  12

        8.  Due Process ...........................................................................................  16

    Point 2
    Owens' Motion to Dismiss on the Grounds of Improper Venue
    Should be Denied ..............................................................................................  18

    Point 3
    Owens' Motion to Transfer Venue Should be Denied .........................................  18

CONCLUSION .......................................................................................................  19

# TABLE OF AUTHORITIES

*A.I. Trade Fin., Inc. v Petra Bank,* 989 F.2d 76 (2d Cir. 1993) ........................ 2

*Allen v Auto Specialties Mfg. Co.,* 45 AD2d 331 (3d Dept. 1974) ......................... 14, 17

*Allojet PLC v Vantage Associates,* 2005 WL 612848, at *5-*6 (SDNY) ....................... 6

*American Network, Inc. v Access America/Connect Atlanta,*
975 F.Supp. 494 (SDNY 1997) .................................................... 13, 14, 15, 16

*Ball v Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194 (2d Cir.1990) ....................... 1

*Bank Brussels Lambert v Fiddler Gonzalez & Rodriguez,*
171 F.3d 779 (2d Cir.1999) .................................................... 1

*Best Van Lines, Inc. v Walker,* 490 F.3d 239 (2d Cir.2007) ............................. 7

*Brown v Grand Hotel Eden,* 214 F.Supp.2d 335 (SDNY 2002) ....................... 7

*Burger King Corp. v Rudzewicz,* 471 U.S. 462 (1985) .................................. 17

*Cenage Learning, Inc. v Buckeye Books,* 2008 WL 194747, *2 (SDNY) .................... 10

*Citigroup Inc. v City Holding Co.,*
97 F.Supp.2d 549 (SDNY 2000) .......................................... 3, 8, 9, 10, 13, 15

*Darienzo v Wise Shoe Stores, Inc.,* 74 AD2d 342 (2d Dept.1980) ............................ 15

*Daventree Ltd. v Republic of Azerbaijan,* 349 F.Supp.2d 736 (SDNY 2004) ................. 2

*In re DES Cases,* 789 F.Supp. 552 (EDNY 1992) ...................................... 17

*Deutsche Bank Sec Inc. v Montana Bd. of Invs.,* 7 NY3d 65 (2006) ............................. 7

*Fantis Foods, Inc. v Standard Importing Co.,* 49 NY2d 317 (1980) ........................... 15

*Hollins v U.S. Tennis Ass'n,* 469 F.Supp.2d 67 (EDNY 2006) ......................... 6

i

*In re Houbigant Inc.,* 914 F.Supp. 964 (SDNY 1995) .................................................. 13

*Hsin Ten Enter. USA v Clark Enters.,* 138 F.Supp.2d 449 (SDNY 2000) ...................... 8

*Imagine Solutions, LLC v Medical Software Computer Systems, Inc.,*
2007 WL 1888309, *6 (EDNY) ................................................................................. 3

*International Shoe v Washington,* 326 U.S. 310, 316 (1945) ........................................ 16

*ISI Brands, Inc. v KCC Intern., Inc.,* 458 F.Supp.2d 81 (EDNY 2006) ........................... 8

*Ivoclar Vivadent, Inc. v Ultident, Inc.,* 2005 WL 1421805,
at *4 (WDNY 2005) ................................................................................... 13, 14

*K.C.P.L., Inc. v Nash,* 1998 WL 823657, at *5 (SDNY1998) ......................................... 9

*Kernan v Kurz-Hastings, Inc.,* 175 F.3d 236 (2d Cir. 1999) ................................... 14, 17

*Kreutter v McFadden Oil Corp.,* 71 NY2d 460 (1988) ..................................................... 3

*Landoil Resources Corp. v Alexander & Alexander Servs., Inc.,*
918 F.2d 1039 (2d Cir.1990) ....................................................................................... 6

*Marine Midland Bank, N.A. v Miller,* 664 F.2d 899 (2d Cir.1981) .................................. 2

*Martinez v American Standard,* 91 AD2d 652 (2d Dept. 1982) .................................... 17

*Mattel, Inc. v Adventure Apparel,* 2001 WL 286728, at *3 (SDNY 2001) ...................... 9

*National Football League v Miller,* No. 99 Civ. 11846,
2000 WL 335566, at *1 (SDNY 2000) ........................................................................... 9

*New Angle Pet Prods. v MacWillie's Golf Prods.,* 2007 WL 1871345,
at *2-3 (EDNY 2007) ................................................................................................ 10

*Overseas Media, Inc. v Skvortsov,* 407 F.Supp.2d 563 (SDNY 2006) ......................... 13

*Panacea,* 2006 WL 3096022, at *3 ............................................................................. 10

*Pearson Education, Inc. v Shi*, 525 F.Supp.2d 551 (SDNY 2007) .................. 7, 9, 10, 18

ii

*Philip Morris USA Inc. v Veles Ltd.,* 2007 WL 725412, at *5 (SDNY 2007) .................. 9

*Pieczenik v Cambridge Anti. Tech. Group,* 2004 WL 527045, at *1 n. 9 (SDNY) .......... 6

*Rubin v City of New York,* 2007 WL 950088, at *2 (SDNY) .......................................... 10

*Savage Universal Corp. v Grazier Const., Inc.,*
2004 WL 1824102, at *9 (S.D.N.Y.2004) ..................................................... 13

*Schaadt v T.W. Kutter, Inc.,* 169 AD.2d 969 (3d Dept. 1991) ...................................... 17

*Schultz v Ocean Classroom Found.,* 2004 WL 488322, at *3 (SDNY) ........................... 2

*Shottenstein v Shottenstein,* 2004 WL 2534155, at *11 (SDNY 2004) ........................... 6

*Stratagem Dev. Corp. v Heron Int'l N.V.,* 153 F.R.D. 535 (SDNY 1994) ....................... 2

*Staten Island Hosp. v Alliance Brokerage Corp.,* 166 AD2d 574 (2d Dept. 1990) .......... 7

*Student Advantage,* 2000 WL 1290585, *4 ....................................................... 8

*Sybron Corp. v Wetzel,* 46 NY2d 197 (1978) ................................................. 13

*Thomas Pub. Co. v Industrial Quick Search, Inc.,*
237 F.Supp.2d 489 (SDNY 2002) ................................................................ 6

*Unique Industries, Inc. v Sui & Sons Intern. Trading Corp.,*
L 3378256, *6 (SDNY 2007) ...................................................................... 2

*Varitalk, LLC v Lahoti,* 2007 WL 1576127, *4 -6 (N.D.Ill. 2007) ......................... 11, 12

*Warner Bros. Entertainment Inc. v Ideal World Direct,*
516 F.Supp.2d 261 (SDNY 2007) ............................................................ 1, 9

*Weil v American University,* 2008 WL 126604 at *3 (SDNY) ................................... 6, 10

*World-Wide Volkswagen Corp. v Woodson,* 444 U.S. 286 (1980) ............................... 17

*Zippo Mfg. Co. v Zippo Dot Com,* 952 F.Supp. 1119 (W.D.Pa. 1997) ....................... 11

## INTRODUCTION

This Memorandum is submitted in opposition to Defendant Paul Owens' Motion to Dismiss for lack of personal jurisdiction, improper venue, and transfer of venue.

## SUMMARY OF FACTS

The Court is respectfully referred to the Summary of Facts contained in Plaintiffs' Memorandum of Law (pages 1-5) submitted in opposition to the motion filed by Mo Media. The Court is further referred to the section entitled, "The Factual Allegations in Support of this Court's Jurisdiction, contained in Point 1, *infra*.

## ARGUMENT

### Point 1
### Owens' Motion to Dismiss for Lack of Personal Jurisdiction Should Be Denied

### 1. The Standard on the Motion

On a motion to dismiss for lack of jurisdiction under Rule 12(b)(2), "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." *Warner Bros. Entertainment Inc. v Ideal World Direct*, 516 F.Supp.2d 261, 265 (SDNY 2007), *quoting Ball v Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990). "To make such a showing, the plaintiff may rely on the complaint, affidavits, and other supporting evidence." *Warner Bros.*, 516 F.Supp.2d at 265, *citing Bank Brussels Lambert v Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999). "[T]he Court must view all allegations in the light most favorable to the plaintiff and resolve all doubts in plaintiff's favor." *Warner Bros.*, 516 F.Supp.2d at 265;

1

*see also*, *A.I. Trade Fin., Inc. v Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993) ("where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor"); *Schultz v Ocean Classroom Found.*, 2004 WL 488322, at *3 (SDNY).

"Even if a plaintiff has not made out a prima facie showing for personal jurisdiction, 'the Court has discretion to order further discovery on the jurisdictional issue, provided that the plaintiff[ ] make[s] a threshold showing of jurisdiction and establishes that [its] position is not frivolous.'" *Unique Industries, Inc. v Sui & Sons Intern. Trading Corp.*, L 3378256, *6 (SDNY 2007), *quoting Stratagem Dev. Corp. v Heron Int'l N.V.*, 153 F.R.D. 535, 547-48 (SDNY 1994); *see also, Marine Midland Bank, N.A. v Miller,* 664 F.2d 899, 904 (2d Cir.1981) ("district court has considerable procedural leeway" and may "determine the motion on the basis of affidavits alone or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion"); *Daventree Ltd. v Republic of Azerbaijan,* 349 F.Supp.2d 736, 761 (SDNY 2004) ("It is within a district court's discretion to determine whether a plaintiff is entitled to conduct jurisdictional discovery and to 'devise the procedures [to] ferret out the facts pertinent to jurisdiction.").

Particularly "[i]n cases involving an interactive website, it may be appropriate for the district court to allow jurisdictional discovery as to the amount of business activity that is actually carried on over the internet with the forum state." 16 J. Moore, et al.,

Moore's Federal Practice, § 108.44[3].[1]

### 2.  New York Does Not Have a Corporate Shield Doctrine

If Plaintiffs' factual allegations are sufficient to support this Court's jurisdiction over Mo Media, they are sufficient to support jurisdiction over Owens, the admitted owner and operator of Mo Media.[2]  Whether Owens has been acting personally or on behalf of the corporation "is irrelevant, as New York has not adopted the fiduciary shield doctrine to shield an individual from long-arm jurisdiction of the court when his actions in the state were on behalf of a corporation." *Imagine Solutions, LLC v Medical Software Computer Systems, Inc.*, 2007 WL 1888309, *6 (EDNY), *citing*, *Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 470 (1988).

### 3.  The Factual Allegations in Support of this Court's Jurisdiction

Testing Technologies and MG Prep allege, *inter alia*, that (1) dozens of schools and institutions in the Southern District have linked to proxy sites that Defendants falsely

---

[1] As explained in *Citigroup Inc. v City Holding Co.*, 97 F.Supp.2d 549, 566 (SDNY 2000):

> [T]he courts have identified a spectrum of cases involving a defendant's use of the internet. At one end are cases where the defendant makes information available on what is essentially a "passive" web site. This use of the internet has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over the defendant. . . . At the other end of the spectrum are cases in which the defendant clearly does business over the internet, such as where it knowingly and repeatedly transmits computer files to customers in other states. . . . Finally, occupying the middle ground are cases in which the defendant maintains an interactive web site which permits the exchange of information between users in another state and the defendant, which depending on the level and nature of the exchange may be a basis for jurisdiction.

[2]  Mo Media's has not moved this Court to dismiss for lack of personal jurisdiction.

3

claimed to be nonprofits or that were run by Defendants under false identities, (2)

Defendants promoted TestPrepReview (which claimed to be a nonprofit site) from 2003

to at least 2006 and TestPrepReview has operated on the same IP address and server as

Mo Media sites through 2007, (3) TestPrepReview is an interactive site that accepts email

addresses, (4) Defendants' emails to schools were done under the guise of nonprofit

status and resulted in dozens of schools and libraries in New York linking to Mo Media,

and (5) schools in the Southern District linking to the TestPrepReview include

Westchester County Community College, Rockland County Community College, Orange

County Community College, City University of New York, NYC Bar Association, New

York Medical College, Monticello High School, Carmel High School, and

Washingtonville High School.

Plaintiffs allege that over 75% of Testing Technologies customers are obtained via

internet search engines, including Google.  New York City yields more customers for

Testing Tech than any other City in the country.  Beginning in 2001, Defendants'

websites have posted false and inaccurate information and have given false promises to

potential customers.  By the year 2004, an internet user in the Southern District of New

York could log onto Mo Media's websites and buy its products directly from Mo Media.

Schools and colleges in the Southern District were linking on to Mo Media's websites

under the false impression that it was a not-for-profit entity.  Mo Media admits that it had

customers in the Southern District.  Mo Media concededly sent e-mail solicitations to

schools and colleges in the Southern District inviting these recipients to link with its fraudulent website. Schools and colleges in the Southern District have information on their own websites indicating that Mo Media is a not-for-profit entity and are providing links to Mo Media's fake promotional websites.

Defendants' series of deceptive non-profit promotional proxy sites has proven enormously successful and Mo Media has acquired approximately 20,000 links in the process (more than most Fortune 500 companies and top universities). The links that Mo Media has obtained from schools and colleges has enabled it to obtain a high ranking by Google algorithm, resulting in Mo Media being number 1 and number 4 among for-profit companies listed under the term "SAT" in Google, number 1 and number 2 on GMAT and GRE and in the top five in Google results among test preparation companies. These fraudulently obtained rankings substantially harm both Plaintiffs in the Southern District of New York by, in effect, stealing Plaintiffs' customers located in the Southern District where there are more potential customers than in perhaps any other Federal jurisdiction. Nearly half of all SUNY schools have been duped by Mo Media's link solicitation spam campaign.

### 4. Jurisdiction under C.P.L.R. §301

CPLR §301 permits "a court to exercise jurisdiction over a foreign corporation on any cause of action if the defendant is engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this

jurisdiction." *Weil v American University*, 2008 WL 126604 at *3 (SDNY), *quoting Landoil Resources Corp. v Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1043 (2d Cir.1990) "Although mere solicitation of business is insufficient to support a finding of personal jurisdiction, 'substantial and continuous' solicitation coupled with 'other activities of substance in the state' will support a finding that a defendant is 'doing business' in New York." *Weil*, 2008 WL 126604 at *4, *quoting Landoil,* 918 F.2d at 1043-44.

In *Hollins v U.S. Tennis Ass'n,* 469 F.Supp.2d 67, 74 -75 (EDNY 2006), the fact that players in New York could manage their own tournament schedules, enter or withdraw from tournaments and pay fines via the defendant's website system was held to support a finding that the defendant was doing business in New York. *Hollins,* 469 F.Supp.2d at 75; *citing Allojet PLC v Vantage Associates,* 2005 WL 612848, at *5-*6 (SDNY) (defendant's interactive website activity in addition to other activities in New York could provide basis for general jurisdiction under §301); *Shottenstein v Shottenstein,* 2004 WL 2534155, at *11 (SDNY 2004) (denying motion to dismiss based on interactive website advertising plus substantial sales to New York residents); *Pieczenik v Cambridge Anti. Tech. Group,* 2004 WL 527045, at *1 n. 9 (SDNY) (noting that allegation of highly interactive website accessible to New York residents would provide basis for jurisdiction); *Thomas Pub. Co. v Industrial Quick Search, Inc.,* 237 F.Supp.2d 489, 491 (SDNY 2002) (plaintiffs adequately alleged jurisdiction under §301 based on

allegation that defendant regularly solicited business in New York through its interactive website); *Brown v Grand Hotel Eden,* 214 F.Supp.2d 335, 339 (SDNY 2002) (hotel website that permitted reservations to be confirmed automatically supported finding that hotel was doing business in New York).

### 5.  Jurisdiction under C.P.L.R. §302(a)(1)

"Because the Lanham Act and Copyright Act do not provide for national service of process, New York's long-arm statute, New York Civil Practice Law and Rules ("CPLR") §302(a) (1), governs the instant action." *Pearson Education, Inc. v Shi*, 525 F.Supp.2d 551, 555 (SDNY 2007)

CPLR §302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state."  To determine whether a defendant is subject to personal jurisdiction under CPLR §302(a) (1), "a court must decide (1) whether the defendant "transacts any business" in New York and, if so, (2) whether this cause of action "aris[es] from" such a business transaction." *Best Van Lines, Inc. v Walker*, 490 F.3d 239, 246 (2d Cir.2007), *citing Deutsche Bank Sec Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 (2006).  "Proof of one transaction in New York is sufficient to confer jurisdiction [over a nonresident] as long as the activities of the defendant in question were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Staten Island Hosp. v Alliance Brokerage Corp.,* 166

7

AD2d 574 (2d Dept. 1990); *see also*, *Citigroup*, 97 F.Supp.2d at 564 ("A single

transaction of business is sufficient to give rise to jurisdiction under CPLR §302(a)(1),

even where the defendant never enters the state, if the claim arises out of the

transaction.").

"In order to determine the existence of personal jurisdiction in internet cases,

courts inquire as to whether the 'defendant maintains an interactive website which

permits the exchange of information between users in another state and the defendant,

which depending on the level and nature of the exchange may be a basis for

jurisdiction.'" *ISI Brands, Inc. v KCC Intern., Inc.*, 458 F.Supp.2d 81, 85-89 (EDNY

2006), *quoting Citigroup,* 97 F.Supp.2d at 565 (the website at issue permitted customers

in New York to apply for loans on-line, converse on-line with representatives and e-mail

questions); *see also*, *Hsin Ten Enter. USA v Clark Enters.,* 138 F.Supp.2d 449, 456

(SDNY 2000) (website allows consumers to purchase product, e-mail company

representatives and download order form); *Student Advantage,* 2000 WL 1290585, *4

(finding transaction of business in New York where out-of-state website permitted New

York viewer to purchase products by providing payment and shipping information

online).

While "[s]imply maintaining a web site in a distant state that residents of New

York visit does not, by itself, subject a defendant to jurisdiction in New York[,] . . . one

who makes sales to New York customers through an interactive web site may be subject

8

to the jurisdiction of courts in this state." *Pearson Education,* 525 F.Supp.2d at 556 (SDNY 2007), *citing National Football League v Miller,* No. 99 Civ. 11846, 2000 WL 335566, at *1 (SDNY 2000) (citations omitted).

The guiding principle under CPLR § 302(a)(1) which has emerged from the case law is that whether the exercise of personal jurisdiction is permissible is "'directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet,' " *Citigroup Inc.,* 97 F.Supp.2d at 565, *quoting K.C.P.L., Inc. v Nash*, 1998 WL 823657, at *5 (SDNY1998).

In *Warner Bros.*, this Court held that one of the defendants was subject to this Court's 302(a)(1) jurisdiction by virtue of its operating websites which transmitted files to customers in exchange for membership fees.  "This activity place[d] them in the class of websites that 'knowingly and repeatedly transmit[ ] computer files to customers in other states.'" *Warner Bros.*, 516 F.Supp.2d at 266, *quoting Citigroup,* 97 F.Supp.2d at 565. This Court found it significant that the plaintiffs "submitted evidence that [the defendant] engaged in at least 379 such transactions with residents of New York." *Warner Bros.*, at 266-267, *citing Mattel, Inc. v Adventure Apparel,* 2001 WL 286728, at *3 (SDNY 2001) (finding interactive website that consummated transactions with New York customers sufficient to confer jurisdiction); *Philip Morris USA Inc. v Veles Ltd.,* 2007 WL 725412,

9

at *5 (SDNY 2007) (same).[3]

Defendants' targeting and promotional gambits in the Southern District are far more extensive than the websites in the above-cited precedents. Moreover, Defendants' website allows users to request the product at issue, not just a catalog containing it or inclusion on a mailing list.

### 6. Jurisdiction under C.P.L.R. §302(a)(2)

Defendants' activities as alleged by plaintiffs are also sufficient to support jurisdiction under §302(a)(2) which extends jurisdiction to non-domiciliaries who "commit [ ] a tortious act within the state." *Compare*, *Citigroup*, 97 F.Supp.2d at 567 (finding internet activity to support §302(a)(2) jurisdiction where defendant's website

---

[3] *Compare*, *Cenage Learning, Inc. v Buckeye Books*, 2008 WL 194747, *2 (SDNY) ("plaintiffs' allegation that TRU sold each of them illicit textbooks that were ordered from and delivered into New York brings that defendant within the jurisdiction of this Court on claims relating to trafficking in infringing textbooks and passing off foreign editions as books that were authorized for sale in the United States."); *Pearson Education*, 525 F.Supp.2d 551 (claim of specific jurisdiction upheld over defendants who allegedly sold copyright-infringing merchandise over the Internet to customers in New York); *Rubin v City of New York,* 2007 WL 950088, at *2 (SDNY) (personal jurisdiction found when out-of-state defendants allegedly sold copyright-infringing merchandise over the Internet to customers in New York); *New Angle Pet Prods. v MacWillie's Golf Prods.,* 2007 WL 1871345, at *2-3 (EDNY 2007) (finding jurisdiction premised on sales into New York of allegedly copyright-infringing products, including two Internet sales to New York residents through an interactive web site with national reach and advertising); *Pearson Education*, 525 F.Supp.2d at 557-558 (finding jurisdiction based on defendants' alleged sale of nineteen copyrighted books and/or electronic files of the same works into New York). *Contrast, Weil*, 2008 WL 126604 at *2 (SDNY) ("The only specific allegation contained in the Complaint regarding whether Defendant [was] subject to personal jurisdiction in New York [was] that [its] Magazine "has a large circulation to the Alumni community of America and is sent to Alumnus throughout the Country and in the State of New York."); *Panacea,* 2006 WL 3096022, at *3 ("Defendants did not transact business in New York by virtue of their websites, which are minimally interactive, available worldwide, and d[id] not target New Yorkers.")

offered the possibility of an on-line "chat" with its representatives and, "[t]o the extent that such chats involve[d] the transmission of messages that contain[ed] allegedly infringing marks to New York residents, City National should be deemed to have attempted to pass off the mark within New York rather than outside it."), *citing Zippo Mfg. Co. v Zippo Dot Com,* 952 F.Supp. 1119, 1127(W.D.Pa. 1997) (defendant who transmitted messages bearing infringing mark to residents of another state committed trademark infringement in recipient state).

The case at bar can also be compared with *Varitalk, LLC v Lahoti,* 2007 WL 1576127, *4 -6 (N.D.Ill. 2007) There the defendant described its website as "passive", but the court determined that it was best characterized as a "portal", a "super" website that provides a wide variety of services -- access to internet search engines, e-mail accounts, discussion groups, web sites categorized by topic, and directories.  Portals generate their income by selling online advertising space.  Although they do not offer products or goods for sale, portals are themselves a form of product or service.  The court determined that defendant's portal website "invited users to interact for commercial purposes" and earned revenue based on the number of [visiting] users", including users who clicked on hyperlinks.  The court concluded that the defendant's portal website "was commercial and had a high degree of interactivity."  Importantly - when compared with the case at bar - the court found that the portal "included links to stores located in or doing substantial business in [the targeted state], and [the defendant] must have anticipated that [target-

11

state] users would visit his site." *Varitalk,* 2007 WL 1576127, *4 -5.  Likewise, Mo

Media's website system includes links to entities in the test preparation industry doing

substantial business in the Southern District, and Mo Media must anticipate that Southern

District users would frequent its sites.

The *Varitalk* court also emphasized that the defendant's portal was alleged to have

intentionally created confusion amongst target-state competitors, just as Plaintiffs at bar

have alleged in convincing terms that Mo Media's deceptions have had substantial impact

upon Southern District competitors. *Varitalk,* 2007 WL 1576127, *6.  The *Varitalk* court

determined that because of the confusion it was reasonable to infer that a substantial

number of target-state users were misdirected to the defendant's website, just as Testing

Technologies alleges that a substantial number of Southern District users are being

misdirected to the Mo Media empire.  The court determined that user confusion based

upon deception was a tort that occurs where the injury occurs, even though the offending

website was operated over a thousand miles away. *Varitalk,* 2007 WL 1576127, *6.

### 7.  Jurisdiction under C.P.L.R. §302(a)(3)

CPLR §302(a)(3) provides that "a court may exercise personal jurisdiction over

any non-domiciliary . . . who in person or through an agent . . . commits a tortious act

without the state causing injury to person or property within the state . . . if he (i)

regularly does or solicits business, or engages in any other persistent course of conduct,

or derives substantial revenue from goods used or consumed or services rendered, in the

12

state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . ."

"Injury within the state includes harm to a business in the New York market in the form of lost sales or customers." *Citigroup*, 97 F.Supp.2d 549, at 568, *citing American Network, Inc. v Access America/Connect Atlanta,* 975 F.Supp. 494, 497 (SDNY 1997). "This rule is satisfied by [plaintiffs'] claim that its actual and potential customers in New York are confused or deceived when they view and interact with the [defendants'] web sites." *Citigroup*, 97 F.Supp.2d 549, at 568. *See also, Savage Universal Corp. v Grazier Const., Inc.,* 2004 WL 1824102, at *9 (S.D.N.Y.2004) (injury stemming from tortious infringement in New York, for the purposes of long-arm jurisdiction, can occur in the "form of damage to goodwill, lost sales, or lost customers."); *Ivoclar Vivadent, Inc. v Ultident, Inc.,* 2005 WL 1421805, at *4 (WDNY 2005) (same); *American Network,* 975 F.Supp. at 497 (injury "within the state" includes "harm to a business in the New York market through lost sales or lost customers."); *In re Houbigant Inc.,* 914 F.Supp. 964, 979 (SDNY 1995) ( "loss of customers or business constitutes an 'injury' for the purpose of determining jurisdiction under CPLR Section 302(a)(3)").

Also, "[i]n certain circumstances, plaintiffs may satisfy the injury requirement by demonstrating that in-state economic injury from an out-of-state tort is anticipated, even if actual economic injury has not yet occurred." *Overseas Media, Inc. v Skvortsov*, 407 F.Supp.2d 563, 576 (SDNY 2006), *citing Sybron Corp. v Wetzel,* 46 NY2d 197 (1978)

13

(plaintiff met the New York injury requirement with a showing of the "threatened loss of important New York customers," as proof demonstrated that the defendant competitor had already solicited, and received shipping orders from, one of plaintiff's major customers); *Ivoclar Vivadent*, 2005 WL 1421805, at *4 (plaintiff may allege anticipated in-state economic injury in case where Canadian defendant sold and shipped infringing products to fellow Canadian corporation located near border between Canada and New York).

While "it is not sufficient to satisfy section 302(a)(3) that a plaintiff is located in New York and lost profits there", Testing Technologies and MG Prep "claim[] to have lost more than profits.  [They] claim[] that [they have] been, and will continue to be, harmed in the New York market because New York computer users, who are among plaintiff's potential customers, have viewed [Mo Media's deceptive postings]. . . on their computer screens in New York when visiting defendant[s'] site and have been confused and deceived by [them]." *American Network*, 975 F.Supp. at 497 (SDNY 1997)  "Those claims of harm in the New York market are sufficient to satisfy the statute's requirement of injury "within the state." *American Network*, 975 F.Supp. at 497.

"The test of whether a defendant expects or should reasonably expect his act to have consequences within the State is an objective rather than subjective one." *Kernan v Kurz-Hastings, Inc.*, 175 F.3d 236, 240 -241 (2d Cir. 1999), *quoting Allen v Auto Specialties Mfg. Co.,* 45 AD2d 331 (3d Dept. 1974).  The "foreseeability" requirement

14

under CPLR §302(a)(3)(ii) "relates to forum consequences generally and not to the specific event which produced injury within the state.'" *American Network*, 975 F.Supp. at 497, *quoting Fantis Foods, Inc. v Standard Importing Co.,* 49 NY2d 317, 326 n. 4 (1980).  In interpreting that requirement, the New York courts have focused on whether there were concrete facts known to the nondomiciliary that should have alerted it that its product would enter the New York market." *American Network*, 975 F.Supp. at 497-498, *contrasting Fantis,* 49 NY2d at 326-27 & n. 4 (it was not reasonably foreseeable to a Greek company that there would be New York consequences when it seized a cheese shipment bound for Chicago where there was "no basis other than sheer speculation" that the cheese importer would lose any New York sales), with *Darienzo v Wise Shoe Stores, Inc.,* 74 AD2d 342, 346 (2d Dept.1980) (nondomiciliary shoe manufacturer should have expected New York consequences from its manufacture of shoes because it was aware that a Tennessee distributor to which its shoes were shipped would distribute them to New York retailers).

Just as "[i]t was reasonably foreseeable to [the] defendant [in *American Network*] that publishing its home page on its Web site, with the offending mark, would have New York consequences", *American Network*, 975 F.Supp. at 498, and "it was reasonably foreseeable that publication of web sites with the offending marks [in *Citigroup*] would have consequences in New York", *Citigroup*, 97 F.Supp.2d at 568, it was reasonably foreseeable that publication of Mo Media's fraudulent representations on its website

15

would have New York consequences to its competitors, Testing Technologies and MG Prep, *especially because the Southern District is the epicenter of the test preparation industry*. As in *American Newwork*, "there are tangible manifestations that defendant was attempting to reach a New York market." Clearly, "it was not "sheer speculation," . . . but a reasonable inference that its publication of its home page might have New York consequences." *American Network*, 975 F.Supp. at 498.

Finally, Owens' argument that this Court lacks jurisdiction under §302(a)(3) because Plaintiffs' claimed injuries did not occur in New York is addressed to Plaintiff Testing Technologies and is based upon the fact that Testing Technologies is located in Connecticut, not New York. *See*, Owens Memorandum of Law, at 8 ("Plaintiff Testing Technologies is a Connecticut corporation with its place of business in Connecticut, so it obviously cannot establish any supposed tortious injury in New York.") Owens fails to address the fact that Plaintiff MG Prep *is* located in New York, and thus there can be no argument that the injuries claimed to have resulted from the Defendants' tortious acts did not, at least, cause MG Prep's injuries within the state.

### 8. Due Process

Plaintiffs contend that the foregoing demonstrates the "minimum contacts" necessary that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe v Washington,* 326 U.S. 310, 316 (1945) Defendants websites, especially their fraudulent targeting and promotional aspects geared

16

toward the lucrative Southern District test preparation market, reflect a purposeful availment of the privilege of doing business in New York, and certainly render it foreseeable that Defendants would be haled into court here. *See, Burger King Corp. v Rudzewicz,* 471 U.S. 462, 474-475 (1985); *World-Wide Volkswagen Corp. v Woodson,* 444 U.S. 286, 297 (1980)

"The test of whether a defendant expects or should reasonably expect his act to have consequences within the State is an objective rather than subjective one." *Allen v Auto Specialties Mfg. Co.,* 45 AD2d 331 (3d Dept. 1974). "New York courts have sought to avoid conflict with federal constitutional due process limits on state court jurisdiction by applying the "reasonable expectation" requirement in a manner consistent with United States Supreme Court precedent." *Kernan v Kurz-Hastings, Inc.,* 175 F.3d 236, 240-241 (2d Cir. 1999), *citing In re DES Cases,* 789 F.Supp. 552, 570-571 (EDNY 1992) (collecting cases). New York courts have asserted that the simple likelihood or foreseeability "that a defendant's product will find its way into New York does not satisfy this element, and that purposeful availment of the benefits of the laws of New York such that the defendant may reasonably anticipate being haled into New York court is required." *Kernan,* 175 F.3d at 240-241; *citing Martinez v American Standard,* 91 AD2d 652 (2d Dept. 1982) *Schaadt v T.W. Kutter, Inc.,* 169 AD.2d 969 (3d Dept. 1991) ("[I]t is not enough that a defendant foresaw the possibility that its product would find its way here; foreseeability must be coupled with evidence of a purposeful New York affiliation,

17

for example, a discernible effort to directly or indirectly serve the New York market.")

Defendants' purposeful targeting of the substantial Southern District test preparation market renders incredulous any argument that Mo Media and Owens have not been intentionally availing the benefits of the laws of New York. Mo Media admits it has customers in the Southern District. Mo Media concededly sent e-mail solicitations to schools and colleges in the Southern District inviting the recipient to link with its fraudulent website. The result is that schools and colleges in the Southern District have information on their own websites indicating that Mo Media was a not-for-profit entity. This is the epitome of purposeful availment.

Defendants have presented no compelling reasons why jurisdiction in the Southern District would be particularly burdensome or unreasonable. *See, Pearson Education,* 525 F.Supp.2d at 557-558.

### Point 2
### Owens' Motion to Dismiss on the Grounds of Improper Venue Should Be Denied

Plaintiffs respectfully incorporate and repeat herein all of the arguments made in their Memorandum of Law (pages 5-14), dated January 31, 2008, opposing the Mo Media motion to dismiss on the grounds of improper venue. Owens' motion should be denied for the same reasons.

### Point 3
### Owens' Motion to Transfer Venue Should Be Denied

Plaintiffs respectfully incorporate and repeat herein all of the arguments made in

their Memorandum of Law (pages 14-21), dated January 31, 2008, opposing the Mo

Media motion to transfer venue.  Owens' motion should be denied for the same reasons.

**CONCLUSION**

Owens' motion should be denied in its entirety.

Dated: Middletown, New York
   February 25, 2008

        Respectfully submitted,

        Zeccola & Selinger
        45 Webster Avenue
        Goshen, New York 10924
        (845) 294-2544

        s/ *Robert N. Isseks*
        _____
        Robert N. Isseks, Esq. (RI 0241)
        Alex Smith, Esq. (AS 5052)
        Of Counsel
        6 North Street
        Middletown, New York
        (845) 344-4322

      Attorneys for Plaintiff Testing Technologies, Inc.

19
