UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TESTING TECHNOLOGIES INC. and         :   ECF CASE
MG PREP, INC.,                        :
                                      :
              Plaintiffs,             :   07 Civ. 7360 (WHP)
                                      :
   -against-                          :
                                      :
MO MEDIA, LLC, PAUL OWENS, and        :
JOHN DOES 1-10,                       :
                                      :
              Defendants.             :
                                      :
-------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT PAUL OWENS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND IMPROPER VENUE
UNDER F.R.Civ.P. 12(b)(2) AND (3) AND
<u>MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)</u>**

COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, NY 10010
(212) 974-7474
*Attorneys for Defendant Paul Owens*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| STATEMENT | | 2 |
| ARGUMENT | | 3 |
| I. | OWENS IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK | 3 |
| | A. Plaintiffs Cannot Establish General Jurisdiction Under CPLR § 301 | 5 |
| | B. Plaintiffs Cannot Establish Specific Jurisdiction Over Owens Under the New York Long-Arm Statute, CPLR § 302 | 7 |
| | C. Exercise of Jurisdiction Over Owens Would Violate Due Process | 9 |
| II. | IF THE COURT DOES NOT DISMISS FOR LACK OF JURISDICTION, IT SHOULD DISMISS FOR IMPROPER VENUE OR TRANSFER THE CASE TO THE EASTERN DISTRICT OF TEXAS UNDER 28 U.S.C. § 1404(a) | 9 |
| CONCLUSION | | 10 |

## CASES

Burger King Corp. v. Rudzewicz
  471 U.S. 462 ....................................................................................................................10

Int'l Shoe Co. v. Washington
  326 U.S. 310 (1945) .........................................................................................................10

Kreutter v. McFadden Oil Corp.
  71 N.Y.2d 460 (1988) ........................................................................................................6

Laufer v. Ostrow
  55 N.Y.2d 305 (1982) ........................................................................................................6

Landoil Res. Corp. v. Alexander & Alexander, Inc.
  918 F.2d 1039 (2d Cir. 1990) ............................................................................................6

Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC
  450 F.3d 100 (2nd Cir. 2006) ............................................................................................8

Warner Bros. Entertainment Inc. v. Ideal World Direct
  516 F.Supp.2d 261 (S.D.N.Y. 2007) ..........................................................................5, 8, 9

Wiwa v. Royal Dutch Petroleum
  Corp., 226 F.3d 88 (2d Cir 2000) .....................................................................................6

World-Wide Volkswagen Corp. v. Woodson
  444 U.S. 286 (1980) .........................................................................................................10

## FEDERAL STATUTES

15 U.S.C. § 1125 ......................................................................................................................5

28 U.S.C. § 1404(a) ......................................................................................................2, 10, 11

## STATE STATUTES

CPLR § 301 ..........................................................................................................................3, 6

CPLR § 302 .............................................................................................................................8

CPLR § 302(a) .........................................................................................................................3

CPLR § 302(a)(1) ....................................................................................................................9

CPLR § 302(a)(1) through (4) ................................................................................................8

CPLR § 302(a)(1)-(4) ..............................................................................................................9
CPLR §§ 301 and 302 .............................................................................................................4

## FEDERAL RULES

F.R.Civ.P. 12(b)(2) and (3) .....................................................................................................2
F.R.Civ.P. 12(b)(2) and (3) .....................................................................................................2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| TESTING TECHNOLOGIES, INC., and MG PREP, INC. <br>     *Plaintiffs,* <br><br> v. <br><br> MO MEDIA, LLC., PAUL OWENS, and JOHN DOES 1-10 <br>     *Defendants.* | § § § § § § § § § § | ECF <br><br><br><br> Civil Action No. 07 Civ 7360 (WHP) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT PAUL OWENS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE UNDER F.R.Civ.P. 12(b)(2) AND (3) AND MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant Paul Owens ("Owens") respectfully submits this reply memorandum of law and accompanying declarations of Paul Owens and Al J. Daniel, Jr., Esq., dated March 5, 2008, in further support of Owens' motion to dismiss for lack of personal jurisdiction and improper venue, F.R.Civ.P. 12(b)(2) and (3), and his alternative motion to transfer the action to the Eastern District of Texas.  28 U.S.C. § 1404(a).

Plaintiff MG Prep, Inc. ("MG Prep"), the only New York plaintiff, does not oppose Owens' motion to dismiss or transfer; it filed no response at all.  Owens' motion to dismiss or transfer as to MG Prep should be granted on default.  This leaves only plaintiff Testing Technologies, Inc. ("Testing Technologies" or "TTI"), a Connecticut corporation, with its principal place of business in Connecticut, to oppose Owens' motion to dismiss or transfer.  Testing Technologies filed a memorandum of law in opposition to Owens' motion, accompanied by a declaration of Sean Selinger ("Selinger"), owner of Testing Technologies, dated February 24, 2008.

As explained in Owens' motion papers and below, TTI, a Connecticut corporation doing business in Connecticut, has not and cannot establish that Owens, a Texas

resident, is subject to general jurisdiction in this District under CPLR § 301 or long-arm jurisdiction under CPLR § 302(a).  The mere fact that Owens is an owner of defendant Mo Media, LLC is insufficient alone to establish personal jurisdiction under either provision.  There is no allegation in the amended complaint or competent evidence advanced by TTI as to Owens' personal involvement in or responsibility for the alleged wrongful acts, and any injury to Testing Technologies would have been suffered either in Texas, where Mo Media is located and conducts its business, or in Connecticut, where Testing Technologies conducts its business.

## STATEMENT

The only allegation in the first amended complaint as to Owens is the conclusory, unsupported assertion that "[u]pon information and belief, OWENS directs and controls the activities of MO MEDIA and uses MO MEDIA as his agent for the transaction of business" (Amend. Compl. ¶ 5) (Dkt. #12).  This is an insufficient basis for this Court to exercise personal jurisdiction over Owens or to establish this District as a proper venue for the action.  TTI's opposing memorandum of law, p. 2, notes that a court may, in its discretion, allow discovery on jurisdictional issues.  Here, TTI conducted full depositions of Peter Morrison and Paul Owens on February 28, 2008, pursuant to TTI's notice, but made no inquiries of either of them which provide any support for jurisdiction over Owens in addition to the bare and insufficient allegation in the amended complaint, ¶ 5.

The amended complaint does not contain a single allegation that Owens personally created or directed the creation of any of the allegedly false statements complained of in the complaint.  The mere fact that Owens is a co-owner of Mo Media is not sufficient, without more, to force him to come to New York to defend himself or make him personally answerable or liable for claims against Mo Media.

Owens submitted a declaration in support of his motion to dismiss or transfer which establishes that he is a citizen and resident of Texas who has visited New York City only once, on a family vacation. Declaration of Paul Owens dated February 14, 2008 ("Owens Decl.") ¶ 3. Owens has none of the ties to New York or indicia of a presence here which New York courts consider the bare minimum for finding them to be "present" in New York for all purposes. Owens denies that he personally committed any tortious act in New York or committed any such act outside of New York which caused injury in New York. Owens Decl. ¶¶ 15-16. Testing Technologies' opposition does not present any facts or evidence which contradict Owens' statements that he personally lacks any ties to New York which are sufficient to establish personal jurisdiction or proper venue in this District as to Owens. In any event, TTI's business is in Connecticut, not New York, and MG Prep has not opposed Owens' motion to dismiss or transfer.

Sean Selinger's declaration in opposition to Owens' motion to dismiss or transfer (Dkt. #38) ("Selinger Owens Decl.") incorporates his undated declaration in opposition to Mo Media's motion to dismiss or transfer ("Selinger Mo Media Decl.") (Dkt. #26). Both of Selinger's declarations are full of hearsay and unsupported factual assertions as to which he is not competent to testify, and much of which is irrelevant to the issues at hand, as explained below. Owens' accompanying reply declaration also responds to various of the assertions in Selinger's declaration.

## ARGUMENT

**I.  OWENS IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK.**

Owens' motion papers establish that TTI has not made a sufficient showing that this Court has personal jurisdiction, general or long-arm, over defendant Owens and the action should be dismissed as to him. CPLR §§ 301 and 302. Plaintiff MG Prep does

3

not oppose Owens' motion at all. TTI's opposition fails to establish that sufficient facts have been alleged or established for this Court to exercise personal jurisdiction over Owens for the claims alleged in this action.

TTI's conclusory allegation in the amended complaint that Owens, as a co-owner of Mo Media, "directs and controls the activities of MO MEDIA and uses MO MEDIA as his agent for the transaction of business" fails to establish a sufficient factual basis for exercise of personal jurisdiction over Owens (Amend. Compl. ¶ 5). Warner Bros. Entertainment Inc. v. Ideal World Direct, 516 F.Supp.2d 261, 267 (S.D.N.Y. 2007). The internet has not changed the fundamental rules for determining personal jurisdiction and TTI has failed to make even a *prima facie* showing of personal jurisdiction over Owens. Id. at 266. Both Peter Morrison and Owens, the co-owners of Mo Media, have been deposed by TTI, but it failed to make any inquiry that would lend any additional support to TTI's claim of personal jurisdiction over Owens. See Owens Reply Decl. ¶ 14; Daniel Reply Decl., Ex. B.

There is not a single allegation in the amended complaint and no evidence submitted in opposition to Owens' motion to dismiss which asserts that Owens was personally responsible for any of the allegedly false statements or alleged practices upon which TTI's Lanham Act claim, 15 U.S.C. § 1125, and state claims, are based. It is insufficient for TTI to merely claim that Mo Media allegedly did such things, that Owens is one of its owners, and, ergo, Owens is subject to personal jurisdiction more than 1,500 miles from his residence in Texas. TTI must specifically show that Owens did something that provides a sufficient basis for this Court to exercise personal jurisdiction over him and force this Texas resident to come to New York to defend the claims of a Connecticut corporation which has its place of business in Connecticut, not

New York. TTI contends that Owens is erroneously relying upon a "corporate shield doctrine." TTI Memo. Opp. 3. That is not the case. Here, TTI has not alleged that Owens personally did any acts, for Mo Media or on his own behalf, and upon which TTI's claim are based, which subject him to long-arm jurisdiction. See Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 470 (1988).

TTI's memorandum of law in opposition to Owens' motion to dismiss invokes Selinger's wide-ranging factual assertions which consist largely of unsupported hearsay, speculation, inaccuracies, and exaggeration. See Plaintiff TTI's Memorandum of Law in Opposition to Owens' Motion to Dismiss or Transfer 1, 3-5 ("TTI Mem. Opp."). None of these assertions address specific alleged acts of Owens, in any event.

TTI's memorandum completely ignores the inconvenient facts -- it is a Connecticut corporation with its place of business in Connecticut and the New York plaintiff MG Prep failed to oppose Owens' motion to dismiss at all. TTI cannot have been harmed in New York because it is not here.

### A. Plaintiffs Cannot Establish General Jurisdiction Under CPLR § 301

TTI has not met its heavy burden of proving that Owens is present in New York for all purposes and subject to the Court's general jurisdiction under CPLR §301. It has not alleged or shown that Owens engaged in "continuous, permanent, and substantial activity in New York." Landoil Res. Corp. v. Alexander & Alexander, Inc., 918 F.2d 1039, 1043 (2d Cir. 1990). The amended complaint does not allege and TTI has not otherwise shown that Owens satisfies any of the criteria for general jurisdiction. Wiwa v. Royal Dutch Petroleum Corp., 226 F.3d 88, 98 (2d Cir 2000) (Leval, J.). An individual acting on behalf of a corporation cannot be subjected to general jurisdiction on that basis alone. Laufer v. Ostrow, 55 N.Y.2d 305, 313 (1982); accord, Imagine Solutions,

5

LLC v. Medical Software Computer Systems, 2007 WL 1888309 *5 (E.D.N.Y., June 28, 2007).  The declarations of TTI's owner Sean Selinger in opposition to Mo Media's and Owens' motions to dismiss do not provide any additional facts which could support the exercise of personal jurisdiction over Owens.

Selinger's declarations erroneously focus upon www.testprepreview.com, an internet website owned and operated by Enoch and Fay Morrison in Texas, not by Mo Media or Owens.  Owens Reply Decl. ¶¶ 5-11; Daniel Reply Decl., Ex. A.  Selinger refers to an arbitration proceeding in which Owens was the named Complaint involving www.testprepreview.com against a respondent using a confusingly similar domain name.  Selinger Owens Decl. ¶ 3.  Owens explains that he was not and is not the owner of that site and was only the "registrant" for a period of time.  Owens Reply Decl. ¶¶ 10-12.  TTI and Selinger are fully aware that the name of the registrant of an internet domain does not necessarily denote ownership; TTI claims to own www.800score.com, Amend. Compl. ¶ 3, but the "registrant" for the site is "800score.com," which, upon information and belief, is not a legal entity at all.  Selinger is listed as administrative and technical contact.  Reply Decl. of Mason A. Weisz, Esq. in Spt. of Motion of Mo Media to Dismiss, Ex. B (Dkt. #31).

The remainder of Selinger's declaration is replete with assertions which are unsupported by documentary evidence and much of which is inadmissible hearsay.  A number of his allegations relate to preparation materials for tests such as the New York State Teacher Certification Exams.  TTI only sells test preparation materials for the GMAT, GRE, and LSAT.  It cannot base long-arm jurisdiction for its claims upon Mo Media's or Owens' alleged activities involving test materials which TTI does not sell; as

6

to them, TTI cannot have suffered any injury at all. and as to which they cannot have suffered any injury at all.

### B. Testing Technologies Cannot Establish Specific Jurisdiction Over Owens Under the New York Long-Arm Statute, CPLR § 302.

TTI has also failed to establish any basis for exercise of personal jurisdiction over Owens under the New York long-arm statute. CPLR § 302(a)(1) through (4). <u>Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC</u>, 450 F.3d 100 (2nd Cir. 2006); <u>Warner Bros. v. Ideal World</u>, <u>supra</u>.

Owens' declaration in support of his motion to dismiss or transfer demonstrated that he has not engaged in any of the conduct that would subject him to specific jurisdiction as to any claim asserted by TTI, a Connecticut corporation with its place of business in Connecticut. The amended complaint makes no specific allegations as to any activities of Owens in this District *vis à vis* MG Prep, which has not opposed Owens' motion to dismiss or transfer.

Owens is a resident of Texas whose only trip to New York was on a family vacation, and he has no New York associates, bank accounts, real estate, telephone, or any other ties to New York or this District. Owens Decl. ¶¶ 3-18.

TTI's opposition and Selinger's declarations do not dispute these facts. They rely solely upon the mere fact that Owens is a co-owner of Mo Media and their erroneous attempt to make Mo Media and/or Owens responsible for allegedly false statements on www.testprepreview.com, a website which is not mentioned at all in the complaint and is in fact owned by third parties. <u>See</u> Owens Reply Decl. ¶¶ 5-11; Daniel Reply Decl., Ex. A. TTI failed to allege or show that Owens was personally involved in or directed any of

7

the allegedly wrongful acts in the complaint to support exercise of personal jurisdiction over him under the long-arm statute.  CPLR § 302(a)(1)-(4).

This Court's decision in Warner Bros. v. Ideal World Direct, supra, properly applied the law of personal jurisdiction in the context of internet-related claims.  There, the Court held that Ideal World Direct was subject to jurisdiction under CPLR § 302(a)(1) because it operated a website which made substantial sales of computer files to New York customers, and allowed them to show copyright-infringing copies of movies.  Id. at 266.  However, an individual defendant who operated a website which sold memberships and provided links to other sites for downloads was not subject to personal jurisdiction based on nothing but a "generalized allegation that [the defendant] had 'continuing and ongoing business contacts with residents of the state of New York.'" Id. at 267.  TTI's allegations as to Owens are equally generalized and insufficient for personal jurisdiction (Amend. Compl. ¶ 5).  The Court held that an individual owner of a passive, pass-through site which merely directed viewers to other sites, comparable to an ad in a national magazine, was not subject to long-arm jurisdiction.  Id.  The website www.testprepreview.com  is also a passive, pass-through site which provides general information about many tests and has links to many different vendors of goods and services, including Kaplan and Princeton Review, as well as Mo Media.  Users of this site are not required to give an email address or other personal information to use the site, as Selinger claims.  Owens Reply Decl. ¶ 8.  A few pages, not involving any products sold by plaintiffs, allow users to enter an email address to obtain a free "question of the day" for other tests, but no products are sold from the site; users must click a link to a third party site to purchase goods or services.  Id.

Selinger's declarations focus intently on the website www.testprepreview.com, but Owens' declaration and deposition testimony establish that this site is owned by Enoch and Fay Morrison, not by Owens or Mo Media.  Owens Reply Decl. ¶¶ 5-11.  In fact, Enoch and Fay Morrison recently filed an action for declaratory and injunctive relief against TTI in the Eastern District of Texas, following a threat of litigation by Sean Selinger.  They allege that they are the owners of www.testprepreview.com that they have not violated any of TTI's rights.  Daniel Reply Decl., Ex. B.

      C.      **Exercise of Jurisdiction Over Owens Would Violate Due Process.**

Given the lack of any allegations or evidence which shows any activity by Owens upon which this Court can base personal jurisdiction, TTI has failed to show that the exercise of personal jurisdiction over Owens would satisfy the requirements of due process.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 1985; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Owens simply does not have sufficient minimum contacts to support personal jurisdiction over him.  Id.  MG Prep makes no showing of personal jurisdiction over Owens and Selinger's declarations add nothing of significance to the sole, conclusory allegation regarding Owens in the amended complaint, ¶ 5.

**II.**    **IF THE COURT DOES NOT DISMISS FOR LACK OF JURISDICTION, IT SHOULD DISMISS FOR IMPROPER VENUE OR TRANSFER THE CASE TO THE EASTERN DISTRICT OF TEXAS UNDER 28 U.S.C. § 1404(a).**

Owens alternatively requests transfer to the Eastern District of Texas, should the Court not dismiss for lack of jurisdiction or improper venue for the reasons in Mo Media's motion.  MG Prep does not oppose Owens' motion; TTI has no presence in this District; Owens already has a suit pending against Sean Selinger and TTI in state court in Texas; and Enoch and Fay Morrison, owners of www.testprepreview.com, have

9

sought declaratory and injunctive relief against Selinger and TTI in the Eastern District of Texas based upon Selinger's threat and assertion that they were violating TTI's rights.

## CONCLUSION

For the foregoing reasons and those set forth in Owens' moving papers, the Court should grant Owens' motion to dismiss for lack of personal jurisdiction and/or his motion to dismiss for improper venue, or transfer venue to the Eastern District of Texas, pursuant to 28 U.S.C. § 1404(a), and grant any and all further relief, in law or in equity, that is appropriate under the circumstances.

Respectfully submitted,

Dated: March 5, 2008
     New York, New York

COWAN, DEBAETS, ABRAHAMS
  & SHEPPARD LLP

By: ___/s/ Al J. Daniel, Jr._____
   Toby M.J. Butterfield (TB 8859)
   Al J. Daniel, Jr. (AD 9333)
   Mason A. Weisz (MW 5954)
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel: (212) 974-7474

ROEBUCK & THOMAS, PLLC
Jeffrey T. Roebuck
TBA # 24027812
2470 N. 11th Street
Beaumont, Texas 77703
409/892-8227
409/892-8318 (Fax)

Attorneys for Defendant Paul Owens