UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TESTING TECHNOLOGIES INC. and                : ECF CASE
MG PREP, INC.,                               :
                                             :
                     Plaintiffs,             : 07 Civ. 7360 (WHP)
                                             :
     -against-                               :
                                             :
MO MEDIA, LLC, PAUL OWENS, and               :
JOHN DOES 1-10,                              :
                                             :
                     Defendants.
-------------------------------------------------------------------x

**REPLY DECLARATION OF AL J. DANIEL, JR. IN SUPPORT OF
DEFENDANT PAUL OWENS' MOTION TO DISMISS OR TRANSFER**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ENOCH MORRISON AND FAY MORRISON, | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 9:08-cv-00038 |
| v. | ) ) | JUDGE RON CLARK |
| TESTING TECHNOLOGIES, INC., | ) ) | TRIAL BY JURY DEMANDED |
| Defendant. | ) ) | |

## COMPLAINT

Enoch and Fay Morrison ("Plaintiffs") submit this, their Original Complaint against TESTING TECHNOLOGIES, INC. ("TTI"), and allege, on knowledge as to their own conduct and otherwise on information and belief, as follows:

## PRELIMINARY STATEMENT

1.  This is a case involving threats of legal action by TTI against and the attempted intimidation of Plaintiffs, a local, Southeast Texas small business owner and his wife, in this District by a Connecticut corporation which seeks to interfere with Plaintiffs' legitimate business activities in this District and to gain an unfair competitive advantage. TTI, through its owner Sean Selinger, has made specific statements and threats to Plaintiffs. Plaintiffs' evaluation of public records show a pattern of aggressive targeting of potential witnesses in commercial disputes. Plaintiffs therefore seek a declaratory judgment from the Court that, contrary to TTI's and Sean Selinger's claims, Plaintiffs' legitimate commercial activity and other legitimate exercise of their commercial and personal rights of free speech and otherwise, do not violate any legitimate rights of TTI under the Lanham Act, 15 U.S.C. § 1125, or any other common or statutory laws.

1

## PARTIES

2. Plaintiffs, Enoch and Fay Morrison, are citizens and residents of the State of Texas who reside in Hardin County, within this District.

3. Upon information and belief, Defendant, Testing Technologies, Inc., is a corporation organized and existing under the laws of the State of Connecticut on March 28, 2005 with its principal place of business at 30 Spoonwood Road, Wilton, Connecticut, whose owner, director, and agent is Sean Selinger ("Selinger"), who is a citizen and resident of the State of Connecticut, who also resides at 30 Spoonwood Road, Wilton, Connecticut.

## JURISDICTION AND VENUE

4. This action involves certain federal statutory questions and claims arising under the laws of the United States. This Court has original and supplemental subject matter jurisdiction without regard to the amount in controversy pursuant to the provisions of 28 U.S.C. §§ 1331, 2201 and 2202 and the Lanham Act, 15 U.S.C. § 1121.

5. This Court has supplemental jurisdiction over the claim arising under state law pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over TTI because it is present and doing business, and has engaged in the actionable conduct alleged below (including specifically contacting and threatening Plaintiffs with legal action), in this Judicial District.

7. By way of example, upon information and belief, a principal of TTI specifically targeted Plaintiffs with correspondence specifically threatening imminent legal action. Since TTI is involved in substantial interstate commerce and its business method appears to involve significant threats of legal action unless settlement in the form of monetary and non-monetary consideration is provided by its targets, TTI's actions directed toward this Judicial District's residents constitute intentional direction of activities to this Judicial District. TTI was aware of Plaintiffs' residence

because it served Plaintiffs with civil subpoenas to testify in depositions only a few days later in this Judicial District.

8.  Upon information and belief, Defendant TTI uses the website www.800score.com, and other websites, to market, promote and sell test preparation materials for three types of standardized graduate school tests, i.e., the Graduate Management Admission Test ("GMAT"), the Graduate Record Examination ("GRE"), and the Law School Admission Test ("LSAT") to solicit and sell their online test preparation materials to potential and actual customers around the world, including in the State of Texas and this District.

9.  Upon information and belief, TTI's website www.800score.com is owned or controlled by TTI or its owner Selinger, either directly or indirectly, which site is used by them to sell various online test preparation services and/or materials.

10. Upon information and belief, TTI and/or Selinger also own or operate for their benefit many "informational" websites which are used by them to refer potential purchasers of TTI's test preparation materials to their commercial site www.800score.com, including such "informational" sites as www.gmat-mba-prep.com and www.lsat-center.com, which appear to be disinterested sources of information about these tests, but in fact refer potential customers who wish to purchase or use test materials to TTI's website, including potential customers throughout the world, including the State of Texas and this District.

11. Venue is proper in this Judicial District pursuant to the provisions of 28 U.S.C. § 1391, where a substantial part of the events giving rise to this action arose and where TTI claims Plaintiffs engaged in activities in violation of TTI's rights.

PERTINENT FACTS

12. Defendant TTI is an aggressive, e-commerce business that creates various websites to obtain customer identities, sell various products and services, cultivate leads for marketing

3

products and services. Upon information and belief, some products that TTI sells are test preparation materials, sales/marketing leads for professional firms (such as law firms) that market to identifiable client bases (such as accident and other victims of injury) and other information-based e-commerce business plans that depend upon its typical target selecting website links or internet websites and thereby providing information to TTI or its customers. Upon information and belief, TTI's business model seeks to increase its "page rank" priority in searches conducted in various search engine sites. Because success in "page rankings" depends on TTI's position relative to its competitors, it selects competing businesses and attempts to negotiate through threats of litigation, actual filing of lawsuits based on a number of gerrymandered statutory and common law claims. By intimidating competitors into providing monetary or non-monetary consideration, TTI has attempted to favorably affect its page rank priority.

       13.     Upon information and belief, any person or entity that is loosely, allegedly, remotely or possibly linked to a perceived competitor of TTI is targeted by TTI with threats of litigation. For example, on February 9, 2008, Plaintiffs were targeted by TTI's owner Sean Selinger who made the following statement:

> "Please be aware that you have legal exposure for being the registrant of illegal websites and actively participating in deceptive promotions. You should be aware that within a few days any settlement will be impossible and you will be involved in very serious legal issues . . . ."

A copy of this email is attached as Exhibit A. Such statements are a clear attempt to intimidate Plaintiffs into "settlement" as part of TTI's predatory business practices.

       14.     Contrary to TTI's and Selinger's claims, Plaintiffs are engaged in legitimate business activities which include the preparation of a wide range of test preparation materials for more than one hundred different types of standardized tests used for educational and employment

purposes, including the GMAT, GRE, and LSAT tests from their residence in Texas, within this District.

15. Plaintiffs own and operate various internet websites, including www.testprepreview.com, which provide information about various educational and employment standardized tests and test preparation materials, including the GMAT, GRE, and LSAT tests.

16. The above-mentioned statements, actions and threats of action (not fully summarized herein) by TTI and its principals, vice-principals, agents and representatives have raised a real and actual controversy as to "very serious legal issues" by claiming that Plaintiffs' activities in the conduct of their business and promotion of their test preparation materials somehow violate the rights of TTI under the Lanham Act and various common and statutory laws, and by threatening Enoch and Fay with imminent litigation.

17. Upon information and belief, TTI and its owner Selinger have made such threats and commenced litigation against other perceived competitors with claims constituting unfair competition, fraud, deceptive commercial conduct and other various and sundry causes of action meant to threaten, intimidate and otherwise cajole a monetary or non-monetary settlement. TTI is improperly attempting to suppress a perceived or potential, theoretical or actual competitor's ability to engage in protected speech, commercial activity or the general right to exercise other freedoms guaranteed by the Texas and United States constitutions and Texas statutory and common law.

## FIRST CLAIM FOR RELIEF: DECLARATORY RELIEF

18. Plaintiffs incorporate all foregoing paragraphs as if fully set forth herein.

19. Plaintiffs seek a declaration of their rights, pursuant to 28 U.S.C. § 2201, et seq. that any conduct including constitutionally protected speech or their commercial activities, if any, do not violate provisions of the Lanham Act, 15 U.S.C. § 1125, or of applicable, if any, state common or statutory law.

5

20. TTI has complained in other forums that its real or perceived competitors' alleged acts constitute Lanham Act violations, deceptive trade practices, false advertising, unfair competition (both state statutory and common law), common law misrepresentation and fraud.

21. A real and actual controversy presently exists between the parties hereto, which is justiciable in character and as to which each party possesses an interest in its resolution.

22. Declaratory relief from the threat of "very serious legal issues" is necessary to protect Plaintiffs from significant financial, legal and emotional hardship. The controversy between Plaintiffs and TTI warrants relief declaring the rights of the parties pursuant to 28 U.S.C. § 2201, and declaring and finding that Plaintiffs' speech and commercial activity, if any, are not violative of the Lanham Act or common or state statutory law or any other rights of TTI.

## SECOND CLAIM FOR RELIEF: INJUNCTIVE RELIEF

23. Plaintiffs incorporate all foregoing paragraphs as if fully set forth herein.

24. Plaintiffs will suffer immediate and irreparable injury absent preliminary and permanent injunctive relief.

25. Plaintiffs have no adequate remedy at law.

## JURY DEMAND

1. Plaintiffs hereby request a jury trial as to all issues in this action that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Enoch and Fay Morrison, request that this Court grant relief against TTI as follows:

    (a) Entering judgment for Plaintiffs and against TTI against all counts or potential counts summarized herein;

    (b) Declaring that Plaintiffs' speech and commercial activity, if any, do not violate the Lanham Act, 15 U.S.C. § 1051, et seq. or state laws;

6

(c) Granting a temporary restraining order, preliminary and permanent injunctive relief;

(d) Awarding costs and expenses of litigation, including reasonable attorneys' fees; and

(e) Granting any such other and further relief as this Court deems just and proper.

Dated: February 26, 2008.                Respectfully submitted,

   /s/ J. Thad Heartfield
J. Thad Heartfield
  Texas Bar No. 09346800
  E-Mail: thad@jth-law.com
M. Dru Montgomery
  Texas Bar No. 24010800
  E-Mail: dru@jth-law.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Tel. (409) 866-3318
Fax (409) 866-5780

Attorneys for Enoch and Fay Morrison

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ENOCH MORRISON AND FAY MORRISON, | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. |
| v. | ) ) | JUDGE RON CLARK |
| TESTING TECHNOLOGIES, INC., | ) ) | TRIAL BY JURY DEMANDED |
| Defendant. | ) ) | |

**COMPLAINT**

# EXHIBIT A

```
                        seanemailtoenochfay
Sean Selinger <sean@800score.com> wrote: Date: Sat, 09 Feb 2008 09:36:05 -0500
From: Sean Selinger <sean@800score.com>
Subject: TestPrepReview Legal Issues
To: faybmorrison@yahoo.com
CC: faybigelow@yahoo.com
```

Fay and Eunoch,

Please be aware that you have legal exposure for being the registrant of illegal websites and actively participating in deceptive promotions. You should be aware that within a few days any settlement will be impossible and you will be involved in very serious legal issues. Paul and Peter are effectively determining your legal future without your direct consent.

Thank you,
Sean Selinger

# U.S. District Court [LIVE]
# Eastern District of TEXAS (Lufkin)
# CIVIL DOCKET FOR CASE #: 9:08-cv-00038-RHC

Morrison et al v. Testing Technologies Inc  
Assigned to: Judge Ron Clark  
Cause: 28:1331 Fed. Question

Date Filed: 02/26/2008  
Jury Demand: Plaintiff  
Nature of Suit: 890 Other Statutory Actions  
Jurisdiction: Federal Question

**Plaintiff**

**Enoch Morrison**     represented by  **J Thad Heartfield**  
The Heartfield Law Firm  
2195 Dowlen Rd  
Beaumont, TX 77706  
409/866-3318  
Fax: 14098665789  
Email: thad@jth-law.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Fay Morrison**     represented by  **J Thad Heartfield**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Testing Technologies Inc**

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 02/26/2008 | 1 | COMPLAINT against Testing Technologies Inc ( Filing fee $ 350 receipt number 1442645.), filed by Enoch Morrison, Fay Morrison. (Attachments: # 1 Exhibit A# 2 Civil Cover Sheet)(Heartfield, J) (Entered: 02/26/2008) |
| 02/26/2008 | 2 | E-GOV SEALED SUMMONS Issued as to Testing Technologies Inc. (djh, ) (Entered: 02/26/2008) |
| 02/26/2008 |   | Case Assigned to Judge Ron Clark. (djh, ) (Entered: 02/26/2008) |
| 02/26/2008 | 3 | Magistrate Consent Form E-mailed to Enoch Morrison, Fay Morrison atty of |

record (djh, ) (Entered: 02/26/2008)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/04/2008 14:49:14 | | | |
| **PACER Login:** | cd0869 | **Client Code:** | AJD-Mo Media |
| **Description:** | Docket Report | **Search Criteria:** | 9:08-cv-00038-RHC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |