# KUDMAN TRACHTEN ALOE LLP
### ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4400
NEW YORK, NY 10118
(212) 868-1010

TELECOPIER (212) 868-0013
www.kudmanlaw.com



PAUL H. ALOE†
STUART R. KUDMAN*
GARY TRACHTEN††

MICHELLE S. BABBITT*
THOMAS M. FURTH**
MATTHEW H. COHEN*
WILLIAM E. HAMMOND**
JOHN S. LEGO***
ALISA L. SILVERSTEIN*

*ADMITTED IN NY & NJ
**ADMITTED IN NY ONLY
***ADMITTED IN NY & CA
†ADMITTED IN NY, NJ & PA
††ADMITTED IN NY, NJ, CT & GA

March 7, 2008

**BY HAND**

Hon. William H. Pauley III
United States District Judge
United States District Court for the
    Southern District of New York
500 Pearl Street, Room 2210
New York, NY 10007

> Re:  Testing Technologies, Inc. and MG Prep, Inc. v. Mo Media LLC et al.
>      07 Civ. 7360 (WHP)
>      Our File 2970.01

Dear Judge Pauley:

    I write to set forth MG Prep, Inc.'s position regarding ¶ 10 of the proposed Stipulated Protective Order enclosed with Mr. Daniel's letter to the Court. Typically, I would have preferred that further negotiation take place between counsel to resolve a dispute concerning submission of a stipulation, but given the fact that discovery is going forward, Mr. Daniel suggested that separate submissions to Your Honor might be the best approach.

    We have no objection to the first sentence of ¶ 10. We believe, however, that the proposed requirement for approval of an expert by the opposing party prior to disclosure of confidential materials is improper. The requirement would apply to all experts, including consultants who are not retained to testify and whose work is not subject to discovery under Fed. R. Civ. P. 26(b)(4). The Protective Order already provides for a confidentiality certification to be signed by all such recipients of confidential information. Further, the proposed 7-day waiting period, followed by the necessity of bringing on a motion in the event of an objection to the disclosure, will unnecessarily delay expert discovery and preparation for trial.

    Mr. Daniel has expressed his clients' concern that a party might seek to disclose confidential information to someone closely related to that party by simply designating the person as an "expert." This suggests that counsel would collude in such a subterfuge, since selection and vetting of experts is normally carried out by counsel, rather than the parties

## KUDMAN TRACHTEN LLP

Hon. William H. Pauley III
March 7, 2008
Page 2

themselves. Even if the concern is valid, we suggest that the integrity of confidential materials can be achieved in a less onerous fashion.

We propose that the objectionable provision be replaced by one that requires any outside consultant or expert to sign a declaration under penalty of perjury stating not only that (s)he agrees to be bound by the Protective Order but also certifying that (s)he is not related by family, business association or otherwise to any party or principal of any party to the action and has been retained solely as an outside consultant. This certification is to be held by counsel for the disclosing party. In the unlikely event that improper use or dissemination of confidential material should become an issue; any party would have the right to apply to the court for copies of all such certifications.

As an officer of the court, any attorney must be aware that an attempt to deliberately circumvent a protective order would subject that attorney to most severe sanctions. Our proposal recognizes counsel's responsibilities without giving the opposing party the right to pass on the acceptability of an expert.

In the absence of agreement between counsel on this provision, we respectfully request the Court's guidance.

Respectfully yours,

Thomas M. Furth

cc: (via email)
    Al Daniel, Esq
    John Selinger, Esq.

Application Granted. The parties are to submit a revised stipulated protective order.

SO ORDERED:

WILLIAM H. PAULEY III U.S.
3/25/08