ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TESTING TECHNOLOGIES INC. and           :   ECF CASE
MG PREP, INC.,                          :
                                        :
                        Plaintiffs,     :   07 Civ. 7360 (WHP)
                                        :
    -against-                           :
                                        :
MO MEDIA, LLC, PAUL OWENS, and          :
JOHN DOES 1-10,                         :
                                        :
                        Defendants.     :
                                        :
------------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and among plaintiffs Testing Technologies Inc. and MG Prep, Inc. and defendants Mo Media, LLC and Paul Owens, through their respective counsel and subject to the approval of this Court, that the following Protective Order be entered in this action:

1.     Plaintiff and defendants may designate Discovery Material as Confidential Discovery Material if it reflects trade secrets or other confidential financial or commercial information, or information otherwise entitled to protection under Fed. R. Civ. P. 26. In addition, a party producing Confidential Discovery Material may further limit the use and disclosure of particularly sensitive information by designating such material "Confidential Attorneys Only Discovery Material." For purposes of this stipulated protective order, Discovery Material produced by a present or former officer, director, employee or agent of a party or non-party shall be deemed to have been produced by that party or non-party.

2. Discovery Material shall consist of all of the following: (i) documents, as defined in Local Civil Rule 26.3(c), produced by one party to another pursuant to informal requests or requests under Rule 34 of the Federal Rules of Civil Procedure, all information derived therefrom, and all copies, excerpts, or summaries thereof; (ii) all documents produced pursuant to subpoenas under Rule 45 of the Federal Rules of Procedure, all information derived therefrom and all copies, excerpts, or summaries thereof; (iii) responses to requests to admit made pursuant to Rule 36 of the Federal Rules of Civil Procedure; (iv) responses to interrogatories made pursuant to Federal Rules of Civil Procedure 33; and (v) testimony and transcripts of testimony in depositions under Rule 30 or Rule 31 of the Federal Rules of Civil Procedure and all other information, testimony and documents produced pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure.

3. Confidential Discovery Material and Confidential Attorneys Only Discovery Material may not be used by any person for any business or competitive purpose or for any other purpose except in connection with this litigation, including any appeal.

4. Confidential Discovery Material and Confidential Attorneys Only Discovery Material shall, if a writing, be stamped on the face of the writing, or shall otherwise be clearly marked "Confidential" or "Confidential Attorneys Only" in the margin or such place that it is clearly evident and in such a manner that the written material is not obliterated or obscured.

5. Any document designated as Confidential Discovery Material or Confidential Attorneys Only Discovery Material may be marked by the producing party

or non-party at the time it is produced or at the time copies are provided to the receiving party.

6. Material designated as Confidential Discovery Material or Confidential Attorneys Only Discovery Material which is subject to a dispute as to whether it is, in fact, confidential, shall, until further order of the Court, be treated as having been properly so designated in accordance with the terms of this Protective Order.

7. All persons receiving Confidential Discovery Material or Confidential Attorneys Only Discovery Material shall take all steps reasonably necessary to prevent the disclosure of such material to anyone other than persons identified in paragraphs 8 and 9 below. All such persons to whom confidential Discovery Material is to be disclosed shall be notified of the entry and terms of this protective Order and shall, with the exception of the persons identified in paragraph 8(a), (b), (e), and (f), execute the Undertaking attached as Exhibit A before they are permitted access to any Confidential Discovery Material. Attorneys of record for the receiving party shall be responsible for maintaining the originals of all executed Undertakings and on request providing copies of them to any producing party or non-party.

8. Confidential Discovery Material may only be disclosed to the extent necessary in the conduct of this litigation but shall not be disclosed to any persons other than (a) attorneys of record and fellow attorneys and employees in each attorney's law firm, (b) the parties and present owners and officers of the parties, (c) experts who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation, (d) persons who a party's attorney believes are likely to be called to give

testimony on matters relating to the Confidential Discovery Material, (e) insurers of the parties and counsel to such insurers, and (f) the Court.

9.  Confidential Attorneys Only Discovery Material may only be disclosed to (a) attorneys of record and fellow attorneys and employees in each attorney's law firm other than parties, party employees and owners of parties, (b) insurers of the parties and counsel to such insurers, and (c) the Court. Confidential Attorneys Only Discovery Material shall not be disclosed to persons identified in paragraphs 8(b) and (d) except (i) current directors, officers or employees of the producing party; and (ii) persons indicated on the face of a document containing such Confidential Attorneys Only Discovery Material as having been authors or recipients of such document in substantially the form produced.

10. Confidential Attorneys Only Discovery Material may not be disclosed to persons identified in paragraph 8(c) if such persons are current directors, officers or employees of the non-designating receiving party. Prior to disclosure of any Confidential Attorneys Only Discovery to persons identified in paragraph 8(c) who are not disqualified by the first sentence of this paragraph, such experts shall sign a declaration under penalty of perjury stating that (s)he agreed to be bound by the terms of this Protective Order and certifying that (s)he is not related by family, business association or otherwise to any party or principal of any party to this action and has been retained solely as an outside consultant. These declarations and certifications shall be retained by counsel for the party who or which disclosed such Confidential Attorneys Only Discovery Material to persons identified in paragraph 8(c). In the event that an issue arises concerning alleged improper use or dissemination of confidential material becomes

an issue, any party may, *inter alia*, apply to the Court for production of any or all such declarations and certifications.

11.   Except as set forth in subparagraph 9(ii) Confidential Attorneys Only Discovery Material may not be disclosed to directors, officers or employees of the receiving party unless the designating party changes the designation to Confidential or unrestricted under the terms and procedures hereinafter set forth.

   a.   Notwithstanding anything herein to the contrary, Discovery Material designated Confidential Attorneys Only Discovery Material by defendants may not be disclosed to Sean Selinger or Andrew Yang, or anyone acting on their behalf or on behalf of plaintiffs or any other entity in which Mr. Selinger, Mr. Yang or any plaintiff has a direct or indirect interest, except as set forth in ¶ 9(a) and second sentence, subparagraph 9(ii); and

   b.   Notwithstanding anything herein to the contrary, Discovery Material designated Confidential Attorneys Only Discovery Material by plaintiffs may not be disclosed to Paul Owens or Peter Morrison, or anyone acting on their behalf or on behalf of defendants or any other entity in which Mr. Owens, Mr. Morrison or any defendant has a direct or indirect interest, except as set forth in ¶ 9(a) and second sentence, subparagraph 9(ii).

12.   If, during the course of a deposition, counsel for any party states on the record that a particular question or line of questioning constitutes Confidential Attorneys Only Discovery Material, then any parties or representatives (except for counsel of record) shall be excluded from the deposition during the portion of the deposition so designated pending further order from the Court.

13.     To the extent that a deposition involves Confidential Discovery Material or Confidential Attorneys Only Discovery Material, the court reporter shall mark those portions of such deposition transcript(s) which concern Confidential Discovery Material or Confidential Attorneys Only Discovery Material with the legend "Confidential" or "Confidential Attorneys Only" and shall place on the cover of the transcript the following legend:

> **THIS TRANSCRIPT CONTAINS INFORMATION**
> **DESIGNATED CONFIDENTIAL AND SUBJECT TO**
> **A PROTECTIVE ORDER IN THIS ACTION.  IF**
> **SUCH INFORMATION IS FILED WITH THE**
> **COURT, IT MUST BE INTRODUCED UNDER SEAL.**

In addition, after each deposition, each party may designate portions of the transcript "Confidential" or "Confidential Attorneys Only" by written notice to the other parties within 30 days of any party's receipt of the transcript.

14.     Any Confidential Discovery Material or Confidential Attorneys Only Discovery Material which is filed with the Court, and any pleading, motion, or other paper filed with the Court disclosing any Confidential Discovery Material or Confidential Attorneys Only Discovery Material, shall be filed in a sealed envelope on which will be endorsed the title and docket number of this action, an indication of the nature of the contents of the sealed envelope, and a statement substantially in the following form:

> **THIS ENVELOPE CONTAINS DOCUMENTS**
> **AND/OR TESTIMONY WHICH HAVE BEEN FILED**
> **BY [NAME AND PARTY] AND DESIGNATED AS**
> **CONFIDENTIAL AND SUBJECT TO THE TERMS**
> **OF A PROTECTIVE ORDER OF THIS COURT.  IT**
> **IS NOT TO BE OPENED NOR THE CONTENTS**
> **DISPLAYED OR REVEALED EXCEPT BY ORDER**
> **OF THE COURT.**

15. Parties must obtain leave of the Court before filing any document under seal. If leave is granted, parties must file redacted copies with the Clerk of the Court. Nothing in this Protective Order limits the right of any party in this action to seek to use Confidential Discovery Material or Confidential Attorneys Only Discovery Material at the trial of this action or other proceedings before the Court. If any Confidential Discovery Material or Confidential Attorneys Only Discovery Material is to be used at the trial of this action or in another proceeding before the Court, the Court will determine and direct at that time the manner and extent to which the claimed confidentiality of the Discovery Material is to be protected. All parties and non-parties reserve the right to seek additional protection for Confidential Discovery Material or Confidential Attorneys Only Discovery Material that is identified for use at trial or in other proceedings before the Court.

16. Nothing in this Protective Order, nor the parties' agreement hereto, shall be construed in any way to deprive a party or non-party of any rights it may otherwise have under the Federal Rules of Civil Procedure and the Federal Rules of Evidence including, but not limited to: (a) any party's or non-party's right to object to any discovery requests on any ground; (b) any non-party's right to object to any subpoena on any grounds; (c) any party's right to seek an order compelling discovery with respect to any discovery requests; (d) any party's right at any proceeding herein to object to the admission of any evidence on any ground; (e) any party's or non-party's right to assert the attorney-client privilege or the work-product doctrine; or (f) any party's or non-party's right to use its own documents with complete discretion.

17. Nothing in this Protective Order shall be construed to preclude any party or non-party from seeking a further protective order.

18. No party, attorney or other person or entity who or which obtains access to Confidential Discovery Material or Confidential Attorneys Only Discovery Material may use such material or the information contained therein for their own business or personal activities without written consent from the designating party.

19. Nothing in this Protective Order shall be construed to restrict any party's use of information that it possessed or knew prior to disclosure by another party, or is public knowledge, or is independently developed or acquired from an independent source, unless that independent source acquired the information in violation of this Protective Order.

20. Upon final determination of this litigation, counsel for a producing party or non-party may request the return to the producing party or non-party of all previously furnished Confidential Discovery Material or Confidential Attorneys Only Discovery Material, including any copies thereof. Within twenty (20) days from the receipt of such request, such person or party to whom such Confidential Discovery Material or Confidential Attorneys Only Discovery Material has been furnished or produced shall be obligated to return same, including any copies, or to destroy such documents and certify that they have been destroyed, provided however that this paragraph shall not be construed to require any party to return or destroy copies of any papers which were filed with the Court. If the Confidential Discovery Material or Confidential Attorneys Only Discovery Material or copies thereof contain the work product of attorneys for the receiving party, such documents or copies need not be returned but shall be destroyed at the requests of the producing party or non-party.

21. The Court may impose appropriate sanctions for any violation of this Protective Order.

22. This Protective Order shall remain in effect after the termination of this litigation and this Court shall retain jurisdiction to enforce it.

23. Pending approval of a Protective Order by the Court, the parties stipulate and agree that, as to prior or future discovery requests, they shall promptly produce answers or documents as to which confidentiality is claimed, all of which may be marked "Confidential" or "Confidential Attorneys Only" and shall be treated as such in accordance with the terms of this Stipulated Protective Order, pending approval of this or another Protective Order by the Court.

24. The parties stipulate and agree that, pending approval of this or a different protective order by this Court, any depositions taken in this case shall be conducted in accordance with this proposed Protective Order, and that the transcripts thereof shall be subject to the terms of this proposed Protective Order. After a Protective Order has been entered by the Court, any prior depositions, transcripts thereof, and other discovery shall be subject to the terms of such Protective Order as entered by the Court. This Stipulation may be signed in counterparts.

Dated:  New York, New York
        ~~February~~ 3/, 2008

ZECCOLA & SELINGER, LLC

By:_____
John Selinger
45 Webster Avenue
Goshen, New York 10924
(845) 294-2544
*Attorneys for Plaintiff Testing Technologies Inc.*

9

22. This Protective Order shall remain in effect after the termination of this litigation and this Court shall retain jurisdiction to enforce it.

23. Pending approval of a Protective Order by the Court, the parties stipulate and agree that, as to prior or future discovery requests, they shall promptly produce answers or documents as to which confidentiality is claimed, all of which may be marked "Confidential" or "Confidential Attorneys Only" and shall be treated as such in accordance with the terms of this Stipulated Protective Order, pending approval of this or another Protective Order by the Court.

24. The parties stipulate and agree that, pending approval of this or a different protective order by this Court, any depositions taken in this case shall be conducted in accordance with this proposed Protective Order, and that the transcripts thereof shall be subject to the terms of this proposed Protective Order. After a Protective Order has been entered by the Court, any prior depositions, transcripts thereof, and other discovery shall be subject to the terms of such Protective Order as entered by the Court. This Stipulation may be signed in counterparts.

Dated: New York, New York
February 3_, 2008

ZECCOLA & SELINGER, LLC

By: _____
John Selinger
45 Webster Avenue
Goshen, New York 10924
(845) 294-2544
*Attorneys for Plaintiff Testing Technologies Inc.*

9

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.

KUDMAN TRACHTEN ALOE LLP

By: _____
Thomas M. Furth
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010
*Attorneys for Plaintiff MG Prep, Inc.*

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: _____
Toby M.J. Butterfield
Al J. Daniel, Jr.
Mason A. Weisz
41 Madison Avenue, 34th Floor
New York, New York 10010
(212) 974-7474

ROEBUCK & THOMAS, PLLC
Jeffrey T. Roebuck (TBA #24027812)
2470 North 11th Street
Beaumont, Texas 77703
(409) 892-8227
*Attorneys for Defendants Mo Media, LLC and Paul Owens*

SO ORDERED:

_____        Dated: _____, 2008
UNITED STATES DISTRICT JUDGE

KUDMAN TRACHTEN ALOE LLP

By:_____
Thomas M. Furth
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010
*Attorneys for Plaintiff MG Prep, Inc.*


COWAN, DEBAETS, ABRAHAMS &
SHEPPARD LLP

By:_____
Toby M.J. Butterfield
Al J. Daniel, Jr.
Mason A. Weisz
41 Madison Avenue, 34th Floor
New York, New York 10010
(212) 974-7474

ROEBUCK & THOMAS, PLLC
Jeffrey T. Roebuck (TBA #24027812)
2470 North 11th Street
Beaumont, Texas 77703
(409) 892-8227
*Attorneys for Defendants Mo Media, LLC and Paul Owens*


SO ORDERED:


_____        Dated: April 14, 2008
UNITED STATES DISTRICT JUDGE

10

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TESTING TECHNOLOGIES INC. and          :   ECF CASE
MG PREP, INC.,                                         :
                                                                       :
                                  Plaintiffs,              :   07 Civ. 7360 (WHP)
                                                                       :
        -against-                                             :
                                                                       :
MO MEDIA, LLC, PAUL OWENS, and  :
JOHN DOES 1-10,                                     :
                                                                       :
                                  Defendants.            :
                                                                       :
------------------------------------------------------------------x

      I, _____, am employed as a _____

by _____ I hereby certify that:

      1.     I have read the Stipulated Protective Order entered in the above-captioned action, and understand its terms.

      2.     I agree to be bound by the terms of the Stipulated Protective Order entered in the above-captioned action. I agree to use the information provided to me only for the purposes of this litigation.

      3.     I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of Court.

      4.     I submit to the jurisdiction of the United States District Court for the Southern District of New York solely for the purpose of enforcing the terms of the Stipulated Protective Order entered in the above-captioned action and freely and

knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

    5.    I make this certificate this \_\_\_\_\_ day of _____, 2008.

_____
(Signature)

_____
(printed name)

_____
(Address and phone number)